RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief, Civil Litigation and Constitutional Defense
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov

*Attorney for Defendant*

# UNITED STATES DISTRICT COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| LAURDES MATSUMOTO, NORTHWEST ABORTION ACCESS FUND, and INDIGENOUS IDAHO ALLIANCE,<br><br>Plaintiff,<br><br>v.<br><br>RAÚL LABRADOR, in his capacity as the Attorney General for the State of Idaho,<br><br>Defendant. | Case No. 1:23-cv-00323-DKG<br><br>**DEFENDANT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION FOR TRO/PRELIMINARY INJUNCTION** |

  Defendant Raúl Labrador, Attorney General, hereby moves to extend his time to respond to Plaintiffs' motion for a temporary restraining order or preliminary injunction against Idaho's Abortion Trafficking Law, Idaho Code § 18-623 [Dkt. 12], by 14 days, from August 14, 2023, to August 28, 2023. The Attorney General requested

DEFENDANT'S MOTION FOR EXTENSION OF TIME – 1

this extension from Plaintiffs to assist in dealing with counsel's competing professional and personal obligations in the month of August. Plaintiffs responded that they would only grant an extension of seven days, and only if the Attorney General agreed on an interim basis to the relief they seek: non-enforcement of the Abortion Trafficking Law. But as set forth below, the Attorney General has no authority to provide that relief because he does not have authority to enforce the law. The Attorney General therefore requests the Court grant a 14-day extension on his briefing deadline for the following reasons.

*First*, there is good cause for an extension given the many competing deadlines in August for lead counsel in the Civil Litigation and Constitutional Defense Division of the Idaho Attorney General's office. In addition to his direct responsibility for this matter, the undersigned counsel also currently has the following obligations in the month of August for which he is directly/primarily responsible:

- **August 4:** preliminary injunction hearing in Idaho district court
- **August 4:** response to motion for TRO in federal district court
- **August 7:** opening brief in Ninth Circuit appeal
- **August 7:** reply in support of a motion to dismiss in federal district court
- **August 9:** hearing on a motion to dismiss in federal district court
- **August 16:** deposition of expert witness
- **August 22:** response to preliminary injunction motion in federal district court

*Second*, an extension is also warranted in light of counsel's personal obligations, which have further complicated his work to meet the above deadlines. One of

counsel's immediate family members is currently hospitalized at St. Luke's and counsel must attend to her there several times a day. A modest extension of 14 days will thus substantially aid counsel both in meeting these deadlines and in continuing to assist in the care of his hospitalized family member.

*Third*, Plaintiffs' refusal of an extension absent non-enforcement of the law is not only unwarranted for a short courtesy extension, but also unfounded, since Plaintiffs have not alleged any facts showing the Attorney General has authority to enforce the law. It is fundamental that county prosecutors, not the Attorney General, have plenary authority to enforce Idaho criminal law. "[T]he primary duty of enforcing all the penal provisions of any and all statutes of this state, in any court, is vested in the sheriff and prosecuting attorney of each of the several counties." Idaho Code § 31-2227. Thus, the Attorney General has issued a formal legal opinion that, absent a referral by a county prosecutor (which has not occurred here), he can enforce the criminal law only with express statutory authority. *See* Formal AG Opinion 23-1, *available at* https://tinyurl.com/4388ffdn; *Newman v. Lance*, 129 Idaho 98, 102, 922 P.2d 395, 399 (1996). And while section 18-623 does grant limited authority to the Attorney General, the conditions for that grant are unmet: the Attorney General has discretion to enforce the law only "if the prosecuting attorney ... refuses to prosecute violations." Idaho Code § 18-623(4); Formal AG Opinion 23-1. Plaintiffs do not allege that any county prosecutor has refused to prosecute a violation of the law. Nor is the Attorney General aware of any prosecutor who has done so. Thus, this statutory

authority has not been triggered, and the Attorney General can neither threaten enforcement against the Plaintiffs nor agree not to enforce.

Based on these circumstances, a modest extension is warranted. A 14-day extension will ensure that this challenge to the validity of Idaho's Abortion Trafficking Law receives adequate briefing by both sides. It will prevent prejudice to the Attorney General. And it will cause no harm to Plaintiffs.

WHEREFORE, the Attorney General respectfully requests that the Court grant him an extension up to July 28, 2023 to respond to Plaintiffs' motion for a temporary restraining order or preliminary injunction.

DATED: July 31, 2023.

                                        STATE OF IDAHO
                                        OFFICE OF THE ATTORNEY GENERAL

                              By: */s/ Lincoln Davis Wilson*
                                        LINCOLN DAVIS WILSON
                                        Chief, Civil Litigation and
                                        Constitutional Defense

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 31, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Wendy J. Olson
wendy.olson@stoel.com

Wendy S. Heipt
wheipt@legalvoice.org

Kelly O'Neill
koneill@legalvoice.org

Jamila A. Johnson
jjohnson@lawyeringproject.org

Paige Suelzle
psuelzle@layeringproject.org

*Counsel for Plaintiffs*

    /s/ *Lincoln Davis Wilson*
LINCOLN DAVIS WILSON
Chief, Civil Litigation and
Constitutional Defense