ROBERT W. FERGUSON
  *Attorney General*
  *State of Washington*

EMMA GRUNBERG, WSBA 54659*
CRISTINA SEPE, WSBA 53609*
  *Deputy Solicitors General*
P.O. Box 40100
Olympia, WA 98504
206-326-5488
emma.grunberg@atg.wa.gov
cristina.sepe@atg.wa.gov

*Pro hac vice

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LOURDES MATSUMOTO, NORTHWEST ABORTION ACCESS FUND, and INDIGENOUS IDAHO ALLIANCE,<br><br>                Plaintiffs,<br><br>        v.<br><br>RAÚL LABRADOR, in his capacity as the Attorney General for the State of Idaho,<br><br>                Defendant. | Case No. 23-cv-00323-DKG<br><br>MOTION FOR LEAVE TO FILE AMICI CURIAE BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER OR, IN THE ALTERNATIVE, A PRELIMINARY INJUNCTION |

## I.   INTRODUCTION

Proposed Amici States request leave to file an amicus brief in support of Plaintiffs' Motion for a Temporary Restraining Order or, in the Alternative, a Preliminary Injunction (ECF No. 12). Plaintiffs seek to enjoin the enforcement of Idaho Code § 18-623, which prohibits adults from "recruiting, harboring, or transporting" a pregnant minor within Idaho for the purpose of procuring an abortion. Idaho's Attorney General has explicitly stated that he interprets the law to apply even to abortions performed outside Idaho's borders, in states where they are lawful. ECF No. 12-5.

Idaho Code § 18-623 will therefore have a significant and immediate impact on Amici States, medical professionals who practice within their borders, and trusted adults who wish to assist pregnant Idahoans in receiving legal abortion care in Amici States. Given these impacts, this Court would benefit from hearing Amici States' perspective on the threatened application of a law to speech and conduct outside of Idaho, which will endanger the timely availability of abortion care in their States. Amici States thus request that this Court grant leave to file the attached amicus brief detailing the federal constitutional and state sovereignty concerns that support granting Plaintiffs' motion and preliminarily enjoining Idaho Code § 18-623.

## II.   IDENTITIES AND INTERESTS OF PROPOSED AMICI

Proposed Amici States are the States of Washington, Arizona, California, Colorado, Connecticut, Delaware, Hawai'i, Illinois, Maine, Maryland, Massachusetts, Minnesota, Nevada, New Jersey, New Mexico, New York, North Carolina, Oregon, and Rhode Island, and the District of Columbia.

Proposed Amici States have important sovereign interests in preserving the authority to regulate activities within their borders, including public health. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 422 (2003). As states that are committed to protecting access to reproductive healthcare, Proposed Amici have an interest in ensuring that patients, including those from other states, can avail themselves of healthcare services that are legal in Amici States. *See Dobbs v. Jackson Women's Health Org.*, 597 U.S. ___, 142 S. Ct. 2228, 2309 (2022) (Kavanaugh, J., concurring) (finding it "not especially difficult as a constitutional matter" to conclude that a

State may not "bar a resident of that State from traveling to another State to obtain an abortion"). These interests include protecting patient access to legal healthcare services, including for patients who are residents of other states, and the ability of residents in Proposed Amici States to counsel and assist patients, including Idaho patients, in doing so.

In addition, Proposed Amici States are themselves providers or administrators of healthcare to many, offering a range of reproductive care, including abortion. Proposed Amici States own and operate public hospital systems, employ healthcare personnel, and license and regulate the many healthcare providers that operate within their jurisdictions. Accordingly, Proposed Amici States have an interest in preventing uncertainties for those healthcare providers that the Attorney General's interpretation and enforcement of Idaho Code § 18-623 may cause.

### III.   ARGUMENT

The district court has broad discretion to appoint amicus curiae. *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). The classic role of amicus curiae is "assisting in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration." *Miller-Wohl Co. v. Comm'r of Labor & Indus.*, 694 F.2d 203, 204 (9th Cir. 1982); *see, e.g.*, *Knox v. U.S. Dep't of Interior*, No. 4:09-cv-162-BLW, 2011 WL 2837219, at *1 (D. Idaho July 9, 2011) (granting tribes' motion to file amicus brief in case involving challenge to tribal gaming compacts with the state). An amicus may not present a "highly partisan" account of the facts, but may take a legal position and present legal arguments in support of that position. *Funbus Sys., Inc. v. State of Cal. Pub. Utils. Comm'n*, 801 F.2d 1120, 1125 (9th Cir. 1986) (denying motion to strike amicus briefing by States of Washington and New Jersey in case involving proper application of Administrative Procedure Act to agency regulation of intrastate motor carrier services). Courts generally consider whether the proposed amici's proffered argument is timely, useful, or otherwise necessary to the effective administration of justice. *Hoptowit*, 682 F.2d at 1260.

This Court should grant leave for the proposed Amici States to file an amicus brief in support of Plaintiffs' motion for a temporary restraining order or, in the alternative, a preliminary

injunction. Proposed Amici States seek to provide the Court with their position on the application of law to Idaho Code § 18-623—which will, if applied to activity occurring outside of Idaho, inherently impact them, their residents, and their medical providers. More specifically, the proposed amicus brief maintains that Idaho Code § 18-623, as explicitly interpreted by Attorney General Labrador (*see* ECF No. 12-5), threatens to impermissibly criminalize medical providers and trusted adults in Amici States giving care and assistance to Idaho minors accessing abortion care in States where such care is lawful. The brief will also provide the Court with facts about Amici States' policy choices on abortion care, the post-*Dobbs* reality of patients traveling from Idaho to Amici States to receive abortion care, and the harm that could occur to Amici States' healthcare systems, patients, and providers due to enforcement of Idaho Code § 18-623, including the chilling of speech and conduct that is lawful in Amici States.

Because this case indisputably involves issues of public interest and Proposed Amici would provide information and argument "otherwise necessary to the effective administration of justice," *Hoptowit*, 682 F.2d at 1260, the Court should exercise its discretion and allow Proposed Amici to file the attached amicus brief.

### IV.   CONCLUSION

Proposed Amici States respectfully request that this Court grant leave and permit Amici States to submit their proposed amicus brief.

RESPECTFULLY SUBMITTED this 31st day of July, 2023.

> ROBERT W. FERGUSON
>   *Attorney General for the State of Washington*
>
> *s/ Emma Grunberg*
> EMMA GRUNBERG, WSBA 54659*
> CRISTINA SEPE, WSBA 53609*
>   *Deputy Solicitors General*
> PO Box 40100
> Olympia, WA 98504
> 206-326-5488
> emma.grunberg@atg.wa.gov
> cristina.sepe@atg.wa.gov

MOTION FOR LEAVE TO FILE
STATES' AMICUS CURIAE BRIEF – 3

## CERTIFICATE OF SERVICE

I hereby declare that on this day I caused the foregoing document to be electronically filed with the Clerk of the Court using the Court's CM/ECF System, which will serve a copy of this document upon all counsel of record.

DATED this 31st day of July 2023, at Olympia, Washington.

*s/ Stephanie N. Lindey*
Stephanie N. Lindey
  *Paralegal*
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200
Stephanie.Lindey@atg.wa.gov