RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief, Civil Litigation and Constitutional Defense
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov

*Attorney for Defendant*

# UNITED STATES DISTRICT COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| LAURDES MATSUMOTO, NORTHWEST ABORTION ACCESS FUND, and INDIGENOUS IDAHO ALLIANCE,<br><br>Plaintiffs,<br><br>v.<br><br>RAÚL LABRADOR, in his capacity as the Attorney General for the State of Idaho,<br><br>Defendant. | Case No. 1:23-cv-00323-DKG<br><br>**REPLY IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION FOR TRO/ PRELIMINARY INJUNCTION** |

Plaintiffs say that the Court should deny the Attorney General's request for a courtesy 14-day extension on his response time to their motion for TRO/preliminary injunction based on Judge Winmill's intervening decision in *Planned Parenthood Greater Northwest v. Labrador*, 23-cv-00142-BLW. But that decision, to the extent it is relevant, only underscores why an extension is warranted.

REPLY IN SUPPORT OF THE MOTION FOR EXTENSION OF TIME – 1

*First*, Plaintiffs say that, notwithstanding "defense counsel's need to visit his hospitalized family member,[1] Defendant's congested August calendar is the product of Defendant's own litigation tactics," criticizing the Attorney General for having moved to stay Judge Winmill's order pending appeal earlier this week. Dkt. 23 at 2. But respectfully, the Attorney General has little control over when other parties choose to sue the State or over when courts issue decisions on dispositive motions. Judge Winmill's decision this week was no exception. His order required the Attorney General to submit a litigation and discovery plan within 14 days, which necessitated the Attorney General's emergency motion to stay (to which Judge Winmill has now granted expedited treatment). So if anything, the addition of yet another, unexpected deadline to the Attorney General's August calendar, already congested with other proceedings based on filings against the State, provides more, not less, warrant for a modest extension.[2]

*Second*, Plaintiffs say that the threat of enforcement of section 18-623 warrants denying the Attorney General a modest briefing extension. But the nature of that

---

[1] Plaintiffs appear to have misunderstood this matter, which requires counsel to care for, not just visit, his family member. To avoid having to publicly disclose confidential medical information in connection with a routine request for an extension, the Attorney General will clarify those circumstances with the Court and counsel by email.

[2] In addition, Plaintiffs misstate that in *Planned Parenthood*, "Defendant filed multiple declarations, motions, and requests for supplemental briefing *after* the plaintiffs' motion for a preliminary injunction in that case was fully briefed and argued." Dkt. 23 at 3. The additional motions and declarations were not filed by the Attorney General, but by the co-defendant county prosecutors he represents and were submitted in accordance with response deadlines agreed to by the plaintiffs in that matter. It is unremarkable that a complex proceeding naming nearly fifty defendants and involving a dozen or more amici would require multiple briefs and motions.

REPLY IN SUPPORT OF THE MOTION FOR EXTENSION OF TIME – 2

threat is far from clear when Plaintiffs waited months after the enactment of section 18-623 to file this lawsuit, and even longer after that to move to enjoin the law. Certainly they are entitled to do so, but it is strange for them to demand urgency of the Attorney General that they did not require of themselves.

*Third*, Judge Winmill's decision does not support Plaintiffs' claim that allowing the statute to stand "significantly chills Plaintiffs' exercise of fundamental, constitutional rights." Dkt. 23 at 3. And even if Plaintiffs' rights were implicated by the statute in question (a proposition the Attorney General will dispute on the merits), the Attorney General has not and cannot threaten their enforcement because he lacks authority to prosecute section 18-623. That is because, as the Attorney General has stated in a formal opinion, he can enforce the criminal law only upon referral by a county prosecutor or if a statute expressly grants him that authority (authority that has not been triggered here). *See* Formal AG Opinion 23-1; *Newman v. Lance*, 129 Idaho 98, 102, 922 P.2d 395, 399 (1996). Plaintiffs rely on Judge Winmill's decision that the Attorney General was a proper defendant (when named along with county prosecutors), but in so ruling, Judge Winmill never addressed the formal opinion cited above. Not only that, but the Attorney General stated in *Planned Parenthood* that he "neither holds nor defends" the opinion at issue there, *Planned Parenthood*, Dkt, 107 at 1, and that it "is not an opinion that is being enforced." *Planned Parenthood* Tr. at 45–46 (Apr. 24, 2023) (emphasis added). The Attorney General thus respectfully submits that Judge Winmill's order misunderstood his

enforcement authority in that matter. That decision does not support the existence of a threat here that the Attorney General lacks power to make.

*Fourth*, an extension should not be conditioned on the Attorney General stipulating not to enforce of the statute. For one, such interim relief would be improper since it would disturb the status quo, which presumes that a challenged state law will go into or remain in effect. *See Golden Gate Rest. Ass'n v. City & Cnty. of San Francisco*, 512 F.3d 1112, 1116 (9th Cir. 2008). And more important, because the Attorney General currently lacks power to prosecute under the statute, he cannot stipulate against its enforcement. *See* Idaho Code § 31-2227; *Newman v. Lance*, 129 Idaho 98, 102 (1996). This case is distinct from *Planned Parenthood* because *this* statute gives the Attorney General authority only upon specific *refusal* by the county prosecutor. Idaho Code § 18-623. And unlike *Planned Parenthood*, Plaintiffs here have not sued any of the county prosecutors whose action would be required to trigger the Attorney General's authority. Only county prosecutors would have authority to stipulate against enforcement at this time, and the Attorney General has not threatened otherwise. So it makes little sense for Plaintiffs to condition the grant of a 14-day courtesy extension on the Attorney General's relinquishment of authority that belongs to county prosecutors.

In another proceeding involving a high-profile motion for preliminary injunction, Judge Nye granted a similar extension over the opposition of the plaintiffs. *Roe v. Critchfield*, No. 23-cv-00315-DCN, Dkt. 31 (D. Idaho July 20, 2023). The plaintiffs there, unlike this case, cited a specific date by which they needed relief

to avoid purported harm, but Judge Nye explained that his "primary concern … is providing both sides, and itself, adequate time to fairly adjudicate this matter." *Id.* at 4. As in *Roe*, "[t]he issues here are weighty," and it is of great value to have "as much information as possible before [the Court] makes this preliminary, yet critical, decision." *Id.* Thus, for the foregoing reasons and those set forth previously, the Court should grant the Attorney General an additional 14 days to respond to the preliminary injunction motion in this case, up to and including August 28, 2023.

DATED: August 4, 2023.

        STATE OF IDAHO
        OFFICE OF THE ATTORNEY GENERAL

By:   /s/ *Lincoln Davis Wilson*
      LINCOLN DAVIS WILSON
      Chief, Civil Litigation and
      Constitutional Defense

## **CERTIFICATE OF SERVICE**

     I Hereby Certify that on August 4, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

| | |
|---|---|
| Wendy J. Olson<br>wendy.olson@stoel.com | Jamila A. Johnson<br>jjohnson@lawyeringproject.org |
| Wendy S. Heipt<br>wheipt@legalvoice.org | Paige Suelzle<br>psuelzle@layeringproject.org |
| Kelly O'Neill<br>koneill@legalvoice.org | |

*Counsel for Plaintiffs*


        /s/ *Lincoln Davis Wilson*
     Lincoln Davis Wilson
     Chief, Civil Litigation and
     Constitutional Defense