UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LOURDES MATSUMOTO, NORTHWEST ABORTION ACCESS FUND, and INDIGENOUS IDAHO ALLIANCE,<br><br>Plaintiffs,<br><br>v.<br><br>RAÚL LABRADOR, in his capacity as the Attorney General for the State of Idaho,<br><br>Defendant. | Case No. 1:23-cv-00323-DKG<br><br>AMENDED[1] ORDER RE: DEFENDANT'S MOTION FOR EXTENSION OF TIME (DKT. 16) |

**INTRODUCTION**

Before the Court is Defendant's Motion for Extension of Time to file response to Plaintiffs' Motion for Temporary Restraining Order/Preliminary Injunction. (Dkt. 16.) Plaintiffs have filed a response in opposition to the motion, and the matter is ripe. (Dkt. 23, 24.) Having fully reviewed the record, the Court finds the facts and legal arguments

---

[1] This amended order clarifies one issue not addressed in the original order (Dkt. 25), as discussed in footnote two below.

ORDER - 1

are adequately presented in the record. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument the Court will decide the motion based on the record.

## DISCUSSION

Plaintiffs initiated this lawsuit by filing their Complaint on July 11, 2023, contesting the constitutionality of Idaho Code Section 18-623. (Dkt. 1.) They filed their Motion for Temporary Restraining Order (TRO) or, in the alternative, a Preliminary Injunction (PI) on July 24, 2023. (Dkt. 12.) Defendant's response to that motion is due August 14, 2023. Dist. Local Civ. R. 7.1(c).

Here, Defendant requests a fourteen day extension of time to file its response, based on the following: 1) the several competing deadlines of lead defense counsel in this matter and other cases; and 2) personal obligations of defense counsel. Further, Defendant contends that any extension of time should not be conditioned on any agreement to not enforce Idaho Code Section 18-623, as the Idaho Attorney General does not presently have the authority to enforce the statute. (Dkt. 16, 24.) Plaintiffs oppose the requested extension, arguing any additional delay in briefing the motion prejudices them by chilling the exercise of their First Amendment rights and disputing the contention that the Idaho Attorney General is without the authority to enforce the contested statute. (Dkt. 23.) Plaintiffs are, however, amenable to a seven day extension of time if Defendant

ORDER - 2

agrees to not enforce Idaho Code Section 18-623 until the Court issues an order on the pending Motion for TRO/PI.

Having carefully reviewed the parties submissions relevant to the instant motion and the entire record herein, the Court finds good cause has been shown to grant Defendant a fourteen day extension of time to file a response to Plaintiffs' Motion for TRO/PI. Dist. Local Civ. R. 6.1(a). The extension of fourteen days is reasonable given the competing deadlines and personal obligations of defense counsel.[2] Further, the modest extension provides both parties adequate time to fully and fairly present their positions in the briefing, and does not unduly prejudice Plaintiffs. The Court makes no determination at this time concerning the other arguments raised by the parties that go to the merits of the underlying claims for relief.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Motion for Extension of Time (Dkt. 16) is **GRANTED**. Defendant's response to the Motion for Temporary

---

[2] As indicated in the reply brief (Dkt. 24 at p. 2, n. 1), on August 4, 2023, Defendant emailed the Court's law clerk and all counsel to clarify the circumstances of defense counsel's family member who is currently hospitalized. The particulars of those circumstances and the email from defense counsel are not, and will not be, part of the record and, therefore, were not considered by the Court in rendering its decision on the motion for extension of time. The Court's determination that good cause exists to grant the extension of time is based on defense counsel's initial representations of having competing deadlines and an immediate family member in the hospital, coupled with the compelling need to ensure the parties have adequate time to fairly prepare and present their arguments. (Dkt. 16.) The Court fully considered Plaintiffs' arguments and the potential prejudice they may suffer, but ultimately concluded that a fourteen day extension is reasonable and warranted given the circumstances of this case.

ORDER - 3

Restraining Order or, in the alternative, Preliminary Injunction is due on or before **August 28, 2023**.

DATED: August 9, 2023

_____
Honorable Debora K. Grasham
United States Magistrate Judge

ORDER - 4