UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LOURDES MATSUMOTO, NORTHWEST ABORTION ACCESS FUND, and INDIGENOUS IDAHO ALLIANCE,<br><br>Plaintiffs,<br><br>v.<br><br>RAÚL LABRADOR, in his capacity as the Attorney General for the State of Idaho,<br><br>Defendant. | Case No. 1:23-cv-00323-DKG<br><br>ORDER RE: MOTION FOR LEAVE TO FILE AMICI CURIAE BRIEF AND CROSS MOTION FOR LEAVE TO EXCEED PAGE LIMITATIONS (DKTS. 20, 30) |

# INTRODUCTION

Before the Court are a Motion for Leave to File Amici Curiae Brief in support of Plaintiffs' Motion for a Temporary Restraining Order or, in the alternative, a Preliminary Injunction; and Defendant's Non-Opposition to the Proposed Amici's Motion and Cross-Motion for Leave to Exceed Page Limitations. (Dkt. 20, 30.) Having fully reviewed the record, the Court finds the facts and legal arguments are adequately presented in the record. Accordingly, in the interest of avoiding delay, and because the decisional process would not be significantly aided by oral argument, the motions will be decided based on the record.

ORDER - 1

## DISCUSSION

Plaintiffs initiated this lawsuit by filing their Complaint on July 11, 2023, contesting the constitutionality of Idaho Code Section 18-623. (Dkt. 1.) They filed a Motion for Temporary Restraining Order (TRO) or, in the alternative, a Preliminary Injunction (PI) on July 24, 2023. (Dkt. 12.) Defendant's response to that Motion is due August 28, 2023, and Plaintiffs' reply is due fourteen days thereafter. (Dkt. 27); Dist. Loc. Civ. R. 7.1(b)(3).

On July 31, 2023, the Attorney General for the State of Washington, on behalf of nineteen states and the District of Columbia (collectively "Amici States"), filed a Motion for leave to submit an amici curiae brief in support of Plaintiffs' Motion. (Dkt. 20.)[1] Neither Plaintiffs nor Defendant oppose the Amici States' Motion. (Dkt. 30); Dist. Loc. Civ. R. 7.1(c) (the time for filing a response to the Amici States' motion has passed). However, the parties have agreed to and have requested leave to file briefing exceeding the standard page limitations relevant to Plaintiffs' Motion For TRO/PI, so that they can address arguments raised by the Amici States. (Dkt. 30.) Having carefully review the entire record, the Court will grant the Amici States' unopposed Motion to file the proposed amicus curiae brief and the Motion to exceed page limitations. (Dkt. 20, 30.)

---

[1] The Amici States are as follows: Arizona, California, Colorado, Connecticut, Delaware, District of Columbia, Hawai'i, Illinois, Maine, Maryland, Commonwealth of Massachusetts, Minnesota, Nevada, New Jersey, New Mexico, New York, North Carolina, Oregon, Rhode Island, and Washington. (Dkt. 20.) The Amici States have been granted Pro Hac Vice status and have designated local counsel as required under Local Civil Rule 83.4(e). (Dkt. 17.)

ORDER - 2

"The district court has broad discretion to appoint amici curiae." *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), abrogated on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995). District courts may consider amicus curiae briefs from non-parties "concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Macareno v. Thomas*, 378 F.Supp.3d 933, 940 (W.D. Wash. 2019) (quoting *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F.Supp.2d 1061, 1067 (N.D. Cal. 2005)) (internal quotation marks omitted). Amici may be either impartial or interested individuals, whose function is to advise or make suggestions to the court. *See Funbus Sys., Inc. v. Cal. Pub. Utils. Comm'n*, 801 F.2d 1120, 1125 (9th Cir. 1986); *Miller-Wohl Co. v. Commissioner of Labor & Indus.*, 694 F.2d 203, 204 (9th Cir. 1982).

Here, the Amici States have information and perspectives that are distinct from those of the named parties and are relevant to the issues presented in this litigation, which may be useful to the Court in deciding Plaintiffs' Motion for TRO/PI. Accordingly, the Amici States' Motion will be granted. However, the Amici States are not a party to this litigation. *Miller-Wohl Co.*, 694 F.2d at 204 (citing *Clark v. Sandusky*, 205 F.2d 915, 917 (7th Cir. 1953)). The Amici States may not assume the functions of a party and may not initiate, create, extend, or enlarge the issues; participate in oral argument at any hearing; or make additional filings unless granted leave to do so. *Id*.

ORDER - 3

Further, the Court finds the additional pages agreed to and proposed by the parties are appropriate and reasonable under the particular circumstances presented in this case. Dist. Loc. Civ. R. 7.1(a)(2). Accordingly, the Motion for leave to file briefing relevant to Plaintiffs' Motion for TRO/PI that exceeds the page limitations will be granted. (Dkt. 30.)

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED as follows:

1. The Motion for Leave to File Amici Curiae Brief (Dkt. 20) is **GRANTED**. The Amici Curiae brief attached to the motion (Dkt. 20-1) is now part of the record and will be considered by the Court for purposes of deciding Plaintiffs' Motion for Temporary Restraining Order or, in the alternative, a Preliminary Injunction.

2. The Motion for Leave to Exceed Page Limitations (Dkt. 30) is **GRANTED**. Defendant's response to Plaintiffs' Motion for Temporary Restraining Order or, in the alternative, a Preliminary Injunction may be a total of thirty (30) pages. Plaintiffs' reply brief may be a total of seventeen (17) pages.

DATED: August 22, 2023

Honorable Debora K. Grasham
United States Magistrate Judge