

# STATE OF IDAHO
### OFFICE OF THE ATTORNEY GENERAL
## RAÚL R. LABRADOR

# ATTORNEY GENERAL OPINION NO. 23-1

TO:  The Honorable Bruce Skaug
     Idaho House of Representatives
     P.O. Box 83720
     Boise, Idaho 83720-0038

You have requested an opinion from the Attorney General on the Attorney General's authority to prosecute violations of Idaho Code § 18-622. Your request raises important questions of Idaho law in the public interest and therefore this opinion is published as an official opinion of the Idaho Office of the Attorney General.

## QUESTION PRESENTED

What authority does the Idaho Attorney General have to bring prosecutions for criminal abortion under Idaho Code § 18-622?

## ANSWER

The Idaho Attorney General's criminal prosecutorial authority exists only where specifically conferred by statute or upon referral or request by county prosecutors. The Legislature has not granted the Attorney General any authority to prosecute violations of Idaho Code § 18-622. Thus, the Idaho Attorney General may bring or assist in a prosecution under Idaho Code § 18-622 only if specifically requested by a county prosecutor pursuant to an appointment made by a district court under Idaho Code § 31-2603.

EXECUTIVE OFFICE
P.O. BOX 83720, BOISE, IDAHO 83720-0010
TELEPHONE: (208) 334-2400, FAX: (208) 854-8071
LOCATED AT 700 W. JEFFERSON STREET, SUITE 210

EXHIBIT 1

## ANALYSIS

The Attorney General is Idaho's "chief legal officer," but not its chief law enforcement officer. *Newman v. Lance*, 129 Idaho 98, 102, 922 P.2d 395, 399 (1996). Rather, Idaho Code dictates that it is "the policy of the state of Idaho that the primary duty of enforcing all the penal provisions of any and all statutes of this state, in any court, is vested in the sheriff and prosecuting attorney of each of the several counties." Idaho Code § 31-2227. Those elected county prosecutors have plenary criminal enforcement authority to prosecute crimes that occur in their respective jurisdictions and do not answer to the Attorney General. Idaho Code § 31-2604. In fact, while Idaho law previously allowed the Attorney General to "exercise supervisory powers over prosecuting attorneys in all matters pertaining to their duties," *Newman*, 129 Idaho at 102, 922 P.2d at 399, the Legislature struck that provision in 1998, limiting the Attorney General's criminal enforcement authority to the ability to "assist the prosecuting attorney" in each respective county. *State v. Summer*, 139 Idaho 219, 224, 76 P.3d 963, 968 (2003). Even the Governor's authority in the matter is limited to "requir[ing] the attorney general to aid any prosecuting attorney in the discharge of his duties." Idaho Code § 67-802(7). The Governor may not require the Attorney General to assume those duties himself.

The Attorney General's ability to prosecute criminal cases as referrals from county prosecutors comes in two forms. First, when a county prosecutor cannot perform his or her duties, the county prosecutor may refer a case to the Attorney General and move for a court order appointing him as special prosecutor to assume "all the powers of the prosecuting attorney." Idaho Code § 31-2603(a). Second, a county prosecutor who wants to utilize the resources of the Attorney General's Office may seek the appointment of a special assistant Attorney General to prosecute or assist in prosecuting a criminal case. Idaho Code § 31-2603(b). Thus, under Idaho law, the Attorney General has prosecutorial authority only if specifically conferred by the Legislature or if requested by county prosecutors and approved by a state district judge.

I.  **The Legislature Has Not Given the Attorney General Independent Authority to Prosecute Violations of Idaho Code § 18-622.**

The Legislature has conferred prosecutorial authority on the Attorney General to prosecute specific crimes in specific circumstances. For example, the Legislature has granted the Attorney General authority to prosecute violations of criminal law by county elected officials acting in their official capacity. Idaho Code § 31-2002. In addition, the Legislature recently enacted a new law to take effect May 5, 2023 that would give the Attorney General discretion to prosecute violations of Idaho Code § 18-623, but only "if the prosecuting attorney ... refuses to prosecute violations." H.B.

242, § 18-623(4). The Legislature has not granted the Attorney General any such authority to prosecute violations of Idaho Code § 18-622.¹ Thus, the Attorney General has no power to bring independent prosecutions under that statute.

