RAÚL R. LABRADOR
ATTORNEY GENERAL

James E. M. Craig, ISB #6365
Acting Division Chief
Civil Litigation and Constitutional Defense
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
james.craig@ag.idaho.gov

*Attorney for Defendant*

# UNITED STATES DISTRICT COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| LAURDES MATSUMOTO, NORTHWEST ABORTION ACCESS FUND, and INDIGENOUS IDAHO ALLIANCE,<br><br>Plaintiffs,<br><br>v.<br><br>RAÚL LABRADOR, in his capacity as the Attorney General for the State of Idaho,<br><br>Defendant. | Case No. 1:23-cv-00323-DKG<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS** |

**INTRODUCTION**

Plaintiffs do not challenge Idaho Code § 18-623 as it exists. In service of a policy argument, Plaintiffs instead make straw man arguments about speech, association, and travel. They do not raise a constitutional challenge to the activity actually prohibited by the statute, ignoring the plain language requiring a specific intent to conceal an abortion from the parent of a minor. States can act to protect the rights of their citizens, including the right of a parent to protect their children from Plaintiffs. *Troxel v. Granville*, 530 U.S. 57, 65–67 (2000). Plaintiffs believe because abortion is legal elsewhere, they can take a minor without a parent's permission or knowledge. This belief does not grant them a constitutional right to interfere with medical decision making for children. They cannot veto Idaho's choice to protect parental rights just because abortion is involved. Claims of vagueness and First Amendment challenges do not give rights to criminals seeking to cart minors off under any other circumstances. The Court should grant the motion to dismiss.

**ARGUMENT**

I. **The Plaintiffs have failed to state a claim.**

   a. **The Plaintiffs' first claim for relief fails, because Idaho Code § 18-623 is not vague.**

When looking at whether a law is vague on its face, "a court should consider the words of the ordinance, interpretations given to analogous statutes, and 'the interpretation of the statute given by those charged with enforcing it.'" *Pinnock v. Int'l House of Pancakes Franchisee*, 844 F. Supp. 574 (S.D. Cal. 1993) (quoting *Grayned v.*

*City of Rockford*, 408 U.S.104, 110 (1972)). Whether Plaintiffs have "difficulty … determining whether certain marginal offenses fall" under the law is not relevant. *United States v. Nat'l Dairy Prods. Corp.*, 372 U.S. 29, 32 (1963). "[T]he more important aspect of vagueness doctrine 'is not actual notice, but … the requirement that a legislature establish minimal guidelines to govern law enforcement.'" *Kolender v. Lawson*, 461 U.S. 352, 358 (1983) (quoting *Smith v. Goguen*, 415 U.S. 566, 574 (1974)). "[P]erfect clarity and precise guidance have never been required even of regulations that restrict expressive activity." *Ward v. Rock Against Racism*, 491 U.S. 781, 794 (1989). A scienter requirement "can mitigate any vagueness in a statute." *Easyriders Freedom F.I.G.H.T. v. Hannigan*, 92 F.3d 1486, 1494 (9th Cir. 1996). The court must also attempt to construe the Abortion Trafficking Ban as constitutional. *I.N.S. v. St. Cyr*, 533 U.S. 289, 299–300 (2001) (superseded by statute on other grounds *Nasrallah v. Barr*, 140 S. Ct. 1683 (2020)).

The terms used in Idaho Code § 18-623 are clear to both the average person and to law enforcement. Plaintiffs' subjective claim of confusion comes from twisting of the statute by separating it into multiple out of context portions to fit the rights they wish to claim are violated. Plaintiffs have not shown any instance in which the words "recruit, harbor, and transport" used have been found unconstitutionally vague. *Or. Firearms Fed. v. Kotek*, ___ F. Supp. 3d ___, 2023 WL 4541027 *55 (D. Or. 2023). Idaho added a specific intent requirement, the intent to "conceal an abortion from the parents or guardian of a pregnant, unemancipated minor." I.C. § 18-623(1). The common use of these terms, and intent requirement, all favor dismissal.

*Kotek* 2023 WL 4541027 at *55. Here, the text gives notice that obtaining an abortion or an abortion inducing drug for an unemancipated minor by recruiting, harboring, or transporting her with the specific intent to conceal the abortion from the minor's parents is prohibited. The words used have well-established meanings, both in dictionaries[1] and in the context of other statutes.[2] They do not entrust undue authority to prosecutors who could *already* prosecute Plaintiffs for "harboring" or "transporting" a minor, regardless of any "back end conduct" in another state. *See* I.C. § 18-1510. Plaintiffs offer no rebuttal to the myriad of cases holding similar statutes constitutional.[3] This too weighs in favor of dismissal. *Kotek*, 2023 WL 4541027 at *55.

