UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LOURDES MATSUMOTO, NORTHWEST ABORTION ACCESS FUND, and INDIGENOUS IDAHO ALLIANCE, | Case No. 1:23-cv-00323-DKG |
| Plaintiffs, | MEMORANDUM DECISION AND ORDER |
| v. | |
| RAÚL LABRADOR, in his capacity as the Attorney General for the State of Idaho, | |
| Defendant. | |

## INTRODUCTION

Before the Court is Defendant's Motion to Dismiss. (Dkt. 35.) The motion is fully briefed. (Dkt. 37, 39.) Having carefully reviewed the submissions and the entire record, the Court finds the facts and legal arguments relevant to Defendant's Motion to Dismiss are adequately presented in the record. Accordingly, in the interest of avoiding delay, and because the decisional process would not be significantly aided by oral argument,

Defendant's Motion will be decided based on the record. For the reasons explained

below, the Court will grant in part and deny in part Defendant's Motion.[1]

## BACKGROUND

In this lawsuit, Plaintiffs contest the constitutionality of Idaho's criminal abortion

trafficking statute, Idaho Code Section 18-623. (Dkt. 1.)[2] The statute provides that: "[a]n

adult who, with the intent to conceal an abortion from the parents or guardian of a

pregnant, unemancipated minor, either procures an abortion, as described in Section 18-

604, Idaho Code, or obtains an abortion-inducing drug for the pregnant minor to use for

an abortion by recruiting, harboring, or transporting the pregnant minor within this state

commits the crime of abortion trafficking." Idaho Code § 18-623(1). The offense is

punishable by imprisonment for no less than two years and no more than five years.

Idaho Code § 18-623(5). The statute allows for an affirmative defense where a parent or

guardian of the pregnant minor consented. Idaho Code § 18-623(2). It is not an

affirmative defense "that the abortion provider or the abortion-inducing drug provider is

located in another state." Idaho Code § 18-623(3). The statute was signed into law by

---

[1] The parties have consented to proceed before a United States Magistrate Judge in this matter pursuant to 28 U.S.C. § 636(c)(1) and Local Civil Rule 72.1(a)(1). (Dkt. 26.)

[2] The statute will be referred to by the title used in Idaho Code Section 18-623 – "abortion trafficking."

MEMORANDUM DECISION AND ORDER - 2

Idaho Governor Brad Little on April 5, 2023, and went into effect May 5, 2023 due to its emergency clause.[3]

On July 11, 2023, Plaintiffs Lourdes Matsumoto, Northwest Abortion Access Fund, and Indigenous Idaho Alliance (collectively Plaintiffs) filed this action under 42 U.S.C. Section 1983 against Defendant Raúl Labrador, in his official capacity as the Attorney General for the State of Idaho. (Dkt. 1.) Plaintiffs are an individual and two organizations who provide assistance to pregnant people, including minors, who are located within and outside of Idaho, with accessing legal abortion care.

The Complaint raises four claims challenging Idaho Code Section 18-623. (Dkt. 1.) Claim one asserts the statute is unconstitutionally void for vagueness in violation of Plaintiffs' due process rights protected by the Fourteenth Amendment. Claim two asserts the statute infringes on the Plaintiffs' fundamental right to interstate travel. Claim three asserts the statute infringes on the Plaintiffs' fundamental right to intrastate travel. Claim four asserts the statute infringes on the Plaintiffs' First Amendment rights to freedom of speech, assembly, association, and petition. Plaintiffs seek a declaratory judgment concluding that, among other things, Idaho Code Section 18-623 is unconstitutional, and to enjoin Defendant Labrador from enforcing the statute.

---

[3] The statute was introduced first as House Bill 98, and later amended and reintroduced as House Bill 242. It was codified as Idaho Code Section 18-623 on July 1, 2023.

