RAÚL R. LABRADOR
ATTORNEY GENERAL

JOSHUA N. TURNER, ISB #12193
Acting Solicitor General

JAMES E. M. CRAIG, ISB #6365
Acting Division Chief, Civil Litigation
and Constitutional Defense
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
josh.turner@ag.idaho.gov
james.craig@ag.idaho.gov

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| LOURDES MATSUMOTO, NORTHWEST ABORTION ACCESS FUND, and INDIGENOUS IDAHO ALLIANCE,<br><br>     Plaintiffs,<br><br>v.<br><br>RAÚL LABRADOR, in his capacity as the Attorney General for the State of Idaho,<br><br>     Defendant. | Case No. 1:23-cv-00323-DKG<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO STAY INJUNCTION PENDING APPEAL** |

### INTRODUCTION

On November 8, 2023, this Court issued two decisions. The first decision, Dkt. 40, granted the Plaintiffs' Motion for Preliminary Injunction and enjoined the Attorney General from enforcing Idaho Code § 18-623. The second decision, Dkt. 41, granted in part and denied in part the Attorney General's motion to dismiss. The Court dismissed the third claim of relief without prejudice but

denied the Attorney General's motion related to the remaining claims.  Among other reasons, the Attorney General opposed the Motion for Preliminary Injunction, and asked the Court to grant his Motion to Dismiss, because the Eleventh Amendment to the U.S. Constitution grants the Attorney General immunity from suit.  Dkt. 32 at 25; Dkt. 35-1 at 11.  On November 22, 2022, the Attorney General filed a notice of appeal, appealing the Court's decision granting the preliminary injunction and appealing the Court's decision finding that the Attorney General is not immune from suit under the Eleventh Amendment.  The appeal of the Court's decision regarding the Eleventh Amendment immunity issue divests this Court of jurisdiction to conduct further proceedings.  *See Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992); *Christian v. Commonwealth of the N. Mariana Islands*, No. 1:14-CV-00010, 2016 WL 406340, at *2 (D.N. Mar. Is. 2016) (holding that when a state "files its interlocutory appeal" of a decision denying Eleventh Amendment Immunity, "that action 'divests the district court of jurisdiction to proceed with trial.'" (quoting *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992)).

The Attorney General now requests that the Court stay its decision granting the Motion for Preliminary Injunction pending his appeal of the Court's decisions. Even though the appeal of the Eleventh Amendment immunity issue divests the Court of authority to conduct further proceedings, the Court retains the authority to rule on the Attorney General's Motion to Stay the Injunction Pending Appeal.  F.R.C.P. 62(d).

## ARGUMENT

In determining whether to grant a stay to an order granting a preliminary injunction, courts consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4)

where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).  When the government is a party, the last two factors merge. *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014) (citing *Nken*, 556 U.S. at 435).

## I.   The Attorney General is likely to succeed on the merits on appeal

### A. The Court erred in determining that the *Ex Parte Young* exception to Eleventh Amendment Immunity applies.

First, the Attorney General is likely to succeed on the merits of his Eleventh Amendment Immunity argument.  The U.S. Supreme Court has made it clear that, under the Eleventh Amendment, the Attorney General is immune from suit before the federal courts, which are, of course, courts of limited jurisdiction, unless specific circumstances are present:

> In making an officer of the state a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional, it is plain that such officer must have some connection with the enforcement of the act, or else it is merely making him a party as a representative of the state, and thereby attempting to make the state a party.

*Ex Parte Young*, 209 U.S. 123, 157 (1908).

Thus, the U.S. Supreme Court warned against exactly what the Plaintiffs are doing in this case—suing the Attorney General "as a representative of the state [of Idaho], and thereby attempting to make the state a party."  *Id.*  To sue the State of Idaho, the Plaintiffs must sue the State of Idaho in the courts of the State of Idaho, not the federal court.  *Cf. Planned Parenthood Great NW v. Idaho*, 171 Idaho 374, 400, 522 P.3d 1132, 1158 (Idaho 2023) ("It is neither procedurally improper nor unusual to name the State of Idaho as a party in a case seeking declaratory relief when a constitutional violation is alleged.").

