WENDY J. OLSON, Bar No. 7634
wendy.olson@stoel.com
STOEL RIVES LLP
101 S. Capitol Boulevard, Suite 1900
Boise, ID  83702
Telephone:  208.389.9000

WENDY S. HEIPT (admitted pro hac vice)
wheipt@legalvoice.org
LEGAL VOICE
907 Pine Street, #500
Seattle, WA  98101
Telephone:  206.954.6798

KELLY O'NEILL, Bar No. 9303
koneill@legalvoice.org
LEGAL VOICE
P.O. Box 50201
Boise, ID 83705
Telephone: 208.649.4942

JAMILA A. JOHNSON (admitted pro hac vice)
jjohnson@lawyeringproject.org
THE LAWYERING PROJECT
3157 Gentilly Blvd. #2231
New Orleans, LA  70122
Telephone:  347.706.4981

PAIGE SUELZLE (admitted pro hac vice)
psuelzle@lawyeringproject.org
THE LAWYERING PROJECT
2501 SW Trenton Street #1097
Seattle, WA 98106
Telephone: 347.515.6073

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LOURDES MATSUMOTO, NORTHWEST ABORTION ACCESS FUND, and INDIGENOUS IDAHO ALLIANCE,<br><br>Plaintiffs,<br><br>v.<br><br>RAÚL LABRADOR, in his capacity as the Attorney General for the State of Idaho,<br><br>Defendant. | Case No. 1:23-cv-00323-DKG<br><br>**PLAINTIFFS' RESPONSE TO MOTION TO STAY INJUNCTION PENDING APPEAL** |

This Court granted Plaintiffs' motion on November 8, 2023, and entered a preliminary injunction prohibiting Idaho Attorney General Raul Labrador from enforcing Idaho Code § 18-623. Dkt. 40. That same day, the Court entered an order on Defendant's motion to dismiss, denying it with respect to three of Plaintiffs' claims. Dkt. 41. In both orders this Court held that Attorney General Labrador is not immune from suit. Attorney General Labrador appealed this Court's preliminary injunction order to the Ninth Circuit Court of Appeals and moved in this Court for a stay of the preliminary injunction pending resolution of the appeal. Dkt. 44. The motion to stay simply asks this Court to change its mind about the decisions it reached in issuing the preliminary injunction in the first instance. The Court should decline that invitation and deny the motion to stay.

## BACKGROUND

Plaintiffs Lourdes Matsumoto, Northwest Abortion Access Fund, and Indigenous Idaho Alliance ("Plaintiffs") filed their Complaint on July 11, 2023, seeking declaratory and injunctive relief. Dkt. 1. They brought four claims challenging the constitutionality of Idaho Code § 18-623, the Abortion Travel Ban, asserting that the statute infringed on their First Amendment speech and association rights, their Fourteenth Amendment Due Process rights, and their rights to interstate and intrastate travel. *Id.* Plaintiffs filed their motion for preliminary injunctive relief on their First and Fourteenth Amendment claims on July 24, 2023, asking this Court to enjoin Attorney General Labrador from enforcing Idaho Code § 18-623. Dkt. 12.

In opposing Plaintiffs' motion for preliminary injunctive relief, Defendant argued, among other things, that he was immune from suit, and that the *Ex Parte Young* exception did not apply because his authority to prosecute was limited to situations where a county prosecutor had refused to prosecute. Defendant made the same argument in his motion to dismiss.

