UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LOURDES MATSUMOTO, NORTHWEST ABORTION ACCESS FUND, and INDIGENOUS IDAHO ALLIANCE,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>RAÚL LABRADOR, in his capacity as the Attorney General for the State of Idaho,<br><br>　　　　　　Defendant. | Case No. 1:23-cv-00323-DKG<br><br>ORDER RE: MOTION TO STAY (DKT. 44) |

## INTRODUCTION

Before the Court is Defendant's Motion to Stay the Court's Preliminary Injunction pending appeal. (Dkt. 44.) Plaintiffs oppose the motion, and the matter is fully briefed and ripe for consideration. (Dkt. 49, 50.) The facts and legal arguments are adequately presented in the record. Accordingly, in the interest of avoiding delay, and because the decisional process would not be significantly aided by oral argument, the motion will be decided based on the record. For the reasons that follow, the Court will deny the motion.

## BACKGROUND

On November 8, 2023, the Court entered two Orders. The first, granted Plaintiffs' Motion for a Preliminary Injunction. (Dkt. 40.) The second, granted in part and denied in

ORDER - 1

part Defendant's Motion to Dismiss. (Dkt. 41.) On November 22, 2023, Defendant filed a Notice of Appeal challenging the Court's decision granting the preliminary injunction and the Court's finding that the Attorney General is not immune from suit under the Eleventh Amendment. (Dkt. 43.) On November 27, 2023, Defendant filed the motion to stay that is presently before the Court. (Dkt. 44.)[1] The motion is made pursuant to Federal Rule of Civil Procedure 62(d).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 62(d) provides that, "[w]hile an appeal is pending from an interlocutory order…that grants…an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." "A request for stay pending appeal is committed to the exercise of judicial discretion," *Doe #1 v. Trump*, 957 F.3d 1050, 1058 (9th Cir. 2020), and "dependent upon the circumstances of the particular case," *Nken v. Holder*, 556 U.S. 418, 433 (2009).

When considering a request to stay a preliminary injunction pending appeal, the Court considers the following four factors: "'(1) whether the stay applicant has made a strong showing that he [or she] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will

---

[1] Defendant did not request an emergency stay or to expedite the briefing. The motion therefore is taken up in the standard briefing timeframe applicable under the Federal Rules of Civil Procedure.

ORDER - 2

substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Nken*, 556 U.S. at 434 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). "The first two factors...are the most critical." *Id.* But, if the motion for a stay fails to make a "threshold showing regarding irreparable harm...then a stay may not issue, regardless of the petitioner's proof regarding the other stay factors." *Doe #1 v. Trump*, 957 F.3d at 1058 (discussing *Nken*, 556 U.S. at 433-34).

The last two factors are reached only "[o]nce an applicant satisfies the first two factors." *Nken*, 556 U.S. at 434-35. When the government is a party, the last two factors merge. *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014). The party requesting a stay pending appeal bears the burden of showing the circumstances justify an exercise of the Court's discretion. *Nken*, 556 U.S. at 433-34.

## DISCUSSION

On this motion, Defendant requests a stay of the preliminary injunction pending appeal. (Dkt. 44.) Defendant argues he is likely to succeed on the merits of his appeal contesting the Court's determinations concerning Eleventh Amendment immunity, Plaintiffs' standing, and the Plaintiffs' likelihood of success on their First and Fourteenth Amendment claims. (Dkt. 44, 50.) Next, Defendant asserts he will be irreparable injured absent a stay of the injunction. (Dkt. 44, 50.) Finally, Defendant contends the issuance of the stay will not injure Plaintiffs and is favored by the public interest. Plaintiffs dispute each of Defendant's contentions. (Dkt. 49.) The Court will address first the threshold

ORDER - 3

showing of irreparable harm, and then will address the remaining factors. *Doe #1 v. Trump*, 957 F.3d at 1058.

1. **Irreparable Harm**

"In the context of a stay request, 'simply showing some possibility of irreparable injury' is insufficient. Rather, …the [movant] has the burden of showing that irreparable injury is likely to occur during the period before the appeal is decided." *Doe #1 v. Trump*, 957 F.3d at 1058 (citing *Nken*, 556 U.S. at 434; *Leiva-Perez*, 640 F.3d at 968). Yet, "even certainty of irreparable harm has never entitled one to a stay…, a proper showing regarding irreparable harm was, and remains, a necessary but not sufficient condition for the exercise of judicial discretion to issue a stay." *Leiva-Perez*, 640 F.3d at 965 (citing *Nken*, 556 U.S. at 433 ("A stay is not a matter of right, even if irreparable injury might otherwise result. It is instead an exercise of judicial discretion ....") (cleaned up)). Here, the Attorney General has failed to meet his burden to show irreparable harm is likely to occur during the pendency of the appeal and that the circumstances presented here warrant an exercise of judicial discretion.

Defendant contends he will suffer irreparable harm if a stay is not issued because the Attorney General's Eleventh Amendment immunity has been abrogated, thereby subjecting the Attorney General and the State of Idaho to the "coercive process of judicial tribunals" and enjoining enforcement of the statute. (Dkt. 44 at 8-9.) The bases underlying Defendant's arguments are the same as those previously raised and rejected

ORDER - 4

by the Court. (Dkt. 40, 41.) For the reasons stated in the Court's prior decisions, the Attorney General is without Eleventh Amendment immunity here and Plaintiffs have standing. (Dkt. 40, 41.) Defendant's disagreement with the Court's rulings does not create irreparable harm.

