**EXHIBIT B**

## ANNOTATED PROPOSED MODIFIED PRELIMINARY INJUNCTION

IT IS ORDERED that: the preliminary injunction previously entered in this case on November 8, 2023 is modified as follows: Attorney General Raul Labrador, in his official capacity as Attorney General for the State of Idaho, is HEREBY ENJOINED from enforcing the "recruiting" prong of Idaho Code Section 18-623. This injunction includes, but is not limited to, enforcement of Idaho Code Section 18-623 against any of the following activities:

(1) Soliciting donations to organizations that support pregnant minors seeking abortions or abortion-inducing medication;[1]

(2) Keeping the identities of donors who support pregnant minors anonymous;[2]

(3) Belonging to an organization that supports minors' access to abortion;[3]

(4) Communications that could be interpreted as intending to "persuade, enlist, or induce" a pregnant minor to procure or obtain an abortion or abortion-inducing medication;[4]

---

[1] *See Matsumoto v. Labrador*, 122 F.4th 787, 805 (9th Cir. 2024) (listing "soliciting donations to organizations that support pregnant minors seeking abortions" as conduct that is "clearly not proscribed by the statute").

[2] *Id*. at 806 ("Section 18-623 does not limit Challengers' ability to solicit donations, require them to unmask their anonymous members, impinge on the anonymity of their donors, or inhibit their general advocacy of the right to abortion in Idaho or elsewhere.").

[3] *Id*. ("Idaho is not forcing anyone to refrain from supporting or joining these organizations.").

[4] *Id*. at 808 ("The ordinary meaning of the verb 'recruit' is to seek to persuade, enlist, or induce someone to join an undertaking or organization, to participate in an endeavor, or to engage in a particular activity or event."); *id*. at 812 ("If counseling those who are about to obtain abortions to instead carry their pregnancies to term is

(5) Providing information regarding the provider, time, place, or cost of an available abortion;[5]

(6) Providing legal or other advice on how pregnant minors can legally access an abortion or abortion-inducing medication;[6]

(7) Providing information and options counseling to pregnant minors about abortion or abortion-inducing medication;[7]

(8) Giving advice and support to organizations that assist pregnant minors who are survivors of domestic violence and sexual assault;[8]

(9) Providing emotional and informational assistance to pregnant minors who wish to obtain an abortion;[9]

---

undoubtedly protected speech, then surely the opposite is true as well. This protection includes promotion and urging of particular actions." (footnote omitted)).

[5] *Id*. at 809 (providing information "regarding the provider, time, place, or cost of an available abortion—could satisfy the plain meaning of 'recruit.'").

[6] *Id*. ("'provid[ing] advice on how pregnant people, including minors, can legally access [a]bortions'"); *id*. at 812 ("Information and instructions regarding the availability and means of procuring an abortion procedure or drug (likely including specifics, such as who the provider is, when and where the procedure would take place, or what a drug would cost) are thus squarely protected.").

[7] *Id*. at 809 ("providing 'emotional ... and informational assistance' to pregnant minors" could "arguably satisfy the plain meaning of 'recruiting'" for purposes of Idaho Code Section 18-623).

[8] *Id*. ("giving advice and support to organizations that assist pregnant minors who are survivors of domestic violence and sexual assault").

[9] *Id*. ("providing 'emotional ... and informational assistance' to pregnant minors" could "arguably satisfy the plain meaning of 'recruiting'" for purposes of Idaho Code Section 18-623).

