Raúl R. Labrador
Attorney General

James E. M. Craig, ISB #6365
Chief, Civil Litigation and
Constitutional Defense

Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
james.craig@ag.idaho.gov

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LOURDES MATSUMOTO, NORTHWEST ABORTION ACCESS FUND, and INDIGENOUS IDAHO ALLIANCE<br><br>*Plaintiffs,*<br>v.<br><br>RAÚL LABRADOR, in his capacity as the Attorney General for the State of Idaho<br><br>*Defendant.* | Case No. 1:23-cv-00323-DKG<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO MODIFY INJUNCTION [DKT. 55]** |

  The Attorney General does not oppose the Plaintiffs' Motion to Modify Injunction [Dkt. 55] in light of the decision from the U.S. Court of Appeals for the Ninth Circuit, but does oppose the proposed injunction filed by the Plaintiffs. The proposed injunction goes far beyond what the Ninth Circuit decision allows, would introduce substantial uncertainty in the enforcement of the statute, and is simply a

backdoor attempt to have the enforcement of the entire statute enjoined, despite the Ninth Circuit's opinion allowing most of the statute to be enforced.

Instead of adopting the Plaintiff's proposed injunction, the Court, in compliance with the Ninth Circuit's opinion, should instead simply enjoin the Attorney General from enforcing against the Plaintiffs the recruiting prong of Idaho Code § 18-623, without listing any specific activities.[1]

In the Ninth Circuit opinion, the Court only affirmed this Court's "order preliminarily enjoining the Idaho attorney general from enforcing the 'recruiting' prong of [Idaho Code §] 18-623," but "reverse[d] the district court" "with respect to the remainder of the statute." *Matsumoto v. Labrador*, 122 F.4th 787, 816 (2024). The Court therefore "remand[ed] to the district court to modify the preliminary injunction consistent with this opinion." *Id*. Thus, other than the recruiting prong of the statute, the Attorney General is allowed to enforce every other part of the statute, including the harboring and the transporting prongs.

To be consistent with the opinion, the only action this Court may do is to enjoin the Attorney General from enforcing the recruiting prong of the statute. Based on the Ninth Circuit's opinion, this Court has no authority to "vary or examine that mandate for any purpose other than executing it" and would "commit jurisdictional error if it takes actions which contradict the mandate." *Stacy v. Colvin*, 825 F.3d 563, 568 (9th

---

[1] The Attorney General is not conceding that the recruiting prong of the statute is unconstitutional, and is not conceding that an injunction is proper in this case. Rather, the Attorney General is simply acknowledging the Ninth Circuit's opinion and suggesting the best way for this Court to comply with that opinion.

Cir. 2016) (cleaned up) (citation omitted). This includes issues "impliedly disposed of on appeal[.]" *Id.* (quoting *Odima v. Westin Tucson Hotel*, 53 F.3d 1484, 1497 (9th Cir. 1995)).

Nevertheless, the Plaintiffs ask the Court to include two and a half pages of additional activities that they would like this Court to enjoin the Attorney General from enforcing, including activities falling within portions of the statute which the Ninth Circuit has clearly held the Attorney General may enforce.

For example, the Plaintiffs ask this Court to enjoin enforcement of the statute in cases involving the "assisting a minor regarding obtaining an abortion without informing a parent." *See* Dkt. 55-2 at ¶ 15. That would encompass the entire statute, and is clearly in contravention of the Ninth Circuit's opinion. The Ninth Circuit clearly held that the Attorney General may enforce the portions of the statute that prohibit obtaining an abortion by transporting or harboring a minor with the intent to conceal the abortion from the minor's parents. *Matsumoto*, 122 F.4th at 816.

Consider a situation in which a person transports a minor by giving the minor a ride to the abortion clinic (whether that is in state or out of state), harbors that minor by allowing the minor to stay at the person's house located within the State of Idaho, and procures the abortion for the minor by paying for the abortion, transporting the minor to the abortion clinic, and harboring the minor, all with the intent to conceal the abortion from the minor's parents. That person clearly violates the transporting and the harboring provisions of the statute. The Attorney General

is allowed to enforce those provisions per the Ninth Circuit's opinion. But, those actions would also constitute "assisting a minor regarding obtaining an abortion."

As another example, consider a situation in which an adult who lives in the State of Idaho has obtained an abortion inducing drug. The adult invites a pregnant minor girl into the adult's house, which invitation the young girl accepts, and makes that abortion inducing drug available to the young girl, which she then takes. The adult allows the young girl to stay in the adult's house for several days after taking the abortion inducing drug to keep an eye on the girl. The adult does all of these actions with the intent to conceal the abortion from the minor's parents. In this situation the adult has violated the statute by obtaining an abortion inducing drug for the minor and harboring the minor with the intent to conceal the abortion from the minor's parents. Per the Ninth Circuit's opinion, the Attorney General is allowed to enforce that provision of the statute. But, that enforcement would violate ¶ 10 of the Plaintiffs' proposed injunction, which would prohibit enforcement of the activity of "fully funding an … abortion-inducing medication … and providing free or discounted services," the free services being lodging and providing the abortion inducing medication. A prosecution in that situation would also violate ¶¶ 7, 9, 12, 14, and 15 of the Plaintiffs' proposed injunction.

