WENDY J. OLSON, Bar No. 7634
wendy.olson@stoel.com
STOEL RIVES LLP
101 S. Capitol Boulevard, Suite 1900
Boise, ID 83702
Telephone: 208.389.9000

WENDY S. HEIPT (admitted pro hac vice)
wheipt@legalvoice.org
LEGAL VOICE
907 Pine Street, #500
Seattle, WA 98101
Telephone: 206.954.6798

KELLY O'NEILL, Bar No. 9303
koneill@legalvoice.org
LEGAL VOICE
P.O. Box 50201
Boise, ID 83705
Telephone: 208.649.4942

JAMILA A. JOHNSON (admitted pro hac vice)
jjohnson@lawyeringproject.org
THE LAWYERING PROJECT
3157 Gentilly Blvd. #2231
New Orleans, LA 70122
Telephone: 347.706.4981

PAIGE SUELZLE (admitted pro hac vice)
psuelzle@lawyeringproject.org
THE LAWYERING PROJECT
2501 SW Trenton Street #1097
Seattle, WA 98106
Telephone: 347.515.6073

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LOURDES MATSUMOTO, NORTHWEST ABORTION ACCESS FUND, and INDIGENOUS IDAHO ALLIANCE,<br><br>Plaintiffs,<br><br>v.<br><br>RAÚL LABRADOR, in his capacity as the Attorney General for the State of Idaho,<br><br>Defendant. | Case No. 1:23-cv-00323-DKG<br><br>**REPLY IN SUPPORT OF MOTION TO MODIFY INJUNCTION** |

Defendant Raul Labrador, the Idaho Attorney General, asserts that Plaintiffs' proposed modified injunction "goes far beyond what the Ninth Circuit decision allows." *See* Defendant's Response to Plaintiffs' Motion to Modify Injunction ("Response"), at 1. Defendant further claims that, rather than enter an order that "state[s] its terms specifically" and "describe[s] in reasonable detail … the act or acts restrained,"[1] this Court should simply enter an injunction enjoining enforcement of the recruiting prong of Idaho Code § 18-623 (without providing any further guidance or description of what acts are subsumed within this portion of the statute). Response, at 2.

This Court should decline Labrador's invitation. The Defendant's proposal would contravene the requirements of specificity and a detailed description of enjoined activity required by Federal Rule of Civil Procedure 65(d). Plaintiffs' proposed order, in contrast, meets these requirements. In addition, Plaintiffs' proposed order is not, as the Defendant claims, any departure from the Ninth Circuit's decision in this case. To the contrary, every provision in Plaintiffs' proposed modified preliminary injunction was taken from the language of the opinion.[2] This Court should grant Plaintiffs' Motion (Dkt. 55) and enter Plaintiffs' proposed modified preliminary injunction. (Dkt. 55-1).

---

[1] *See* F.R.C.P. 65(d)(B), (C).

[2] In order to avoid unnecessary disputes regarding whether Plaintiffs' proposed modified injunction follows the Ninth Circuit opinion, Plaintiffs submitted to this Court and opposing counsel an annotated version of the proposed preliminary injunction as an exhibit. Dkt. 55-2. This annotated version includes footnotes with pinpoint citation to where the relevant language appears in the Ninth Circuit decision. As a result, it is confounding that the Defendant argues that the "proposed injunction goes far beyond what the Ninth Circuit decision allows," given that the language contained within the proposed injunction comes from the Ninth Circuit decision itself.

REPLY IN SUPPORT OF MOTION TO MODIFY INJUNCTION - 2
128055417.1 0099880-01499

# ARGUMENT

This Court should enter Plaintiffs' proposed modified preliminary injunction because it meets the requirements of Rule 65(d), provides the requisite notice to those charged with enforcement of Idaho Code § 18-623 as to what enforcement actions are prohibited, and provides adequate redress against the harms of overbreadth as identified by the Ninth Circuit in this case. Defendant's proposed order does not meet Rule 65(d)'s requirements and should be rejected by the Court.

