UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LOURDES MATSUMOTO, NORTHWEST ABORTION ACCESS FUND, and INDIGENOUS IDAHO ALLIANCE,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>RAÚL LABRADOR, in his capacity as the Attorney General for the State of Idaho,<br><br>　　　　　　　Defendant. | Case No. 1:23-cv-00323-DKG<br><br>ORDER MODIFYING PRELIMINARY INJUNCTION |

## INTRODUCTION

Before the Court is Plaintiffs' Motion to Modify the Preliminary Injunction. (Dkt. 55). The matter is fully briefed and ripe for consideration. (Dkt. 55, 57). The facts and legal arguments are adequately presented in the record. Accordingly, in the interest of avoiding delay, and because the decisional process would not be significantly aided by oral argument, the motion will be decided on the record. For the reasons that follow, the motion will be granted in part, and a modified preliminary injunction is entered.

## BACKGROUND

On November 8, 2023, the Court entered two orders. The first, granted Plaintiffs' Motion for a Preliminary Injunction, enjoining Attorney General Raúl Labrador, in his official capacity as Attorney General of the State of Idaho, from enforcing Idaho Code Section 18-623. (Dkt. 40). The second, granted in part and denied in part Defendant's

ORDER MODIFYING PRELIMINARY INJUNCTION - 1

Motion to Dismiss, granting dismissal of the right to intrastate travel claim, and denying dismissal as to all other claims. (Dkt. 41). On November 22, 2023, Defendant filed a Notice of Appeal challenging the Court's decision granting the preliminary injunction and the Court's finding that the Attorney General is not immune from suit under the Eleventh Amendment. (Dkt. 43). On January 4, 2024, the Court denied Defendant's motion to stay the preliminary injunction, but stayed further proceedings in the case pending appeal. (Dkt. 51).

On December 2, 2024, the Ninth Circuit issued its decision affirming in part and reversing in part the Order granting a preliminary injunction, and remanded the case to this Court to modify the preliminary injunction consistent with its decision. (Dkt. 53). The Mandate issued on January 23, 2025 and, on the same day, Plaintiffs filed the motion presently before the Court. (Dkt. 54, 55).

## STANDARD OF REVIEW

"Under Rule 65, an injunction order must 'state its terms specifically ... [and] describe in reasonable detail ... the act or acts restrained or required.'" *Melendres v. Skinner*, 113 F.4th 1126, 1139 (9th Cir. 2024) (quoting Fed. R. Civ. P. 65(d)). "Rule 65(d) reflects the 'basic principle' that 'those against whom an injunction is issued should receive fair and precisely drawn notice of what the injunction actually prohibits.'" *In re Natl. Collegiate Athletic Assn. Athletic Grant-in-Aid Cap Antitrust Litigation*, 958 F.3d 1239, 1263 (9th Cir. 2020) (quoting *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1086–87 (9th Cir. 2004) (internal citation omitted)). "The Rule was designed to prevent

uncertainty and confusion on the part of those faced with injunctive orders, and to avoid the possible founding of a contempt citation on a decree too vague to be understood." *Melendres*, 113 F.4th at 1139 (quoting *Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020, 1047 (9th Cir. 2013), quoting *Fortyune*, 364 F.3d at 1087). To satisfy Rule 65(d)'s specificity requirement, an injunction must not be so vague that it has no reasonably specific meaning. *In re Natl. Coll. Athletic Assn.*, 958 F.3d at 1263.

"A district court has considerable discretion in granting injunctive relief and in tailoring its injunctive relief." *United States v. AMC Entm't, Inc.*, 549 F.3d 760, 768 (9th Cir. 2008). "Generally, a court must ensure that the relief is 'tailored to eliminate only the specific harm alleged' and not 'overbroad.'" *United States v. Idaho*, 623 F.Supp.3d 1096, 1106 (D. Idaho 2022) (quoting *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1297 (9th Cir. 1992)). "[I]njunctive relief should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs." *Id.* (quoting *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979). In the context of enjoining a state statute subjected to a constitutional challenge, the Supreme Court has instructed: "Generally speaking, when confronting a constitutional flaw in a statute, we try to limit the solution to the problem. We prefer, for example, to enjoin only the unconstitutional applications of a statute while leaving other applications in force,… or to sever its problematic portions while leaving the remainder intact." *Ayotte v. Planned Parenthood of N. New England*, 546 U.S. 320, 328-29 (2006) (citations omitted); *see also United States v. Idaho*, 623 F.Supp.3d at 1106.

ORDER MODIFYING PRELIMINARY INJUNCTION - 3

**DISCUSSION**

Here, the parties agree the preliminary injunction entered on November 8, 2023 must be modified in accordance with the Ninth Circuit decision and mandate. (Dkt. 55, 56, 57). However, the parties disagree on the terms of the modified injunction. Plaintiffs propose that the modified injunction include a list of eighteen activities precluded from enforcement. (Dkt. 55). Defendant argues Plaintiffs' list of activities exceed the Ninth Circuit decision, and instead propose that the modified injunction simply enjoin the Attorney General from enforcing against Plaintiffs the recruiting prong of Idaho Code Section 18-623. (Dkt. 56).