## II. The Attorney General May Prosecute Violations of Idaho Code § 18-622 Only Upon Request by a County Prosecutor.

In the absence of a specific grant of prosecutorial authority, the Attorney General has that power only where his assistance is requested by a county prosecutor. That power is set forth in Idaho statutory law, which gives the Attorney General the "duty," "[w]hen required by the public service, to repair to any county in the state and assist the prosecuting attorney thereof in the discharge of duties." Idaho Code § 67-1401(7). As construed by the Idaho Supreme Court, the Attorney General's authority under this statute is entirely derivative: it exists only if the county prosecutor specifically requests the assistance of the Attorney General via an appointment by the district court under Idaho Code § 31-2603.

The Idaho Supreme Court construed these principles in *Newman*, where it rejected the Attorney General's attempt "to appear in a criminal case and assume control and direction of the case on behalf of the state." 129 Idaho at 99, 922 P.2d at 396. At the time the *Newman* case was decided, Idaho statutory law still gave the Attorney General supervisory authority over county prosecutors. *See id.* Nevertheless, the Idaho Supreme Court relied on the fact that "[t]he legislature has made it the primary obligation of the Prosecutor to enforce the state penal laws" by making it "the policy of the state of Idaho that the primary duty of enforcing all the penal provisions of any and all statutes of this state, in any court, is vested in the sheriff and prosecuting attorney of each of the several counties." 129 Idaho at 103, 922 P.2d at 400. Thus, the Idaho Supreme Court granted a writ "prohibiting the Attorney General from asserting dominion and control over the cases" absent a request by the county prosecutor. 129 Idaho at 104, 922 P.2d at 401.

The Idaho Supreme Court further explained these principles in *Summer*. There, the Court observed that "in 1998 the Legislature deleted the provision allowing the Attorney General to exercise supervisory powers over prosecuting attorneys," which it said "apparently reduc[ed] the authority of the Attorney General in relation to county prosecuting attorneys." 139 Idaho at 224, 76 P.3d at 968. And, in any event, "[e]ven prior to the 1998 amendment ..., *Newman* made it clear that the prosecuting attorney has primary responsibility for the enforcement of state penal

---

¹ The original version of this bill would have given the Attorney General discretion to prosecute violations of Idaho Code § 18-622 as well. *See* H.B. 242, original bill text Feb. 28, 2023. However, those references were removed in subsequent amendments to the bill, which were ultimately passed by the Legislature and signed by the Governor.

laws." *See id.* The Idaho Supreme Court thus reaffirmed that, absent a specific statutory grant of prosecutorial authority, the Attorney General has independent authority to prosecute only upon motion by the county prosecuting attorney under Idaho Code § 31-2603.[2]

Finally, the foregoing limitations on the Attorney General's authority also mean he has no separate referral power. While county prosecutors have statutory power to refer a matter to the Attorney General for prosecution by requesting his assistance and appointment by the district court, *see* Idaho Code §§ 67-1401(7), 31-2603, Idaho law does not grant a reciprocal right to the Attorney General to refer a matter to county prosecutors. In those circumstances, the Attorney General stands in the same shoes as any citizen: he has the right to apprise a county prosecutor of facts that they believe constitute a prosecutable crime that the prosecutor may or may not decide to pursue. So whether it is the Attorney General or any other private citizen who apprises the prosecutor of those matters, it remains within the county prosecutor's discretion to bring charges absent an express referral to the Attorney General and an appointment by the district court. Idaho Code § 31-2603.

## CONCLUSION

For the reasons above, I conclude that the Idaho Attorney General may not bring or assist in a prosecution under Idaho Code § 18-622 unless a county prosecutor specifically so requests and an appointment is made by the district court under Idaho Code § 31-2603.

## AUTHORITIES CONSIDERED

1.  **Idaho Code:**

    H.B. 242, 2023 Legislative Session
    Idaho Code § 18-622
    Idaho Code § 18-623
    Idaho Code § 31-2002
    Idaho Code § 31-2227
    Idaho Code § 31-2603
    Idaho Code § 31-2604
    Idaho Code § 67-802
    Idaho Code § 67-1401

---

[2] The Ninth Circuit's decision in *Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908 (9th Cir. 2004), is immaterial to this analysis, since a federal court's ruling on sovereign immunity under *Ex parte Young*, correct or not, cannot create state-law powers that do not exist under operative state law.

2.  **Idaho Cases:**

    *Newman v. Lance*, 129 Idaho 98, 922 P.2d 395 (1996).
    *Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908 (9th Cir. 2004).
    *State v. Summer*, 139 Idaho 219, 76 P.3d 963 (2003).

    * * * *

Dated this 27th day of April, 2023.

RAÚL R. LABRADOR
Attorney General

Analysis by:

JEFF NYE
Deputy Attorney General