Plaintiffs argue that the statute does not give notice of when a person violates the law. Dkt. 37 at 4–5. But there is no infirmity in the "prohib[ition] of acts that occur well before an abortion takes place." *Id.* "[A] statute is not void for vagueness merely because an individual could take affirmative steps to come close to breaking the law." *Kotek*, 2023 WL 4541027 at *55 (citing *Boyce Motor Lines v. United States*, 342 U.S. 337, 340 (1952)). It is not "unfair to require that one who deliberately goes perilously close to an area of proscribed conduct [to] take the risk that he may cross

---

[1] *Recruit*, Merriam Webster's Online Dictionary; *Harbor, id.*; *Transport, id.*
[2] *See e.g.*, 18 U.S.C. § 1591(a)(1); Ind. Stat. 35-42-3.5-1; Mich. Stat. 750.462e; Nev. Stat. 200.464(1).
[3] *See* Dkt 32 at 22 (citing *United States v. Snead*, 2022 WL 17975015 at *4 (4th Cir. 2022); *Alonso v. State*, 228 So.3d 1093, 1101–2 (Ala. Crim. App. 2016); *State v. Scotia*, 146 Ariz. 159, 160 (Ariz. App. 1985) (collecting cases); *State v. Bryant*, 953 So.2d 585, 587 (Fla. App. 2007) (reversing trial court finding "transport" vague).

the line." *Id.* (quoting *Boyce, supra*). A person of ordinary intelligence can understand what is prohibited by I.C. § 18-623.

### b. The Plaintiffs' second claim for relief fails, because Idaho Code § 18-623 does not infringe on the interstate right to travel.

Plaintiffs' difficulty raising a travel claim is that the Abortion Trafficking Ban does not prohibit travel in and of itself. The right to travel, as relevant here, "protects the right of a citizen of one State to enter and to leave another State." *Saenz v. Roe*, 526 U.S. 489, 501 (1999). This is not an unlimited right, for instance "[t]here is no constitutional right to . . . flee the scene of an accident," *California v. Byers*, 402 U.S. 424, 434 (1971) (plur. op.), and this right does not supplant other laws. *Davison v. City of Tucson*, 924 F. Supp. 989, 993 (D. Ariz. 1996) (citing *Tobe v. City of Santa Ana*, 892 P.2d 1145, 1165 (Cal. 1995)).Defendant's own citations support the proposition that the primary objective is to protect parental rights. Dkt. 37 at 7–8. (quoting Rep. Ehardt, "it's *all about* parental permission."). It bears repeating: Plaintiffs can travel in and out of Idaho. Pregnant minors can too. Plaintiffs and minors can still travel together to an abortion appointment. It is not the right of travel that is restricted, but the procurement of an abortion with specific intent to conceal it from the minor's parents.[4]

---

[4] Defendant cited *Matsuo v. United States*, 586 F.3d 1180, 1182–83 (9th Cir. 2009) for the proposition that actual deterrence of travel is a threshold showing for a right to travel claim. On review, Defendant agrees that calling it a threshold showing was error. But Plaintiffs make no better case under a "primary objective" analysis—violating a right to travel requires something other than the legislature acting to protect parental rights.

Plaintiffs cite *Edwards v. California* in support of their claim. Dkt. 37 at 8–9. The express purpose of the law at issue was "to prohibit the transportation of indigent persons across the California border." 314 U.S. 160, 174 (1941). The Court was "not [] called upon to determine anything other than the propriety of an attempt by a State to prohibit the transportation of indigent non-residents into [it]." *Id. Edwards* concerned discrimination against out of state residents. *Edwards* does not stand for the rule that a state cannot bar a minor from getting in a car with a stranger for a medical procedure, let alone an abortion. *Crandall v. Nevada* 73 U.S. 35 (1867) is further remote: a tax on *all* movement, *regardless* of purpose or specific intent, impedes travel. Extending *Crandall* and *Edwards* for the proposition that states cannot bar private acts that violate a fundamental right is unsupported.[5] *See Madsen v. Women's Health Ctr.*, 512 U.S. 753, 776 (1994). Whether any "back end" conduct is illegal is irrelevant—and in this case, Plaintiffs' front-end conduct is also illegal. *See* I.C. §§ 18-1509, 18-1510, 18-4506, 16-1605. The interstate travel claim fails.

### c. The Plaintiffs' third claim for relief fails because Idaho Code § 18-623 does not infringe on the claimed intrastate right to travel.

As for intrastate travel, Plaintiffs argue that the State raises only the lack of a right to intrastate travel in the Ninth Circuit as a rationale for dismissal of that claim. Dkt. 37 at 12. While lack of legal foundation for a claim *is* a good reason for

---

[5] Similarly unsupported are Plaintiffs' bare legal conclusions that their travel is hindered or that the Abortion Trafficking Ban was intended to hinder travel. Bare assertions are not before the Court on a Motion to Dismiss. *Ashcroft*, *infra*. Plaintiff's "additional support" does the opposite – the quotes highlight the Act's purpose is to protect parents' rights, not impede travel. *See* Dkt. 37 at 7–8.