MEMORANDUM DECISION AND ORDER - 3

On July 24, 2023, Plaintiffs filed a Motion for Temporary Restraining Order or, in the alternative, a Preliminary Injunction. (Dkt. 12.) Defendant filed an opposition to Plaintiffs' Motion. (Dkt. 32.) The Attorney General for the State of Washington, on behalf of nineteen states and the District of Columbia (collectively Amici States), submitted an amici curiae brief in support of Plaintiffs' Motion. (Dkt. 20, 31.) Following a hearing, the Court granted Plaintiffs' Motion and preliminarily enjoined Defendant from enforcing Idaho Code Section 18-623. (Dkt. 40.) On September 12, 2023, Defendant filed the Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), that is presently before the Court. (Dkt. 35.)

## LEGAL STANDARDS

### 1.      Motion to Dismiss Rule 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), an action may be dismissed for lack of subject matter jurisdiction. Challenges to Article III standing are properly raised in a Rule 12(b)(1) motion to dismiss. *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) ("Standing is a threshold matter central to our subject matter jurisdiction."); *Planned Parenthood Arizona, Inc. v. Brnovich*, 172 F.Supp.3d 1075, 1086-87 n. 9 (D. Ariz. 2016).

Motions made under Rule 12(b)(1) may be factual or facial. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A factual attack presents extrinsic evidence disputing the truth of the allegations of the complaint that would otherwise invoke federal jurisdiction, whereas a facial attack challenges that the allegations contained in the complaint are

MEMORANDUM DECISION AND ORDER - 4

insufficient on their face to invoke federal jurisdiction. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Here, Defendant's motion to dismiss presents both factual and facial challenges. *See* (Dkt. 35, 39) (relying on Attorney General Opinion 23-1, dated April 27, 2023, and challenging the pleadings).

For factual challenges, the Court may consider factual information presented outside of the pleading, including affidavits or other evidence, without converting the motion to a motion for summary judgment and need not presume the truthfulness of the allegations in the complaint. *Safe Air*, 373 F.3d at 1039; *White*, 227 F.3d at 1242.[4]

For facial challenges, the allegations in the Complaint are accepted as true and inferences are drawn in favor of Plaintiffs when determining whether the allegations are sufficient to invoke the Court's jurisdiction. *Jones v. L.A. Central Plaza LLC*, 74 F.4th 1053, 1056, n. 1 (9th Cir. 2023); *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013). To survive a Rule 12(b)(1) facial challenge at the pleading stage, the Complaint must "clearly allege facts demonstrating each element" of standing. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

---

[4] The jurisdictional issue presented here is separate from the merits of the case. *See Jones v. L.A. Central Plaza LLC*, 74 F.4th 1053, 1057 n. 2 (9th Cir. 2023) ("Where the jurisdictional issue is separable from the merits of the case," a court presented with a factually-based motion to dismiss "may consider the evidence presented with respect to the jurisdictional issue and rule on that issue, resolving factual disputes if necessary.").

MEMORANDUM DECISION AND ORDER - 5

Additionally, "[i]n determining constitutional standing, 'it is within the trial court's power to allow or to require the plaintiff to supply, by amendment to the complaint or by affidavits, further particularized allegations of fact deemed supportive of plaintiff's standing.'" *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) (quoting *Warth v. Seldin*, 422 U.S. 490, 501 (1975) (in assessing standing, the court may consider "the complaint and any other particularized allegations of fact in affidavits or in amendments to the complaint")); *see also Reeves v. Nago*, 535 F.Supp.3d 943, 950. In doing so, the court "'must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party'" when "'ruling on a motion to dismiss for want of standing.'" *Reeves*, 535 F.Supp.3d at 950 (quoting *Warth*, 422 U.S. at 501 and citing *Confederated Tribes & Bands of Yakama Nation v. Yakima Cnty.*, 963 F.3d 982, 989 (9th Cir. 2020)).