To successfully defeat the Attorney General's claim of immunity, the Plaintiffs must show that the Attorney General's connection to the enforcement of the statute is "fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for

enforcing the challenged provision will not subject an official to suit." *Los Angeles Cnty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992) (citations omitted). In the instant case, the Attorney General's authority to enforce the law is not direct. Rather, the Attorney's General's authority to enforce the law is quite indirect, being dependent upon decisions made by independently elected government officials and situations over which he has no control, which are not currently present, which have not been pled by Plaintiffs, and which may never come to fruition.

The Attorney General has the authority to enforce Idaho Code § 18-623 under only two limited circumstances: 1) "if the prosecuting attorney authorized to prosecute criminal violations of this section refuses to prosecute violations of any of the provisions of this section by any person without regard to the facts or circumstances," Idaho Code § 18-623(4); or 2) a county prosecutor or Board of County Commissioners requests the assistance of the Attorney General *and* the Attorney General is appointed by the district court to assist with the prosecution, Idaho Code §§ 31-2603; 67-1401(7).

The Plaintiffs have not pled or argued that any county prosecuting attorney "refuses to prosecute violations of any of the provisions of this section by any person without regard to the facts or circumstances." Thus, the first circumstance is not present, and the Attorney General has no authority at this time under that provision to prosecute violations of Idaho Code § 18-623. The Court, however, stated in its decision that "the statute challenged in this lawsuit expressly gives the Attorney General the authority, at his sole discretion, to prosecute a person for a criminal violation of the statute if the county prosecutor refuses to do so. Idaho Code § 18-623(4). That provision of the statute plainly vests the Attorney General with the authority to prosecute a person in the absence of the county prosecutor doing so, at his sole discretion." Dkt. 40 at 8. The Court in analyzing this section did not acknowledge the provision of this statute that limits that Attorney General's "sole discretion" to only those situations in which the county prosecutor "refuses to prosecute violations

of any of the provisions of this section by any person without regard to the facts or circumstances." The Attorney General has no authority to second guess a county prosecutor's prosecutorial decision. The Attorney General has no authority to unilaterally decide to prosecute a violation of this section. Rather, first there must be a prosecutor who "refuses to prosecute violations of any of the provisions of this section by any person without regard to the facts or circumstances." If that situation exists, then, and only then, may the Attorney General exercise his discretion to step in to prosecute violations of this section. That situation does not presently exist, and the Court's reliance on that section to defeat Eleventh Amendment immunity was in error.

The second basis for the Attorney General's potential authority is likewise quite limited. The Attorney General's general prosecutorial authority arises *only* when his assistance is requested by the county prosecutor, or the Board of County Commissioners, *and* an Idaho District Court issues an order authorizing him to either assist a prosecutor or exercise the authority of the prosecutor. *See* Idaho Code § 31-2603; *see also* Att'y Gen. Op. 23-1 (available at Dkt. 32-2). Again, the Plaintiffs have not pled, and have not argued, that the Attorney General has been asked by a prosecutor or Board of County Commissioners to assist with any prosecution. Thus, as the facts stand today, and at the time the Complaint was filed, the Attorney General has *no* authority to prosecute violations of Idaho Code § 18-623.

Where the Attorney General's prosecutorial authority depends upon facts and decisions made by independently elected government officials over whom he has no supervisory authority, his authority to enforce the law is indirect and not sufficient to defeat Eleventh Amendment immunity.

For the Plaintiffs to succeed in defeating the Attorney General's claim of immunity, in addition to the direct connection from the Attorney General to the enforcement of the statute, there must also be a "real likelihood" that the Attorney General will employ his authority "against plaintiffs' interests," otherwise "the Eleventh Amendment bars federal court jurisdiction." *See Long*

*v. Van de Kamp*, 961 F.2d 151, 152 (9th Cir. 1992) ("Absent a real likelihood that the state official will employ his supervisory powers against plaintiffs' interests, the Eleventh Amendment bars federal court jurisdiction.").  Given the lack of independent authority to prosecute violations of the act, this "real likelihood" that the Attorney General will employ his authority against the Plaintiffs' interests is absent, and therefore "the Eleventh Amendment bars federal court jurisdiction." *Id.*