On November 8, this Court granted Plaintiffs' motion and entered an order enjoining the Defendant from enforcing Idaho Code § 18-623. Dkt. 40. That same day the Court entered an order on Defendant's motion to dismiss, denying it with respect to Plaintiffs' First Amendment, Fourteenth Amendment, and interstate travel claims but granting it with respect to Plaintiffs' intrastate travel claim. Dkt. 41. In granting Plaintiffs' requested injunction, the Court thoroughly addressed Defendant's sovereign immunity claim. Dkt. 40 at 6-13. It concluded that "Attorney General Labrador is properly named as the Defendant in this lawsuit under *Ex Parte Young* because he has a fairly direct connection to the enforcement of the challenged state law." *Id.* at 13. The Court also found that Plaintiffs have standing (*id.* at 13-41), were substantially likely to succeed on the merits of their First and Fourteenth Amendment claims (*id.* at 43-52), that Plaintiffs would suffer irreparable harm if the statute were not enjoined (*id.* at 53-54), and that the balance of equities and public interest tipped in Plaintiffs' favor (*id.* at 54-55).

Defendant filed a notice of appeal to the Ninth Circuit Court of Appeals on November 22, 2023. On November 27, 2023, Defendant filed a motion in this Court to stay the preliminary injunction pending appeal. Dkt. 44. This Court should deny the motion as the Court addressed and rejected all of Defendant's arguments when it issued its order granting injunctive relief.

## ARGUMENT

Granting a stay is "an exercise of judicial discretion" that depends on the circumstances of the particular case. *Nken v. Holder*, 556 U.S. 418, 433 (2009). In exercising this discretion, the Court considers four factors: (1) whether the party seeking the stay has made a strong showing that he is likely to succeed on the merits; (2) whether the party seeking the stay will be irreparably injured absent a stay; (3) whether a stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Id.* at 434 (citing *Hilton v.*

*Braunskill*, 481 U.S. 770, 776 (1987)). If the motion for a stay does not make a threshold showing regarding irreparable harm, then the Court may not enter a stay regardless of the moving party's showing on the other factors. *Doe v. Trump*, 957 F.3d 1050, 1058 (9th Cir. 2020).

Defendant's motion for a stay does not meet any of these factors. To the contrary, he simply asks the Court for a do-over and to change its mind about issuing preliminary injunctive relief.

> **A.    The Defendant Cannot Make a Threshold Showing of Irreparable Injury Because the Court Properly Found That Suit Against Him Was Proper Based on His Express Statutory Enforcement Duties.**

The Defendant argues that he is irreparably harmed absent a stay because the Court's preliminary injunction abrogates his Eleventh Amendment immunity. Dkt. 44-1 at 8. In so doing, however, he simply repeats his earlier sovereign immunity argument, again contending that the *Ex Parte Young* exception does not apply. *Id.* at 3-6. He provides no reason for this Court to reach a decision different from the one it reached in its order granting injunctive relief or in its order on the motion to dismiss. Defendant cites old case law and ignores the recent authority cited by this Court in this case and others involving the Attorney General. Citing *Los Angeles County Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992), he argues that Plaintiffs must show that his connection to enforcement of the statute is "fairly direct" and that "a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit." Dkt. 44-1 at 3-4.

Defendant's cited case does not support a stay here. As the Court set out in its order granting injunctive relief, in the Ninth Circuit the *Ex Parte Young* exception is met "so long as the state officer has 'some connection with enforcement of the act.'" Dkt. 40 at 7 (quoting

*Mecinas v. Hobbs*, 30 F.4th 890, 903 (9th Cir. 2022)). Defendant ignores *Mecinas* in his motion to stay. Indeed, he ignores clear and repeated precedent from the Ninth Circuit and this Court: "The 'connection' required under *Ex Parte Young* demands merely that the implicated state official have a relevant role that goes beyond 'a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision.'" *Mecinas*, 30 F.4th at 903-04 (quoting *Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908, 919 (9th Cir. 2004)).

As this Court held, Attorney General Labrador's role in enforcing Idaho Code § 18-623 meets this test because the statute expressly gives him authority, at his sole discretion, to prosecute a person for a violation of the statute if the county prosecutor does not do so. Dkt. 40 at 8 (citing Idaho Code § 18-623(4)). This is far more than a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision. It is a direct role in enforcing the statute and ensures that county prosecutors alone cannot make the discretionary decision not to prosecute. The *Ex Parte Young* exception as interpreted by the Ninth Circuit is met, and this Court should not now decide differently.