Nor does the State of Idaho suffer irreparable harm by being enjoined from enforcing an statute that has been shown likely to violate the Constitution. (Dkt. 40 at 56.) Moreover, any harm that may occur to the Attorney General or the State of Idaho is substantially outweighed by the harm caused to Plaintiffs were the preliminary injunction to be stayed. (Dkt. 40.)[2] For these reasons, the motion to stay the preliminary injunction will be denied. *Leiva-Perez*, 640 F.3d at 965.

Defendant's reliance on the recent decision in *Adkins v. Idaho* is inapposite. (Dkt. 50 at 4, and Ex. A.) First, the statutes at issue in *Adkins* - Idaho's General Abortion Ban, Idaho Code Section 18-622, and Fetal Heartbeat Law, Idaho Code Sections 18-8801-8805 - are different from the Abortion Trafficking Ban challenged in this lawsuit. *Adkins v. Idaho*, CV01-23-14744, Mem. Decision and Order (Idaho 4th Judicial Dist. Dec. 29,

---

[2] The authority relied on by Defendant concerning the State's injury are orders issued from the chambers of individual justices. (Dkt. 44 at 8) (citing *Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers); *New Motor Vehicle Bd. of California v. Orrin W. Fox Co.*, 434 U.S. 1345, 1351 (1977) (Rehnquist, J., in chambers)). While there is "some authority" supporting the argument that "a state may suffer an abstract form of harm whenever one of its acts is enjoined," any such injury is not dispositive of the analysis and can be outweighed by the other factors, which is the case here, particularly given the irreparable injury caused by the deprivation of constitutional rights. *See e.g. Latta v. Otter*, 771 F.3d 496, 500 (9th Cir. 2014).

ORDER - 5

2023). Neither of the *Adkins'* statutes include the provision contained in the Abortion Trafficking statute expressly giving the Attorney General the authority, at his sole discretion, to prosecute a person for a criminal violation of the statute if the county prosecutor refuses to do so. (Dkt. 40 at 8) (discussing Idaho Code § 18-623(4)).[3]

Second, in *Adkins*, Idaho District Court Judge Jason D. Scott dismissed as named defendants the Idaho Governor, the Idaho Attorney General, and the Idaho State Board of Medicine - finding those defendants were redundant of the State of Idaho, which is presently the lone named Defendant. Importantly, Judge Scott dismissed <u>with</u> prejudice the Governor and the Board of Medicine, but dismissed <u>without</u> prejudice the Attorney General. Judge Scott found Attorney General Labrador has secondary authority to prosecute if county prosecutors fail, refuse, or need assistance to enforce the General Abortion Ban and Fetal Heartbeat Law, but that the plaintiffs had failed to allege the Attorney General is "likely to get involved in prosecuting violations of those laws." *Id.* at 11. To that end, Judge Scott granted plaintiffs leave to amend stating: "[i]f Plaintiffs can…allege facts showing that Attorney General Labrador is likely to begin exercising

---

[3] In this regard, Defendant incorrectly asserts that the Court "did not acknowledge the provision of the statute that limits the Attorney General's 'sole discretion' to only those situations in which the county prosecutor 'refuses to prosecute violations….'" (Dkt. 44 at 4-5.) The Court's decision plainly states: "the statute challenged in this lawsuit expressly gives the Attorney General the authority, at his sole discretion, to prosecute a person for a criminal violation of the statute <u>if the county prosecutor refuses to do so</u>." (Dkt. 40 at 8) (emphasis added). Defendant's arguments to the contrary mischaracterize the Court's decision. *See e.g.*, (Dkt. 50 at 2) (asserting the Court "reads the 'if' out of the statute.").

ORDER - 6

his secondary authority to prosecute violations of Idaho's Abortion Laws, they may file an amended complaint…." *Id.* at 13.

Conversely, the State of Idaho is not a named party in this lawsuit and, therefore, the Attorney General is not redundant. Further, Plaintiffs here have demonstrated that Attorney General Labrador is likely to get involved in prosecuting violations of the Abortion Trafficking Ban sufficient to establish standing. (Dkt. 40.) Additionally, Attorney General Labrador has a sufficiently direct connection with enforcement of the Abortion Trafficking Act, such that he is not entitled to Eleventh Amendment immunity. (Dkt. 40.)

Based on the foregoing, the motion to stay will be denied as Defendant has not shown an irreparable injury.

2. **Remaining Factors**

While the failure to meet the threshold showing of irreparable harm is sufficient to deny the request for a stay, the Court also finds the remaining factors do not support granting a stay. Again, Defendant's contentions on the remaining factors are based on the same arguments raised and considered previously. (Dkt. 44, 50.) For the reasons stated in the prior decisions, the Court finds Defendant is not likely to succeed on the merits of his appeal contesting the Court's determinations concerning Eleventh Amendment immunity, standing, and Plaintiffs' First and Fourteenth Amendment claims. (Dkt. 40, 41.) Rather, Plaintiffs have demonstrated a likelihood of success on the merits of their First and

ORDER - 7

Fourteenth Amendment claims. (Dkt. 40, 41.) Moreover, the injury to Plaintiffs and the public interest both favor denying a stay. (Dkt. 40, 41.)

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Motion to Stay the Court's Preliminary Injunction (Dkt. 44) is **DENIED**.

IT IS FURTHER ORDERED that further proceedings in this case are **STAYED** pending appeal. *See Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992) (where an interlocutory claim is immediately appealable, its filing divests the district court of jurisdiction to proceed with trial); *SolarCity Corp. v. Salt River Proj. Ag. Improvement*, 859 F.3d 720, 725 (9th Cir. 2017) (collateral order doctrine allows interlocutory appeals of denials of Eleventh Amendment immunity).

DATED: January 4, 2024

Honorable Debora K. Grasham
United States Magistrate Judge