(10) Subsidizing or fully funding an abortion or abortion-inducing medication, including both direct financial support and providing free or discounted services;[10]

(11) Providing financial assistance for the coordination of the travel of pregnant people, including minors, to access legal abortion or abortion-inducing medication;[11]

(12) Providing financial, logistical, and practical assistance to minors seeking an abortion or abortion-inducing medication, including but not limited to:

    a. Booking and paying for bus tickets, plane tickets, and ride shares;

    b. Providing food or lodging assistance;

    c. Offering a discount on medical procedures for under-resourced people, including minors;

    d. Setting up doctors' appointments for abortions;

    e. Broadcasting the availability of those appointments to minors;[12]

(13) Providing legal advice that persuades a minor to obtain an abortion or abortion-inducing medication, including but not limited to:

    a. Providing direct legal services, representation, or legal advice to minors regarding abortion or abortion-inducing medication;

    b. Providing a hotline or similar service in order to provide legal information, advice, or representation;

---

[10] *Id.* ("Apart from providing information, 'recruiting' may also include subsidizing or fully funding an abortion—whether through donations or discounted services—by making the abortion more attractive (persuading) or more feasible (inducing).").

[11] *Id.* (finding that The Indigenous Alliance's desired intention to "'provide financial assistance' for the 'coordinat[ion of] the travel of pregnant people, including minors, from locations across the region, including Idaho, to and across state lines to access abortion'" may fall within the scope of "recruitment").

[12] *Id.* at 809-10 (finding that "recruiting" may include these activities, which the Northwest Abortion Access Fund has indicated that it wishes to engage in).

  c. Making lawyer referrals to minors seeking access to an abortion or abortion-inducing medication;[13]

(14)  Expressing any encouragement, counseling, and/or emotional support for a minor to obtain a legal abortion;[14]

(15)  Counseling and/or assisting a minor regarding obtaining an abortion without informing a parent;[15]

(16)  Distributing pamphlets and other information on other states' laws regarding abortion;[16]

---

[13] *Id.* at 810 ("Legal advice, too, might constitute recruiting under Section 18-623, even if that advice persuades a minor to obtain a legal abortion. One organization, If/When/How: Lawyering for Reproductive Justice, 'provides direct legal services ... to ensure that young people have the legal rights and resources they need to make important decisions about their reproductive wellbeing. Through its national helpline, the organization provides legal information, advice, representation, and lawyer referrals to young people seeking access to abortion care.'"); *id.* at 812 ("One facet of recruiting encompasses legal advice about the minor's rights. The First Amendment protects speech 'advocating lawful means of vindicating legal rights,' including 'advising another that his legal rights have been infringed.'").

[14] *Id.* at 810 ("Worryingly, the 'recruiting' provision encompasses an adult's encouragement of a minor not only to obtain a legal abortion out-of-state, but also to obtain a legal abortion in Idaho under one of the few exceptions to the state's near-total abortion ban, such as pregnancy resulting from an act of rape or incest that was previously reported to law enforcement."); *id.* at 811 ("Encouragement, counseling, and emotional support are plainly protected speech under Supreme Court precedent").

[15] *Id.* at 810 ("[A]n adult concerned for the wellbeing of an underage victim of incest would be prohibited from counseling and then assisting that victim in obtaining an abortion without informing a parent—who may well be the perpetrator" under the recruitment provision).

[16] *Id.* ("An adult merely distributing a pamphlet of information on states' laws regarding abortion, or displaying a pro-choice bumper sticker, would not fall within the scope of the statute.").

(17) Providing a minor with the contact information of a partner organization in a neighboring state that can provide logistical or financial assistance in procuring or obtaining an abortion;[17] and

(18) Public advocacy or information campaigns relating to a minor's legal right to obtain an abortion or abortion-inducing medication.[18]

This modified preliminary injunction is effective immediately and shall remain in full force and effect through the date on which judgment is entered in this case or unless otherwise ordered by this Court.

---

[17] *Id.* at 811 ("[P]roviding the minor with the contact information of a partner organization in a neighboring state that can provide logistical or financial assistance in procuring or obtaining an abortion . . .").

[18] *Id.* at 812-13 ("Public advocacy and education campaigns on issues of public interest are also protected political speech. This includes advocacy campaigns that encourage minors to consider the full range of available reproductive health care options." (citation omitted)).