The Attorney General could list example after example to illustrate the point, but it is sufficient to state that through the Plaintiffs' overbroad additions to their proposed injunction, they are trying to convince this Court to do that which the Ninth Circuit has prohibited, i.e. enjoin enforcement of the entire statute. Indeed, it is

difficult to conceive of any prosecution of the statute allowed by the Ninth Circuit that would not violate some portion of the Plaintiffs' overbroad and vague proposed injunction.

Plaintiffs argue that their sweeping injunction is necessary to address "uncertainty or confusion." Dkt. 55 at 2. But the Ninth Circuit squarely found that Plaintiffs *lacked* a likelihood of success on the merits of *all* of their Fourteenth Amendment void-for-vagueness concerns *including* the verb 'recruit.' *Matsumoto*, 122 F.4th 805–06. Plaintiffs are not entitled to an advisory opinion as to what activities are, or are not, prohibited under the enjoined verb when the Ninth Circuit has *expressly* held that all of the verbs are constitutionally comprehensible. There is nothing to clarify here; and instead such an injunction would vitiate the mandate by giving Plaintiffs exactly the Fourteenth Amendment relief that the Ninth Circuit found they were not entitled to.

In fact, Plaintiffs' proposed additions to the injunction would also add in substantial uncertainty. The Plaintiffs admit that injunctions are supposed to "prevent uncertainty or confusion on the part of those subject to the injunctive order." *See* Dkt. 55 at 2 (citing *Melendres v. Skinner*, 113 F.4th 1126, 1139 (9th Cir. 2024)). But, by including two and a half pages of specific activities, some of which clearly fall within the transporting and harboring prong of the statute, the Plaintiffs seek to add in substantial uncertainty. This uncertainty will include whether the totality of the person's activities may be considered in determining whether the intent prong of the statute has been met, whether the activities that would constitute procuring an

abortion by harboring or transporting a minor may be used to support a prosecution even if they are listed on the injunction, and, indeed, whether the statute may be enforced at all.

Beyond this, Plaintiffs lack irreparable harm with respect to several activities in the injunction given that they haven't pled an intent to engage in them. These include "[o]ffering a discount for medical procedures" (Dkt. 55-1 at (12)(c)), "broadcasting the availability of [abortion] appointments to minors" (*Id.* at (12)(e)), "providing a hotline" (*Id.* at (13)(a)), "distributing pamphlets" (*Id.* at 16) or "public advocacy or information campaigns." Plaintiffs do not specify any plans—past or present, specific or general—to do any of these things either in the Complaint, Dkt. 1, or in the declarations attached to the motion for preliminary injunction. *See* Dkts. 12-7, 12-8, 12-9. Similarly, some of the activities simply are not implicated by Idaho Code Section 18-623 *at all* as the Ninth Circuit has found (and Plaintiffs *acknowledge*)—and therefore there cannot possibly be any harm as to those activities. *See* Dkt. 55-2 at nn.1, 2, 3. These include "soliciting donations," preserving anonymity of membership, or "belonging to an organization." *Id.* at (1), (2), (3).

Thus, for all of those reasons, the Attorney General does not oppose the Plaintiffs' motion to modify the injunction to the extent that it would enjoin the Attorney General from enforcing the word "recruit" in Idaho Code § 18-623, but asks that the Court deny the motion to the extent that it lists specific activities in paragraphs 1-18 of their proposed injunction. Further, to comply with the directive of *Labrador v. Poe*, 144 S.Ct. 921 (2024), and thereby ensure that the injunction is no

broader than necessary to address the Article III injury that the Ninth Circuit (at this point) believes that Plaintiffs have pled, the Court must limit the injunction to only enjoining the Attorney General from enforcing the recruiting prong of the statute against only the named Plaintiffs in this case.

A proposed modified injunction is being sent contemporaneously to the Court's email address for proposed orders.

DATED: February 13, 2025.

                                       STATE OF IDAHO
                                       OFFICE OF THE ATTORNEY GENERAL

                                 By: /s/ *James E. M. Craig*
                                       JAMES E. M. CRAIG
                                       Chief, Civil Litigation and
                                       Constitutional Defense

## **CERTIFICATE OF SERVICE**

I Hereby Certify that on February 13, 2025, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Cristina Sepe
cristina.sepe@atg.wa.gov

Emily A MacMaster
emily@macmasterlaw.com

Emma Grunberg
emma.grunberg@atg.wa.gov

Wendy Olson
wendy.olson@stoel.com

Jamila Asha Johnson
jjohnson@lawyeringproject.org

Kelly O'Neill
koneill@legalvoice.org

Paige Butler Suelzle
psuelzle@lawyeringproject.org

Wendy S. Heipt
wheipt@legalvoice.org

*Counsel for Plaintiffs*

By: /s/ *James E. M. Craig*
James E. M. Craig
Chief, Civil Litigation and
Constitutional Defense