**I.     The Defendant's proposed modified injunction violates the requirement of specificity and detailed description of enjoined acts as laid out in F.R.C.P. 65(d); Plaintiffs' proposed modified injunction meets these standards and provides appropriate guidance to those tasked with enforcement of Idaho Code § 18-623.**

Federal Rule of Civil Procedure 65 governs injunctions and restraining orders in civil cases. Among its provisions are a set of requirements for the scope and content of any injunction. A civil injunction, under this Rule, must:

> **(A)** state the reasons why it issued;
>
> **(B)** state its terms specifically; and
>
> **(C)** describe in reasonable detail--and not by referring to the complaint or other document--the act or acts restrained or required.

*See* F.R.C.P. 65(d). The requirements of specificity and a detailed description of the acts being restrained are not idle pronouncements. They serve important functions for those who are subject to the order:

> Rule 65(d) requires every order granting an injunction to state its terms specifically and describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required. **The Rule was designed to prevent uncertainty and confusion on the part of those faced with injunctive orders. Because an injunction prohibits conduct under threat of judicial punishment, basic fairness requires that those enjoined receive explicit notice of precisely what conduct is outlawed.** Under this standard, we have held

> injunctions to be too vague when they enjoin all violations of a statute in the abstract without any further specification, or when they include, as a necessary descriptor of the forbidden conduct, an undefined term that the circumstances of the case do not clarify. Even if it tracks statutory language, a general injunction is not too vague if it relates the enjoined violations to the context of the case. Indeed, we must always apply the fair notice requirement in the light of the circumstances surrounding the injunction's entry: the relief sought by the moving party, the evidence produced at the hearing on the injunction, and the mischief that the injunction seeks to prevent.

*United States v. Philip Morris USA Inc.*, 566 F.3d 1095, 1137 (D.C. Cir. 2009) (cleaned up) (emphasis added). An injunction fails to meet the requirements of Rule 65(d) if its terms are nothing more than a "generalized injunction to obey the law". *Id*.

If the terms of an injunction are non-specific or insufficiently tailored to the acts being enjoined, the injunction is non-enforceable:

> As we have emphasized in the past, the specificity provisions of Rule 65(d) are no mere technical requirements. The Rule was designed to prevent uncertainty and confusion on the part of those faced with injunctive orders, and to avoid the possible founding of a contempt citation on a decree too vague to be understood. Since an injunctive order prohibits conduct under threat of judicial punishment, basic fairness requires that those enjoined receive explicit notice of precisely what conduct is outlawed.

*Schmidt v. Lessard*, 414 U.S. 473, 476 (1974) (cleaned up). In *Schmidt*, the United States Supreme Court reviewed an injunction that enjoined enforcement of the then-existing Wisconsin statutory scheme for involuntary commitments. *Id*. at 474. The Court held that this generalized prohibition against enforcement of the statute fell fatally short of the required degree of specificity:

> The order here falls far short of satisfying the second and third clauses of Rule 65(d). Neither the brief judgment order nor the accompanying opinion is specific in outlining the terms of the injunctive relief granted; nor can it be said that the order describes in reasonable detail the act or acts sought to be restrained. Rather**, the defendants are simply told not to enforce the present Wisconsin scheme against those in the appellee's class**.

*Lessard*, 414 U.S. at 476 (cleaned up).

Defendant's proposed modified injunction suffers from the same fatal flaw as that identified by the United States Supreme Court in *Lessard*. Defendant asks this Court for an order that, in essence, states that enforcement of one very broad component of a statute may not be enforced, while also objecting to this Court describing the specific actions that have been determined by the Ninth Circuit to fall within the statute's "recruitment" provisions. The Defendant's proposal contravenes the legal standards that apply to this Court's discretion.

It is also curious that Defendant claims that supplying a specific, reasonably detailed description of what is being enjoined would "introduce substantial uncertainty in the enforcement of the statute." Response, at 1. As noted by the Court in *Lessard*, the opposite is actually true. The trial court must "carefully frame[ ] its orders of injunctive relief," otherwise the order may be "too vague to be understood" and sow "uncertainty and confusion on the part of those faced with injunctive orders." 414 U.S. at 476-77. If the Defendant is truly concerned with providing clarity to those charged with enforcing Idaho Code § 18-623, then a more detailed and specifically tailored injunction should be what he is seeking. Instead, he asks for the opposite.