Having carefully reviewed the Ninth Circuit decision, the parties' submissions, and the entire record herein, the Court will grant in part Plaintiffs' motion and will modify the preliminary injunction to preclude the Attorney General from enforcement of Idaho Code Section 18-623's recruiting provision against Plaintiffs according to the terms stated herein. The Ninth Circuit's discussion of the recruitment provision and the constitutionally protected activities precluded from prosecution under Idaho Code Section 18-623, informs the parameters of the modified preliminary injunction. *Matsumoto v. Labrador*, 122 F.4th 787, 805-815 (9th Cir. 2024). The terms of the injunction stated herein are intended to be consistent with the Ninth Circuit's direction in this regard. *Id.* Accordingly, Defendant is enjoined from enforcing against Plaintiffs the recruiting provision of Idaho Code Section 18-623. The injunction includes, but is not limited to, the activities identified below, to the extent the activities constitute

ORDER MODIFYING PRELIMINARY INJUNCTION - 4

"recruiting," using that term's ordinary meaning of "to seek to persuade, enlist, or induce someone to join an undertaking or organization, to participate in an endeavor, or to engage in a particular activity or event." *Id*. at 808.

1) Supporting, assisting, advocating, joining, belonging to, and soliciting donations for organizations, entities, and individuals that support abortion, including abortions for minors;

2) Providing information, advice, education, support, assistance, resources, and instructions to organizations, entities, the public, and individuals, including minors, about abortion, including the availability and access to abortion, and procuring or obtaining abortion care;

3) Providing logistical, practical, and financial assistance and resources to people, including minors, to access legal abortion;

4) Providing legal advice, assistance, and advocacy to individuals, including minors, about abortion, including abortion care, access to obtaining an abortion, and their legal rights;

5) Providing encouragement, counseling, advice, information, emotional assistance, and support to minors seeking to obtain an abortion or abortion-inducing medication; and

6) Advocacy, education, and campaigns relating to a legal right to abortions and abortion-inducing medication, including for minors.

In determining the terms of the modified injunction, the Court considered the submissions of the parties. Defendant's proposed modification is not sufficiently specific to satisfy Rule 65(d), as it relies solely on Defendant's own interpretation and application of the statute which the Ninth Circuit found to be unconstitutional with regard to recruiting. (Dkt. 56). Plaintiffs understandably have legitimate concerns with regard to whether and how Idaho Code Section 18-623 may be enforced against them. However, Plaintiffs' proposed list of activities is somewhat both under and over inclusive of the

ORDER MODIFYING PRELIMINARY INJUNCTION - 5

conduct the Ninth Circuit found to be unconstitutionally proscribed by the recruiting provision. (Dkt. 55). The Court therefore fashioned the terms of the modified injunction stated herein to provide reasonable specificity to what Defendant is prohibited from prosecuting Plaintiffs for under Idaho Code Section 18-623. *E & J Gallo Winery*, 967 F.2d at 1297 ("Injunctions are not set aside under rule 65(d) unless they are so vague that they have no reasonably specific meaning."). Defendant is directed to abide by the terms of the injunction, consistent with the Ninth Circuit decision, regardless of whether Defendant agrees with the decision or injunction. Any actions by Defendant in contravention of this preliminary injunction will be grounds for contempt.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Stay of proceedings (Dkt. 51) is **LIFTED**. The Motion to Modify Preliminary Injunction (Dkt. 55) is **GRANTED IN PART AND DENIED IN PART**, and the Preliminary Injunction (Dkt. 40), is **HEREBY MODIFIED** and **ENTERED** as follows:

> Attorney General Raúl Labrador, in his official capacity as Attorney General of the State of Idaho, is **HEREBY ENJOINED** from enforcing the "recruiting" provision of Idaho Code Section 18-623, against Plaintiffs Lourdes Matsumoto, Northwest Abortion Access Fund, and Indigenous Idaho Alliance. This injunction includes, but is not limited to, enforcement of the "recruiting" provision of Idaho Code Section 18-623, against Plaintiffs for any of the following listed activities to the extent the activities constitute "recruiting," using that term's ordinary meaning of "to seek to persuade, enlist, or induce someone to join an undertaking or organization, to participate in an endeavor, or to engage in a particular activity or event."
>
> 1) Supporting, assisting, advocating, joining, belonging to, and soliciting donations for organizations, entities, and individuals that support abortion, including abortions for minors;

ORDER MODIFYING PRELIMINARY INJUNCTION - 6

2) Providing information, advice, education, support, assistance, resources, and instructions to organizations, entities, the public, and individuals, including minors, about abortion, including the availability and access to abortion, and procuring or obtaining abortion care;

3) Providing logistical, practical, and financial assistance and resources to people, including minors, to access legal abortion;

4) Providing legal advice, assistance, and advocacy to individuals, including minors, about abortion, including abortion care, access to obtaining an abortion, and their legal rights;

5) Providing encouragement, counseling, advice, information, emotional assistance, and support to minors seeking to obtain an abortion or abortion-inducing medication; and

6) Advocacy, education, and campaigns relating to a legal right to abortions and abortion-inducing medication, including for minors.

This modified preliminary injunction is effective immediately and shall remain in full force and effect until otherwise ordered by this Court, or until, but not later than, entry of a final judgment in this case.

IT IS FURTHER ORDERED that on or before **March 21, 2025**, the parties must confer and submit a Litigation Plan and a Discovery Plan, as applicable, consistent with the Litigation Order previously entered (Dkt. 42); or otherwise jointly notify the Court as to how they intend to proceed in this matter.

DATED: March 7, 2025

_____
Honorable Debora K. Grasham
United States Magistrate Judge