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS – 5

dismissal, *see Sabra v. Maricopa Cnty. Comm. Coll. Dist.*, 44 F.4th 867, 893 (9th Cir. 2022), it is not the only one here. Plaintiffs' claims fail because it is not travel that is burdened, it is procurement of an abortion by, among other things, transporting the minor with a specific intent—to conceal an abortion from a minor's parents. As for Plaintiffs' argument that "impact" on travel is sufficient to state a claim, Dkt. 37 at 5, 10 n.4, this is at odds with the weight of caselaw. *See e.g.*, *Miller v. Reed*, 176 F.3d 1202, 1205 (9th Cir. 1999, *see also Matsuo*, 586 F.3d at 1183 ("[N]ot everything that deters travel burdens the fundamental right to travel.").

### d. The Plaintiffs' fourth claim for relief fails because Idaho Code § 18-623 does not infringe on Plaintiffs' First Amendment Rights.

The challenged statute regulates conduct, or at most, speech incident to criminal conduct, and is therefore permissible.[6] Plaintiffs say their conduct is expressive. But this is not enough to challenge the constitutionality of a statute. As the Idaho Supreme Court held, "[t]he freedom of association protected by the First Amendment does not extend to joining with others for the purpose of depriving third parties of their lawful rights." *Id.* at 424 (quoting *Madsen v. Women's Health Ctr.*, 512 U.S. 753, 776 (1994)). In this case, recruiting an unemancipated pregnant minor to obtain an abortion with the specific intent to conceal that abortion from those who have the

---

[6] Plaintiffs argue that reliance on an argument raised in opposition to a preliminary injunction motion to prevail on a motion to dismiss is inappropriate. Dkt. 37 at 3–4. The same reasons that render Plaintiffs unlikely to succeed on the merits render their claims susceptible to a motion to dismiss: a legally meritless claim cannot bring either preliminary or permanent relief. F.R.C.P. 12(b)(6); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

right to supervise and direct the medical treatment of the minor deprives parents of their rights and is rightfully criminalized. *State of Idaho v. Manzanares*, 152 Idaho 410, 425, 272 P.3d 382, 397 (Idaho 2012). Harboring children without their parents' authority is already criminalized under I.C. § 18-1510. Moreover, a parent has the right to control medical treatment that minors receive. *Parham v. J.R.*, 442 U.S. 584, 602 (1979); *Wallis v. Spencer*, 202 F.3d 1126, 1142 (9th Cir. 2000). This claim fails.

## II. Plaintiffs lack standing.

Plaintiffs' response highlights exactly why the Court should grant the Motion: when pressed to respond with specific facts demonstrating a concrete and particularized injury, Plaintiffs take portions of the statute out of context and assert mere legal conclusions. The Court considers only well pleaded allegations before it, *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009), and need not accept Plaintiffs' misrepresentation of what the Act does and does not do. The Ninth Circuit requires Plaintiffs to plead "a concrete plan to violate" Idaho law "by giving details . . . such as when, to whom, where, or under what circumstances," they will violate the law.[7] *Lopez v. Candaele*, 630 F.3d 775, 787 (9th Cir. 2010) (cleaned up); *see* Dkt. 35-1 at 8; *see also Thomas v. Anchorage Equal Rts. Comm'n,* 220 F.3d 1134, 1139 (9th Cir. 2000) (quoting *San Diego Cnty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996)). Plaintiffs

---

[7] Granted, they *do* appear to plead past violations or proposed violations of laws prohibiting interference with various laws protecting children—but they do not challenge these. *Compare* I.C. §§ 18-1509, 18-1510, 18-4506, 16-1605 *with* Dkt. 1 at ¶¶ 41-42, 51, 55, 57.

give none of these details. Because Plaintiffs do not plead a specific plan to violate the law, they lack a credible fear of enforcement: and standing.

Plaintiffs cite statements in their complaint that they say allege an injury. Dkt. 37 at 5–6, 15–16. But merely stating *pro forma* that one is injured, or assuming one will violate the law by performing a specific act are both mere legal conclusions, insufficient to withstand a motion to dismiss. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Plaintiffs nowhere identify a plan to violate the statute by recruiting, harboring, or transporting a specific minor *with the specific intent to conceal*. *Lopez*, 630 F.3d at 787. Despite citing *Tingley v. Ferguson* 47 F.4th 1055 (9th Cir. 2022) for the rule that a plaintiff may have standing where she has violated the law in the past, Plaintiffs do not allege—even as a legal conclusion—that they have. *Tingley*, 47 F.4th at 1067–68 (Plaintiff had practiced therapy now prohibited by Washington). No scienter is pled, and without this key allegation, Plaintiffs' complaint is hypothetical.