## 2.    Motion to Dismiss Rule 12(b)(6)

Motions made under Rule 12(b)(6) test the legal sufficiency of the allegations underlying the claims made in a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When assessing the sufficiency of a complaint, all well-pleaded factual allegations are taken as true and construed in the light most favorable to the nonmoving party, *Keates v. Koile*, 883 F.3d 1228, 1234 (9th Cir. 2018), and all reasonable inferences are to be drawn in favor of that party as well. *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016). To overcome a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is

MEMORANDUM DECISION AND ORDER - 6

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## DISCUSSION

Defendant moves to dismiss all claims for lack of subject matter jurisdiction and because Plaintiffs' have failed to state plausible claims for relief. (Dkt. 35, 39.) Defendant's subject matter jurisdiction arguments are substantively the same as those raised in response to Plaintiffs' Motion for Preliminary Injunction. (Dkt. 32, 35, 39.) The Court considered and denied Defendant's subject matter jurisdiction assertions in its Order granting a preliminary injunction. (Dkt. 40.) For the reasons stated in the prior Order, Defendant's Motion to Dismiss under Rule 12(b)(1) will be denied.[5] The Court will discuss below Defendant's Motion to Dismiss under Rule 12(b)(6).

Plaintiffs' claims are brought under 42 U.S.C. Section 1983. (Dkt. 1.) To state a claim under Section 1983, Plaintiffs must plead sufficient facts to establish that "(1) the defendant[ ] acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Williams v. California*, 764 F.3d 1002, 1009 (9th Cir. 2014) (quoting *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986)).

---

[5] The Court's Order granting a preliminary injunction is expressly incorporated herein as it considered and discussed the same arguments raised by the parties related to subject matter jurisdiction, justiciability, and the first and fourth claims for relief. (Dkt. 40.)

MEMORANDUM DECISION AND ORDER - 7

1. **Claims One and Four – Vagueness and First Amendment**

Defendant moves to dismiss claims one and four alleging violations of the First and Fourteenth Amendments. These claims were the subject of the Court's Order granting the preliminary injunction. (Dkt. 40.) Defendant's arguments for dismissal under Rule 12(b)(6) contest the merits of the claims and are substantively the same as the arguments raised in response to Plaintiffs' request for an injunction – asserting Idaho Code Section 18-623 is not unconstitutionally vague and does not infringe on Plaintiffs' First Amendment Rights. (Dkt. 32, 35, 39.)

For the reasons discussed in the preliminary injunction decision, the Court finds Plaintiffs have stated plausible claims that Idaho Code Section 18-623 violates their constitutional rights under the First and Fourteenth Amendments. While the standards for a preliminary injunction and Rule 12(b)(6) differ, the reasons underlying the Court's preliminary injunction decision also establish that Plaintiffs' first and fourth claims are based on cognizable legal theories and are supported by sufficient facts. *See Zamani v. Carnes*, 491 F.3d 990, 996-97 (9th Cir. 2007); *accord Ashcroft*, 556 U.S. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Namely, that terms used in Idaho Code Section 18-623 fail to provide fair notice of what conduct is proscribed and invite arbitrary enforcement; and its proscriptions infringe on Plaintiffs' constitutionally protected speech and expression.

MEMORANDUM DECISION AND ORDER - 8

Defendant's arguments challenging the merits of the claims are unavailing on this Motion. "A Rule 12(b)(6) motion tests the legal sufficiency of a claim." *Navarro*, 250 F.3d at 732. "The relevant inquiry ... is not whether the plaintiff has demonstrated a likelihood of success on the merits" but whether "there is no cognizable legal theory or absence of sufficient facts alleged to support a cognizable legal theory." *Zamani*, 491 F.3d 996. The Court will briefly address two of Defendant's contentions.