The Court, however, relied on *Planned Parenthood v. Wasden*, 376 F.3d 908 (9th Cir. 2004), in rejecting the Attorney General's claim of immunity.  *See* Dkt. 40 at 7-8.  In *Wasden*, the Ninth Circuit held that the direct connection required to meet the *Ex Parte Young* exception existed because "the attorney general may in effect deputize himself … to stand in the role of a county prosecutor, and in that role exercise the same power to enforce the statute the prosecutor would have. That power demonstrates the requisite causal connection for standing purposes."  *Wasden*, 376 F.3d at 920. However, as made clear by the above discussion, the Attorney General has *no* authority to deputize himself to prosecute violations of Idaho Code § 18-623.  As discussed above, in order to prosecute violations, the Attorney General must either, in effect, be deputized by the county prosecutor, or a county prosecutor must make an attempt at prosecutorial nullification by refusing to prosecute any violations of the statute regardless of the facts of the case.  If either of those two situations were present, then the *Ex Parte Young* exception might apply.  But, those situations are not present, and therefore that exception does not apply.  As such, the Eleventh Amendment provides immunity to the Attorney General, and he is likely to succeed on the merits of his appeal.

###### B.  The Court erred in finding that the Plaintiffs have standing and that they are likely to succeed on the merits of their constitutional First Amendment and Fourteenth Amendment claims.

The Court also erred in finding that the Plaintiffs have standing and that they are likely to succeed on the merits of their constitutional arguments.  For standing, the Court erred in finding,

among other things, that the Plaintiffs have suffered an injury in fact at the hands of the Attorney General in that the Plaintiffs have not successfully pled a credible fear of prosecution given that the Attorney General, under the facts pled in the Complaint and as the facts that exist at this time, lacks the authority to prosecute violations of Idaho Code § 18-623.

Further, the Court erred in finding that "Idaho Code § 18-623 is a content-based regulation of protected speech and expression," and therefore prohibited by the First Amendment. Dkt. 40 at 44. The Court based this finding on the Court's belief that the statute "plainly regulates expression based on content by restricting adults from engaging in activities that advocate, assist, and communicate information and support about legal abortion options." *Id.* This is not so. Idaho Code § 18-623 prohibits conduct, and specifically conduct which results in a pregnant minor having obtained an abortion or an abortion inducing drug. The defendant must engage in conduct— recruiting, harboring, or transporting the minor child—to violate the statute. The mere fact that speech may be used in recruiting, harboring, or transporting the child is immaterial: "[a]n illegal course of conduct is not protected by the first amendment merely because the conduct was in part carried out by language in contrast to direct action." *United States v. Gilbert*, 813 F.2d 1523, 1529 (9th Cir. 1987).

The Court also erred in finding that Idaho Code § 18-623 is vague under the Fourteenth Amendment. Dkt. 40 at 52. The challenged language—recruiting, harboring, or transporting—is language that is used in dozens, if not hundreds, of trafficking statutes across the country. The Court's finding that it is vague in this case when applied to abortion, specifically trafficking a minor to obtain an abortion with the intent to conceal that abortion from the minor's parents, is more evidence of the U.S. Supreme Court's admonition that *Roe v. Wade*, 410 U.S. 113 (1973) and *Planned Parenthood of Se. Pennsylvania v. Casey*, 505 U.S. 833 (1992) should be overturned, in part, because they

"have led to the distortion of many important but unrelated legal doctrines." *Dobbs v. Jackson Women's Health Org.*, 597 U.S. ___, 142 S.Ct. 2228, 2275 (2022).

## II.   The Attorney General will be irreparably injured absent a stay of the injunction.

The second factor for the Court to consider in determining whether to grant a stay of the injunction pending appeal is whether the Attorney General will be irreparably injured without a stay of the Court's decision.  "The very object and purpose of the 11th Amendment were to prevent the indignity of subjecting a State to the coercive process of judicial tribunals at the instance of private parties." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (quoting *In re Ayers*, 123 U.S. 443, 505 (1887)).  In this case, that is exactly what has happened—the Court has abrogated the Attorney General's Eleventh Amendment Immunity in a situation in which the Attorney General himself has said he has no authority to prosecute the statute in question, subjecting the State of Idaho, through the Attorney General, "to the coercive process of judicial tribunals at the instance of private parties."  *Id.*  Given that the Court's injunction applies only to the Attorney General, and not to any county prosecutor with actual authority to enforce the law, it appears that there is no purpose for the Court's preliminary injunction but to force the Attorney General, and therefore the State of Idaho, to suffer the "indignity" of the "coercive process of judicial tribunals."  Thus, the mere existence of the preliminary injunction against the Attorney General is an irreparable injury that can only be repaired by the Court granting the stay of its injunction pending the appeal.