The Defendant has not made the threshold showing of irreparable injury, and thus no stay is proper.

**B.    The Court Correctly Held That the Plaintiffs Have Standing and Are Likely to Succeed on the Merits of Their First and Fourteenth Amendment Claims.**

The Defendant also offers no new arguments regarding Plaintiffs' standing and the merits of the Court's order granting injunctive relief. He argues that Plaintiffs have not pled a credible fear of prosecution because, again in his view, he lacks authority to prosecute violations of Idaho Code § 18-623 (Dkt. 44-1 at 7), that the Court erred when it found that the statute is a "content-based regulation of protected speech and expression" (*id.*), and that the Court erred when it

found that the statute was vague and therefore in violation of the Fourteenth Amendment (*id.*). He offers no new or meaningful argument in support of this position and completely ignores the Court's order.

As this Court found and reasoned in detail, "the Complaint and Plaintiffs' declarations establish Plaintiffs have a concrete and particularized intention to engage in activities proscribed by Idaho Code Section 18-623, including violating the specific intent element." Dkt. 40 at 31-33 (citing Dkt. 1 at ¶¶ 26-32, 47, 55, 63-64, 98; Dkt. 12-7, 12-8, 12-9). In seeking a stay, the Defendant fails to address the Court's finding. The Court further properly found that because Plaintiffs brought a pre-enforcement First Amendment challenge, they "need only demonstrate that a threat of potential enforcement will cause him [or her] to self-sensor." *Id*. at 33 (citing *Tingley v. Ferguson*, 47 F.4th 1055, 1068 (9th Cir. 2022)). The Court concluded that because Plaintiffs' intended activities fell within the reach of Idaho Code § 18-623, and because Plaintiffs had engaged in activities in the past that would have been within the reach of Idaho Code § 18-623 and were refraining from doing so now only because of fear of prosecution, their fear was well-founded. *Id.* at 34. The Court properly concluded that Plaintiffs have standing, and Defendant provides no reason for the Court to now conclude otherwise.

The Defendant likewise offers no new arguments regarding likelihood of success on the merits. On Plaintiffs' First Amendment claims, he simply cites the proposition rejected by this Court that the speech involved is part of an illegal course of conduct not protected by the First Amendment. Dkt. 44-1 at 7. As this Court properly found, inter alia, the statute is a content-based restriction on speech that does not survive strict scrutiny. Dkt. 40 at 44-45.

The Defendant next argues that the Court erred in finding that Idaho Code § 18-623 is vague and therefore in violation of the Fourteenth Amendment. Dkt. 44-1 at 7. He again argues

that its terms are used in other criminal statutes, and argues without any analysis that this Court's

opinion is an example of the Supreme Court's warning in *Dobbs* that its earlier decisions on

abortion had to be overturned because they had "led to the distortion of many important but

unrelated legal doctrines." *Id.* at 7-8 (citing *Dobbs v. Jackson Women's Health Org.*, 597 U.S.

215, 285 (2022)). Defendant offers no facts or argument as to what unrelated legal doctrines this

Court's opinion distorted based on *Roe v. Wade*, 410 U.S. 113 (1973), or *Planned Parenthood of*

*Southeastern Pennsylvania v. Casey*, 505 U.S. 833 (1992), and ignores this Court's actual

findings. As the Court correctly found, the statute "fails to provide fair notice or ascertainable

standard of what is or what is not abortion trafficking." Dkt. 40 at 50. It found that in Idaho Code

§ 18-623, the terms "'recruiting, harboring, or transporting' are undefined, overbroad, and vague,

making it impossible for a reasonable person to distinguish between permissible and

impermissible activities." *Id.* The Court noted that the legislation's co-sponsor recognized as

much during his testimony to the Senate committee before which the bill was pending, *id.* at 50-

51, and that the Defendant argued at the preliminary injunction hearing "that something more

than merely providing information about abortion services is required to violate the statute" but

that "nothing in the statute itself defined 'recruiting' or gave any objective measure of what

constitutes 'recruiting' as proscribed by the statute." *Id.* at 51. The Court properly concluded that

"[t]he statute's indefinite language and inconsistent provisions belies defense counsel's

assurances that Plaintiffs are free to speak and provide truthful information about abortion

services without fear of prosecution." *Id.* The Court properly found that Plaintiffs are likely to

succeed on the merits of their Fourteenth Amendment claims. Defendant provides no legal or

factual basis for the Court to change its mind.