Plaintiffs' proposed modified injunction has laid out, in the terms of the Ninth Circuit opinion in this case,[3] those actions the Ninth Circuit found to be within the scope of the

---

[3] Because the language of the Plaintiffs' proposed modified preliminary injunction is merely a reiteration of the Ninth Circuit's language from its decision, it is unclear why or how Labrador can claim that this proposed order would "contradict the mandate" of this same opinion. *See* Response, at 2. The case law cited by Defendant for this proposition actually provides further support for the Plaintiffs' proposed injunction. In *Stacy v. Colvin*, the Ninth Circuit discussed the "rule of mandate"—i.e., the rule that any "district court that has received the mandate of an appellate court cannot vary or examine that mandate for any purpose other than executing it." 825 F.3d 563, 467-68 (9th Cir. 2016). While Defendant's analysis appears to have stopped there, the following sentence from *Stacy* is even more important for this Court: "The district court may, however, decide anything not foreclosed by the mandate." *Id*. at 568. The mandate from the Ninth Circuit decision in this case was for this Court to "modify the preliminary injunction **consistent with this opinion**." *Matsumoto*, 122 F.4th at 816 (emphasis added). Plaintiff's proposed modified preliminary injunction fulfils this mandate.

"recruitment" prong of Idaho Code § 18-623. The Ninth Circuit expressly canvassed the acts falling within this provision in order to adequately address the facial overbreadth issue. *Matsumoto*, 122 F.4th at 807-08 ("The statute's coverage therefore depends upon the meaning of each of these words—recruiting, harboring, transporting—in the context of an adult procuring an abortion for a minor without parental consent. We follow the approach of the Supreme Court and this circuit to assess the scope and potential overbreadth of each term individually."). Every discreet action identified by the Plaintiffs in their proposed modified order is one that the Ninth Circuit opinion either identifies as being within the rubric of "recruitment" under Idaho Code § 18-623, or an action that cannot be criminalized under the statute at all.[4] Plaintiffs' detailed accounting of the acts that are outside the scope of permissible enforcement meets with the requirements of Rule 65(d), as well as the pertinent case law requiring specificity for all injunctions.

II. **Plaintiffs' proposed modified injunction contains the targeted level of specificity to address the underlying harm of overbreadth, thereby meeting the requirement of redressability of harm; Defendant's proposed modified injunction does not.**

"Although a district court has considerable discretion in fashioning suitable relief and defining the terms of an injunction, injunctive relief must be tailored to remedy the specific harm alleged." *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1195 (9th Cir.

---

[4] Defendant also objects to the inclusion of those actions that the Ninth Circuit has held to be categorically outside of the proper scope of Idaho Code § 18-623. *See* Response, at 6. The purpose of including these provisions, however, is to ensure clarity about what the statute does not and cannot prohibit. It eliminates questions about what the government may seek to enforce and ensures that this lawful activity is not unconstitutionally chilled. In any event, there appears to be no conceivable prejudice that would inure to the Defendant and others charged with enforcing Idaho Code § 18-623 in describing and enjoining actions that are outside any proper application of the statute.

2024) (cleaned up). This tailoring involves two considerations. First, the terms must not be broader than necessary to redress the injury shown by the plaintiffs. *Id*. But—as important—the injunction must also be "no narrower than necessary to redress the injury" that the plaintiffs have established. *Id*.

There can be no meaningful dispute that an injunction must be sufficiently tailored and specific to address the threatened harm. This rule traces itself back to the origins of equitable relief at common law:

> We are dealing here with the requirements of equity practice with a background of several hundred years of history. Only the other day we stated that an appeal to the equity jurisdiction conferred on federal district courts is an appeal to the sound discretion which guides the determinations of courts of equity. The historic injunctive process was designed to deter, not to punish. The essence of equity jurisdiction has been the power of the Chancellor to do equity and to mould each decree to the necessities of the particular case. Flexibility rather than rigidity has distinguished it. The qualities of mercy and practicality have made equity the instrument for nice adjustment and reconciliation between the public interest and private needs as well as between competing private claims.

*Hecht Co. v. Bowles*, 321 U.S. 321, 329-30 (1944).