Absent something more than the most general allegations about past conduct, Plaintiffs must indeed plead "when, to whom, where, or under what circumstances" Plaintiffs would violate the challenged Act—*Tingley* distinguished *Thomas*, it did not overrule it. *Id.* at 1068 (quoting *Thomas*, 220 F.3d at 1139). Plaintiffs nowhere plead this specific intent to conceal from the parents in the future, and rest upon a mere maybe desires to violate the law "some day." *Lopez.*, 630 F.3d at 787–88 (quoting *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000)). Plaintiffs nowhere plead a specific threat of enforcement. While Plaintiffs persistently urge their sincerely held beliefs, including that the challenged Act harms their

advocacy in some way, Dkt. 37 at 2, "standing is not measured by the intensity of the litigant's interest or the fervor of his advocacy." *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 486 (1982). With only a hypothetical intent to violate the law (although not the law as worded in Idaho Code § 18-623), Plaintiffs have no credible fear of enforcement, and no injury.

For this same reason, the two organizational Plaintiffs lack standing. For organizational standing, Plaintiffs need to "include at least one member with standing to present, in his or her own right, the claim . . . pleaded by the association," *United Food & Com. Workers Union Local 751 v. Brown Grp., Inc.*, 517 U.S. 544, 555 (1996), and must identify this injured member with specific allegations. *Assoc. Gen. Contractors of Am., San Diego Chapter, Inc. v. Cal. Dep't of Transp.*, 713 F.3d 1187, 1194 (9th Cir. 2013). Plaintiffs do not plead that any member has standing to present the claims of their associations, and so they cannot meet this test.

The Ninth Circuit has also held that an organization has standing to sue on a showing that "it shows a drain on its resources from both a diversion of its resources and frustration of its mission," *Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1018 (9th Cir. 2013) (quoting *Fair Hous. Council of San Fernando Valley v. Roommate.com, LLC*, 666 F.3d 1216, 1219 (9th Cir. 2012)). However, Plaintiffs allege only an "unconstitutional statute interfere[ing] with the way a plaintiff would normally conduct its affairs." Dkt. 37 at 16 (citing *Valle del Sol*, 732 F.3d at 1015). But this test concerns *Valle Del Sol*'s discussion of *an individual* plaintiff's standing. *Id.* Having pled neither injury on behalf of an identified member as in *Summers v. Earth Island Inst.*,

555 U.S. 488, 498–99 (2009), nor alleging diversion as in *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 378–79 (1982), neither Plaintiff organization may bring a claim.

### a. The Attorney General is not a proper party.

Suit against the Attorney General is barred under the Eleventh Amendment where he has no enforcement authority under present conditions. Here, Idaho Code § 18-623 provides the Attorney General with limited authority to prosecute the statute in situations in which a county prosecutor in all circumstances refuses to enforce the law, a situation that the Plaintiffs have not alleged. This is clearly meant to defeat prosecutorial nullification, not provide a free hand to pursue investigations as the office deems fit under any circumstance as Plaintiffs argue. Dkt. 37 at 19. Further, the Defendant need not relitigate *Wasden*—it is factually distinguishable since the Attorney General has disavowed his authority to *sua sponte* prosecute without a direct grant of authority from the legislature or being requested by a county prosecutor and appointed by the district court. *Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908, 919–20 (9th Cir. 2004); Att'y Gen. Op. 23-1. Therefore, the Attorney General lacks a connection to the law under *Ex parte Young*, 209 U.S. 123, 155–56 (1908).

## CONCLUSION

The Court should grant the Motion to Dismiss.

DATED: October 17, 2023

        STATE OF IDAHO
        OFFICE OF THE ATTORNEY GENERAL

    By:   /s/ *James E. M. Craig*
        JAMES E. M. CRAIG
        Acting Division Chief
        Civil Litigation and Constitutional Defense

# CERTIFICATE OF SERVICE

I Hereby Certify that on October 17, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Cristina Sepe
cristina.sepe@atg.wa.gov

Emily A MacMaster
emacmaster07@gmail.com
emily@macmasterlaw.com

Emma Grunberg
emma.grunberg@atg.wa.gov

Wendy Olson
wendy.olson@stoel.com
docketclerk@stoel.com
emina.hasonovic@stoel.com
hillary.bibb@stoel.com
karissa.armbrust@stoel.com
kelly.tonikin@stoel.com
tracy.horan@stoel.com

Jamila Asha Johnson
jjohnson@lawyeringproject.org

Kelly O'Neill
koneill@lagalvoice.org

Paige Butler Suelzle
psuelzle@lawyeringproject.org

Wendy S. Heipt
wheipt@legalvoice.org

*Counsel for Plaintiffs*

By: /s/ *James E. M. Craig*
James E. M. Craig