Defendant asserts the first and fourth claims fail because accepting Plaintiffs' position would invalidate other criminal statutes that use the same terms. (Dkt. 35 at 5.) The fundamental flaw in Defendant's reasoning is that the other statutes he refers to involve transportation of individuals for a <u>criminal</u> purpose; namely, human and sex trafficking. Here, Plaintiffs desire and intent is to assist minors in procuring and obtaining <u>lawful</u> abortions. As Plaintiffs astutely point out: "abortion trafficking is not a thing," because abortion remains legal in states outside of Idaho. (Dkt. 34 at 7-8, and Dkt. 37 at 10-11.) That the abortion trafficking statute criminalizes lawful activity and, even more egregious, proscribes constitutionally protected activity, makes it wholly different from the other criminal statutes Defendant attempts to liken it to.

Defendant further argues that Idaho Code Section 18-623 is not vague because its terms are found in other criminal statutes – "recruiting, harboring, transporting." (Dkt. 39 at 2-3.) That the statute adopts the same words used in other criminal statutes does not mean the words are "clear" in all applications, nor does it automatically render the statute constitutional, as Defendant suggests. (Dkt. 39 at 2.) Just the opposite, the Complaint is

MEMORANDUM DECISION AND ORDER - 9

replete with allegations that are more than sufficient to plausibly claim the statute is unconstitutionally vague and violates Plaintiffs' constitutional rights protected by the First and Fourteenth Amendments. (Dkt. 1 at ¶¶ 60-68, 72, 82-101, 122-132.)

For these reasons, the Court finds Plaintiffs have stated plausible claims under the First and Fourteenth Amendments. Defendant's Motion to Dismiss as to the first and fourth claims in the Complaint will be denied.

### 2. Claim Two – Right to Interstate Travel

The Supreme Court has long-recognized the right to interstate travel. *United States v. Guest*, 383 U.S. 745, 757-58 (1966); *Shapiro v. Thompson*, 394 U.S. 618, 629-30 (1969).[6] The Ninth Circuit has further confirmed that "[t]he constitution guarantees the fundamental right to interstate travel." *Nunez by Nunez v. City of San Diego*, 114 F.3d 935, 944 (9th Cir. 1997) (citing *Shapiro*, 394 U.S. at 629). Thus, where a state law burdens the right to travel, strict scrutiny applies. *Attorney Gen. of N.Y. v. Soto-Lopez*,

---

[6] The right to go from one place to another, including the right to cross state borders while en route, was recognized in *Edwards v. California*, 314 U.S. 160 (1941), and was reaffirmed in *United States v. Guest*, 383 U.S. 745 (1966). *Saenz v. Roe*, 526 U.S. 489, 500-01 (1999) (discussing *Edwards* and *Guest*). In *Edwards*, the court invalidated a state law that impeded the free interstate passage of the indigent. *Id.* In *Guest*, the court "afforded protection to the 'right to travel freely to and from the State of Georgia and to use highway facilities and other instrumentalities of interstate commerce within the State of Georgia.'" *Id.* More recently, one member of the Supreme Court recognized the right to interstate travel applies in the very context presented here. *Dobbs v. Jackson Women's Health Org.*, 142 S.Ct. 2228, 2309 (2022) (J. Kavanaugh concurring) (stating it is "not especially difficult" to conclude that a state may not bar its residents from traveling to another state to obtain an abortion, "based on the constitutional right to interstate travel.").

MEMORANDUM DECISION AND ORDER - 10

476 U.S. 898, 904-905 and n. 4 (1986) (citations omitted); *accord Saenz v. Roe*, 526 U.S. 489, 499 (1999).

The right to travel embraces at least three components: 1) the right to enter one state and leave another; 2) the right to be treated as a welcome visitor rather than an "unfriendly alien" when temporarily present in another state; and 3) the right to be treated equally to native-born citizens when becoming a permanent resident of a state. *Saenz*, 526 U.S. at 500. Only the first component is implicated in this lawsuit - the right to enter one state and leave another. (Dkt. 35 at 4, and Dkt. 37 at 6.)