Further, any "'time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury.'" *Maryland v. King*, 567 U.S. 1301, 1303 (2012) (alterations in original) (quoting *New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1351 (1977) (Rehnquist, J., in chambers)).  Even though the Court's order only applies to

the Attorney General, *see* Dkt. 40 at 58, the Court's order effects an irreparable injury upon the Attorney General and the State of Idaho.

### III. The issuance of the stay will not injure the Plaintiffs, and the public interest lies in granting the stay.

The last two factors for the Court to consider are whether issuance of the stay will substantially injure the other parties interested in the proceeding and where the public interest lies. *Nken*, 556 U.S. at 434 (citation omitted). As stated above, when the government is a party, the last two factors merge. *Drakes Bay,* 747 F.3d at 1092 (citation omitted). In the instant case, the Plaintiffs will not be injured by granting the stay of the injunction pending appeal. As argued extensively above, the Attorney General, as the facts currently stand, has no authority to enforce the statute in question, so lifting the stay will not subject the Plaintiffs to a threat or risk of enforcement. Rather, to the extent the Plaintiffs decide to violate the statute, it is the county prosecutors who have the authority to prosecute the Plaintiffs, and the Court's injunction does not prohibit any county prosecutor from enforcing the statute.

Further, the public interest lies in granting the stay of the injunction. The Plaintiffs have admitted in the Complaint and other filings that they have, and intend to, engage in conduct that violates Idaho Code §§ 18-1510 (Providing Shelter to a Runaway Child); 16-1605 (Reporting Abuse or Neglect of a Child); 18-4501(2) (kidnaping); and 18-4506(1)(a) (child custody interference); and perhaps other statutes as well. *See, e.g.*, Dkt. 1 ¶¶ 26–30, 32, 47–51, 55; Dkt. 12-1 at 9, 14, 18–19; Dkt. 12-7 ¶¶ 43–45, 47–51, 53–54; Dkt. 12-8 ¶¶ 39–41, 50–54; Dkt. 12-9 ¶¶ 12–14, 17–23, 26–27. The public interest cannot endorse granting an injunction in a case to allow Plaintiffs to engage in criminal conduct in violation of numerous criminal statutes designed to protect the welfare of children simply because Plaintiffs believe that their view of what is in the best interests of a minor

should trump the wishes of that minor's parents, or the policy decision of the people of the State of Idaho through their elected representatives.

## CONCLUSION

Because the Attorney General is likely to succeed on the merits of his argument that he is immune from suit in this case under the Eleventh Amendment, he is irreparably harmed by the existence of the injunction, the Plaintiffs will not be injured by a stay of the injunction, and the public interest lies in the State's favor, the Attorney General respectfully requests that this Court stay its injunction pending the Attorney General's appeal of the Court's decisions.

DATED:  November 27, 2023.

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL

By: __ /s/ *James E. M. Craig*_____
JAMES E. M. CRAIG
Acting Division Chief, Civil Litigation
and Constitutional Defense

*Counsel for Defendant Attorney General Raúl Labrador*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 27, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Cristina Sepe
cristina.sepe@atg.wa.gov

Emily A MacMaster
emacmaster07@gmail.com
emily@macmasterlaw.com

Emma Grunberg
emma.grunberg@atg.wa.gov

Wendy Olson
wendy.olson@stoel.com
docketclerk@stoel.com
emina.hasonovic@stoel.com
hillary.bibb@stoel.com
karissa.armbrust@stoel.com
kelly.tonikin@stoel.com
tracy.horan@stoel.com

Jamila Asha Johnson
jjohnson@lawyeringproject.org

Kelly O'Neill
koneill@lagalvoice.org

Paige Butler Suelzle
psuelzle@lawyeringproject.org

Wendy S. Heipt
wheipt@legalvoice.org

*Counsel for Plaintiffs*

   /s/ *James E. M. Craig*
JAMES E. M. CRAIG