C.      **A Stay of the Preliminary Injunction Will Injure Plaintiffs.**

This Court properly found that Plaintiffs would be irreparably harmed if the Defendant were not enjoined from enforcing Idaho Code § 18-623. It correctly noted that "irreparable harm is relatively easy to establish in a First Amendment case." Dkt. 40 at 53 (citing *CTIA – The Wireless Ass'n v. City of Berkeley*, 928 F.3d 832, 845 (9th Cir. 2019)). And it found that "Plaintiffs have demonstrated that without injunctive relief, they have been and will continue to be chilled from providing minors in Idaho with information about lawful abortion services, referrals to legal abortion providers, and assistance on how and where to travel to obtain a lawful abortion." *Id.* The Court properly concluded this established irreparable harm such that an order enjoining the statute should issue. *Id.* Issuing a stay of that injunction thus would impose the same irreparable harm the injunction was issued to prevent. This Court correctly analyzed the harm to the parties in its order enjoining the Defendant from enforcing Idaho Code § 18-623 and it should reject the Defendant's invitation here to simply change its mind.

D.      **The Public Interest Lies in Denying the Stay.**

In support of his motion for a stay, as he did at the hearing before this Court, the Defendant makes the novel argument that Plaintiffs already have admitted that they have in the past and intend in the future to violate a host of other Idaho criminal statutes. Dkt. 44-1 at 9-10. This Court should reject Defendant's unsupported and blanket assertion of a parade of horribles. No part of any of Plaintiffs' Complaint or declarations suggests that they have violated or intend to violate the Idaho criminal statutes cited by Defendant in his brief – or any other Idaho criminal statute.

What Defendant's argument does demonstrate, however, is that he is eager to prosecute Plaintiffs if they continue to engage in the activities they have engaged in previously:

communicating information, advocacy, support, assistance, funding, and association with minors in Idaho who are seeking to procure or obtain legal abortion services. His suggestion that they have violated statutes other than Idaho Code § 18-623 is a clear threat that this Court should reject. The public interest lies not in indulging the Defendant's threat but in ensuring that an unconstitutional statute is not enforced. Dkt. 40 at 56.

## CONCLUSION

The factors this Court is to consider in determining whether to issue a stay all weigh heavily against doing so. For the reasons set forth above and in this Court's Memorandum Decision and Order issued November 8, 2023 (Dkt. 40), this Court should deny Defendant's Motion to Stay Injunction Pending Appeal.


DATED:  December 18, 2023.                    STOEL RIVES LLP


                                              /s/ Wendy J. Olson
                                              Wendy J. Olson


                                              LEGAL VOICE


                                              /s/ Wendy S. Heipt
                                              Wendy S. Heipt
                                              Kelly O'Neill


                                              THE LAWYERING PROJECT


                                              /s/ Jamila A. Johnson
                                              Jamila A. Johnson
                                              Paige Suelzle

                                              *Attorneys for Plaintiffs*


PLAINTIFFS' RESPONSE TO MOTION TO STAY INJUNCTION PENDING APPEAL - 9

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on December 18, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following person:

James E.M. Craig
james.craig@ag.idaho.gov

Cristina Sepe
cristina.sepe@atg.wa.gov

Emma Grunberg
Emma.grunberg@atg.wa.gov

Emily MacMaster
emily@macmasterlaw.com

/s/ Wendy J. Olson
Wendy J. Olson