Here, the threatened harm is facial overbreadth and the concomitant chilling of constitutionally protected activity that follows in its wake. For this reason, the equitable remedy needed to address this harm is an order that draws clear boundaries on what is constitutionally permitted, despite the otherwise broad sweep of the statutory terms within Idaho Code § 18-623:

> The reason for the special rule in First Amendment cases is apparent: An overbroad statute might serve to chill protected speech. **First Amendment interests are fragile interests, and a person who contemplates protected activity might be discouraged by the in terrorem effect of the statute. Indeed, such a person might choose not to speak because of uncertainty whether his claim of privilege would prevail if challenged.** The use of overbreadth analysis reflects the conclusion that the possible harm to society from allowing unprotected speech to go unpunished is outweighed by the possibility that protected speech will be muted.

*Bates v. State Bar of Arizona*, 433 U.S. 350, 380 (1977) (emphasis added). This assurance and clarity to the public is particularly vital where, as here, the government appears to take the position that they can seek to prosecute persons for actions that the Ninth Circuit has deemed to be within the facially overbroad "recruitment" prong of the statute. *See* Response, generally.

In addition, the Defendant's protests that several of the identified activities within the proposed injunction were not pled by the individual Plaintiffs in this case as activities they were seeking to engage in misunderstands facial overbreadth. Facial overbreadth is different from other types of constitutional harm:

> An overbreadth challenge is unusual. For one thing, litigants typically lack standing to assert the constitutional rights of third parties. For another, litigants mounting a facial challenge to a statute normally must establish that *no set of circumstances* exists under which the statute would be valid. **Breaking from both of these rules, the overbreadth doctrine instructs a court to hold a statute facially unconstitutional even though it has lawful applications, and even at the behest of someone to whom the statute can be lawfully applied**.
>
> We have justified this doctrine on the ground that it provides breathing room for free expression. **Overbroad laws may deter or chill constitutionally protected speech, and if would-be speakers remain silent, society will lose their contributions to the marketplace of ideas. To guard against those harms, the overbreadth doctrine allows a litigant (even an undeserving one) to vindicate the rights of the silenced, as well as society's broader interest in hearing them speak**. If the challenger demonstrates that the statute prohibits a substantial amount of protected speech relative to its plainly legitimate sweep, then society's interest in free expression outweighs its interest in the statute's lawful applications, and a court will hold the law facially invalid.

*United States v. Hansen*, 599 U.S. 762, 769–70 (2023) (cleaned up) (italics in the original) (bold emphasis added). Accordingly, given the essential character of a finding of First Amendment overbreadth, it is common (and frankly expected) that orders remeding this constitutional defect would include the acts of the plaintiff, as well as the constitutionally protected activity of others not before the court.

Here, the Plaintiffs have shown a substantial likelihood of success on the merits of their claim that the recruitment prong of Idaho Code § 18-623 is unconstitutionally overbroad. *Matsumoto*, 122 F.4th at 808-16. Based on this showing, this Court has both the authority and the duty to enjoin enforcement of the offending provisions of the state law for **all** activities contained within the facially overbroad portions of the statute. *Cf. Ex parte Young*, 209 U.S. 123 (1908).

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that this Court modify its current injunction to the injunction proposed by Plaintiffs. *See* Dkt. 55-1.

DATED: February 27, 2025.        STOEL RIVES LLP

/s/ Wendy J. Olson
Wendy J. Olson

LEGAL VOICE

/s/ Wendy S. Heipt
Wendy S. Heipt
Kelly O'Neill

THE LAWYERING PROJECT

/s/ Jamila A. Johnson
Jamila A. Johnson
Paige Suelzle

*Attorneys for Plaintiffs*

REPLY IN SUPPORT OF MOTION TO MODIFY INJUNCTION - 9
128055417.1 0099880-01499

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on February 27, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following person:

James E.M. Craig
james.craig@ag.idaho.gov

Cristina Sepe
cristina.sepe@atg.wa.gov

Emma Grunberg
Emma.grunberg@atg.wa.gov

Emily MacMaster
emily@macmasterlaw.com

                                            /s/ Wendy J. Olson
                                            Wendy J. Olson