"A state law implicates the right to travel when it actually deters such travel, …when impeding travel is its primary objective,… or when it uses any classification which serves to penalize the exercise of that right." *Soto-Lopez*, 476 U.S. at 902 (citations and marks omitted); *see also Matsuo v. United States*, 586 F.3d 1180, 1182 n. 2 (9th Cir. 2009) (same). Here, Defendant argues Idaho Code Section 18-623 does not deter or prevent Plaintiffs from entering or leaving the state and, therefore, the second claim for relief is not plausible as a matter of law. (Dkt. 35 at 4-5.) Plaintiffs maintain the statute's predominate purpose and effect impedes and deters interstate travel and, therefore, they have stated a plausible claim. (Dkt. 37 at 7-10.) Construing the factual allegations as true, the Court finds Plaintiffs have stated a plausible claim for relief.

The Complaint alleges Idaho Code Section 18-623 unreasonably burdens Plaintiffs' right to enter and leave a state; was enacted to restrict the travel of both Plaintiffs and the pregnant minors they serve; and deters travel, including travel by

MEMORANDUM DECISION AND ORDER - 11

Plaintiffs who seek to assist pregnant minors. (Dkt. 1 at ¶¶ 73-75, 79, 105-107.) Plaintiffs allege they fear prosecution under Idaho Code Section 18-623 for traveling with a pregnant minor from Idaho to another state, which has chilled their constitutionally protected conduct. (Dkt. 1 at ¶¶ 108-109.)

The legislative materials quoted in the Complaint are evidence going to show that Idaho Code Section 18-623 was enacted for the purpose of prohibiting and deterring interstate travel. (Dkt. 1 at ¶¶ 12, 13, 75.) The quoted statements in the materials initially represent that the statute is a "parents' rights bill," and insist it "does not impair interstate travel." (Dkt. 1 at ¶¶ 12, 13.)[7] However, the remainder of the statements quite clearly demonstrate that the statute's intended purpose is to impede interstate travel, stating: "this does have to do with abortion trafficking and that would be…taking a minor from Idaho and trafficking that minor to another state to receive an abortion," and "[HB 242] seeks only to prevent unemancipated minor girls from being taken across state lines for an abortion without the knowledge and consent of her parent or guardian." (Dkt. 1 at ¶¶ 12, 13.) More than bare conclusions or mere assertions, these statements establish a plausible claim that Idaho Code Section 18-623 was enacted for the purpose of impeding interstate travel. Defendant's arguments to the contrary may be relevant to a later motion, but do

---

[7] The state has a legitimate interest in protecting parent's rights and minors. *See Troxel v. Granville*, 530 U.S. 57, 65 (2000). That interest is not at issue on this Motion, however.

not defeat the plausibility of the claim stated in the Complaint for purposes of this

Motion. (Dkt. 39 at 4) (arguing the statute is intended to protect parental rights).

Further, Plaintiffs have plausibly alleged that the statute facially impedes and

deters their right to interstate travel by unreasonably burdening their ability to enter and

leave the state, and by criminalizing travel to another state with a pregnant minor to

procure or obtain lawful abortion services. (Dkt. 1 at ¶¶ 72, 79, 103-105, 107-109.) For

example, Idaho Code Section 18-623 plainly prohibits adults from transporting a

pregnant minor to procure an abortion or obtain an abortion inducing drug. Plaintiffs

allege the statute prevents them from traveling within Idaho to reach a state where

abortion is lawful and has deterred Plaintiffs' travel in to and out of Idaho with a pregnant

minor. (Dkt. 1 at ¶¶ 73-74.) Plaintiffs further allege the vagueness of the statute has

deterred and chilled them from traveling with minors to procure legal abortion services.

(Dkt. 1 at ¶¶ 30, 42-44, 71-73, 108.) The Court finds these allegations state a plausible

claim of infringement on Plaintiffs' right to interstate travel.

### 3.  Claim Three – Right to Intrastate Travel

The third claim for relief alleges Idaho Code Section 18-623 unreasonably

burdens, impermissibly restricts, and deters Plaintiffs' right to intrastate travel and

freedom of movement. (Dkt. 1 at ¶¶ 115, 116, 117.) Plaintiffs state they have in the past

assisted pregnant minors with obtaining lawful abortion care by driving the minor

wherever they need to go, which necessarily requires traveling on public roads within

Idaho. (Dkt. 1 at ¶¶ 41, 42, 116-119.) Plaintiffs allege they desire to continue these activities but fear prosecution under the statute. (Dkt. 1 at ¶¶ 26, 115, 118-119.)

This claim appears to arise from the substantive Due Process Clause of the Fourteenth Amendment, which provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. AMEND. XIV, § 1.[8] To plead a substantive due process violation, a plaintiff must allege facts showing a government deprivation of a protected life, liberty, or property interest in a manner that "shocks the conscience" or "interferes with rights implicit in the concept of ordered liberty." *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998). Here, Plaintiffs have not satisfied the threshold requirement of showing a liberty interest protected by the Constitution. *Id.; Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006).

Unlike the right to interstate travel, "neither the Supreme Court nor the Ninth Circuit has recognized a constitutional right to intrastate travel." *Mendoza v. Garrett*, 358 F.Supp.3d 1145, 1173 (D. Or. 2018) (citing *Nunez ex rel.*, 114 F.3d at 944 n.7; *Mem'l Hosp. v. Maricopa Cty.*, 415 U.S. 250, 255-56 (1974) (declining to decide whether the

---

[8] The Complaint does not expressly identify the constitutional provision that Plaintiffs allege is the source for the right to intrastate travel claim. However, the allegations and federal caselaw cited in the Complaint in relation to the right to travel or freedom of movement claim are based on the Fourteenth Amendment's substantive due process clause. (Dkt. 1 at ¶¶ 69-81, 113-119.) Yet, some of the allegations supporting the claim appear to arise from other sources: right to access to public roads and highways, and the First Amendment. (Dkt. 1 at ¶¶ 115, 119.) To the extent the claim arises from a basis different from substantive due process, the Court finds the allegations in the Complaint lacks sufficient definiteness to plead a plausible claim for violation of a right to intrastate travel.

MEMORANDUM DECISION AND ORDER - 14

Constitution guarantees the fundamental right of intrastate travel)); *see also Potter v. City of Lacey*, 46 F.4th 787, 800 (9th Cir. 2022) (J. Bennett dissenting) (same).

Other Circuits are split on whether there is a federal constitutional right to intrastate travel. *Ramos v. Town of Vernon*, 353 F.3d 171, 176 (2d Cir. 2003) (finding a right to intrastate travel or the right to free movement under the Equal Protection Clause); *Johnson v. City of Cincinnati*, 310 F.3d 484, 493-98 (6th Cir. 2002) (holding the Constitution protects a right to travel locally); *Lutz v. City of York*, 899 F.2d 255, 267 (3d Cir. 1990) (holding the Due Process Clause protects the right to intrastate travel); *McCraw v. City of Oklahoma City*, 973 F.3d 1057, 1080-81 (10th Cir. 2020) (acknowledging other circuits have found a fundamental right to freedom of movement, but concluding the fundamental right to freedom of movement applies only to interstate travel); *Hammel v. Tri-County Metro. Transp. Dist. of Or.*, 955 F.Supp.2d 1205, 1210 (D. Or. 2013) (citing cases). District Courts in the Ninth Circuit have declined to recognize a right to intrastate travel. *Disbar Corp. v. Newsom*, 508 F.Supp.3d 747, 753 (E.D. Cal. 2020) (declining to find a fundamental right to travel within the community); *Hammel*, 955 F.Supp.2d at 1210; *Daly v. Harris*, 215 F.Supp.2d 1098, 1114 (D. Haw. 2002); *Klock v. Cain*, 813 F.Supp. 1430, 1433 (C.D. Cal. 1993); *Fruitts v. Union Cty.*, No. 2:14-cv-00309-SU, 2015 WL 5232722, at *6 (D. Or. Aug. 17, 2015) (finding no constitutional right to intrastate travel and that district courts in the Ninth Circuit have "refused to expand" the constitutional interest in interstate travel to include such a right under the due process clause).

MEMORANDUM DECISION AND ORDER - 15

Nevertheless, Plaintiffs ask this Court to recognize the right to intrastate travel or freedom of movement as a fundamental right, and to find that Idaho Code Section 18-623 unconstitutionally infringes upon that right. (Dkt. 1 at 23-24, n. 26.) The Court respectfully declines Plaintiffs' invitation.

Courts are cautioned to "exercise the utmost care" when asked to expand the substantive due process liberty protections. *Brittain*, 451 F.3d at 990-91; *Nunez*, 147 F.3d at 871 n. 4 (citing *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992) ("[T]he Court has always been reluctant to expand the concept of substantive due process because guideposts for responsible decisionmaking in this unchartered area are scarce and open-ended.")); *Willis v. Town of Marshall, N.C.*, 426 F.3d 251, 265 (4th Cir. 2005) (declining to decide whether the rights to intrastate travel or accessing a public forum are fundamental rights, as courts "must be reluctant to expand the concept of substantive due process."). While the Court does not find Plaintiffs' intrastate travel claim is brought in bad faith or frivolous given the caselaw from other Circuits, there is simply no authority in this Circuit at this time upon which to recognize a liberty interest in the right to intrastate travel, let alone a fundamental right. For this reason, the Court will grant Defendant's Motion and will dismiss the third claim for relief. The dismissal will be without prejudice and subject to a motion for leave to amend if new authority or a different basis exists upon which the claim can be plausibly stated. Fed. R. Civ. P. 15(a)(2), 41(b).

MEMORANDUM DECISION AND ORDER - 16

The Court notes that the Complaint cites one Idaho case in support of the intrastate travel claim: *Adams v. City of Pocatello*, 416 P.2d 46, 48 (Idaho 1966). (Dkt. 1 at ¶¶ 76, 115.) There, the Idaho Supreme Court stated: "[t]he right to operate a motor vehicle upon the public streets and highways is not a mere privilege. It is a right or liberty, the enjoyment of which is protected by the guarantees of the federal and state constitutions." *Adams*, 416 P.2d at 48 (citing cases).

Where "a violation of state law causes the deprivation of a right protect by the United States Constitution, that violation may form the basis for a Section 1983 action." *Lovell ex rel. Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370 (9th Cir. 1996). "However, Section 1983 limits a federal court's analysis to the deprivation of rights secured by the federal 'Constitution and laws.'" *Lovell*, 90 F.3d at 370 (quoting 42 U.S.C. § 1983). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." *Id.* at 370-71. As discussed above, the Ninth Circuit and the Supreme Court do not presently recognize a right to intrastate travel protected by federal law. Thus, to the extent Plaintiffs' third claim for relief is based on state law, it is not redressable under Section 1983.

Further, Idaho courts have recognized the right found in *Adams* is subject to reasonable regulation, and have applied a rational basis standard of review. *Adams*, 416 P.2d at 48; *State v. Wilder*, 67 P.3d 839, 841 (Idaho Ct. App. 2003) (asking whether the driver's license requirement is a reasonable regulation in furtherance of the state's police

MEMORANDUM DECISION AND ORDER - 17

power); *Gordon v. State*, 697 P.2d 1192, 1193 (Idaho Ct. App. 1985) (finding vehicle registration requirement is reasonably related to a legitimate state interest). Thus, even if Idaho recognizes an intrastate right to travel, it is not a fundamental right subject to strict scrutiny as Plaintiffs seek here.

## ORDER

THEREFORE IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (Dkt. 35) is **GRANTED IN PART AND DENIED IN PART**. The Motion is granted as to the third claim for relief, which is **DISMISSED WITHOUT PREJUDICE**. The Motion is denied as to the first, second, and fourth claims for relief.

DATED: November 8, 2023

Honorable Debora K. Grasham
United States Magistrate Judge