RAÚL R. LABRADOR
ATTORNEY GENERAL

JAMES E. M. CRAIG, ISB #6365
Chief, Civil Litigation and
Constitutional Defense

BRIAN V. CHURCH, ISB #9391
Lead Deputy Attorney General
AARON M. GREEN, ISB #12397
Deputy Attorney General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
james.craig@ag.idaho.gov
brian.church@ag.idaho.gov
aaron.green@ag.idaho.gov

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LOURDES MATSUMOTO, NORTHWEST ABORTION ACCESS FUND, and INDIGENOUS IDAHO ALLIANCE,<br><br>*Plaintiffs*,<br><br>v.<br><br>RAÚL LABRADOR, in his capacity as the Attorney General for the State of Idaho,<br><br>*Defendant.* | Case No. 1:23-cv-00323-DKG<br><br>**ANSWER** |

For his answer, Defendant in his official capacity states as follows for the numbered

paragraphs in the Complaint (Dkt. 1).

ANSWER — 1

## GENERAL RESPONSE

Unless specifically admitted herein, the Attorney General denies each and every allegation, claim, and request for relief contained in the Complaint for Injunctive and Declaratory Relief.[1]

## SPECIFIC RESPONSES

With respect to the specific allegations, claims, and requests for relief contained in the specific paragraphs in the Complaint for Injunctive and Declaratory Relief, the Attorney General responds as follows:

## INTRODUCTION

Unnumbered introduction: In response to all unnumbered paragraphs in the introduction, the Attorney General acknowledges that these paragraphs reflect the Plaintiffs' understanding of the Complaint and its allegations. To the extent a response is required, these paragraphs are denied.

## PARTIES

1. Defendant lacks sufficient knowledge as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

2. Defendant lacks sufficient knowledge as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

3. Defendant lacks sufficient knowledge as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

---

[1] While the Attorney General is using Plaintiffs' headings for ease of reference, any express or implied allegations contained in the headings are denied unless expressly admitted.

4. Defendant lacks sufficient knowledge as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

5. Defendant lacks sufficient knowledge as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

6. Defendant lacks sufficient knowledge as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

7. Defendant admits that he is the Attorney General for the State of Idaho. Defendant notes that this paragraph contains Plaintiffs' characterization of Idaho Code § 18-623; to the extent Plaintiffs mischaracterize Idaho Code § 18-623 such characterization is denied. This paragraph is otherwise denied.

## JURISDICTION AND VENUE

8. Defendant denies the allegations in paragraph 8.

9. Defendant notes that this paragraph contains Plaintiffs' characterization of federal statutes, rules, and the Court's authority; to the extent Plaintiffs mischaracterize those sources such characterization is denied. This paragraph is otherwise denied.

10. Without waiving his challenge to jurisdiction, Defendant admits that venue is proper.

## FACTUAL ALLEGATIONS

### A. Idaho enacts its abortion travel ban.

11. Defendant admits the cited legislative history of 2023 Idaho House Bill 242. Defendant denies that House Bill 98 was ever legislatively amended or "reintroduced."

12. Defendant admits the quoted selections of legislative history are accurate. Defendant denies any implied allegations from this paragraph.

13. Defendant admits the Complaint correctly quotes a signing letter sent from Governor Little to the Idaho House of Representatives on April 5, 2023.

14. Defendant admits the Complaint correctly quotes a signing letter sent from Governor Little to the Idaho House of Representatives on April 20, 2023.

15. Defendant admits that H.B. 242 contained an emergency clause and is codified at Idaho Code § 18-623. Defendant further admits that H.B. 242 took effect on May 5, 2023. Defendant denies all other allegations.

16. Defendant admits the text of Idaho Code Section 18-623. Defendant denies any other implied allegations.

17. Defendant denies the allegations in paragraph 17.

18. Defendant denies the allegations in paragraph 18.

### B. The abortion travel ban has harmful effects.

19. Defendant denies the first sentence. Regarding the remainder of the paragraph, Defendant lacks sufficient knowledge concerning the truth or falsity of the allegations in the paragraph and therefore denies the same.

20. Defendant lacks sufficient knowledge concerning the truth or falsity of the allegations in the paragraph and therefore denies the same

21. Defendant lacks sufficient knowledge concerning the truth or falsity of the allegations in the paragraph and therefore denies the same.

22. Defendant admits that Planned Parenthood performs abortions in Ontario, Oregon. Regarding what other services Planned Parenthood provides Defendant lacks sufficient knowledge concerning the truth or falsity of the allegations in the paragraph and therefore denies the same Defendant denies all other allegations in the paragraph.

23. Defendant lacks sufficient knowledge concerning the truth or falsity of the allegations in the paragraph and therefore denies the same

24. Defendant lacks sufficient knowledge as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

25. Defendant lacks sufficient knowledge as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

26. Defendant denies the allegations in paragraph 26. Defendant avers that parents and legal guardians are generally in the best position to help their children make the difficult decisions that are required in deciding whether to have an abortion, and efforts by unrelated third parties to cut parents out of that decision are a violation of the parents' fundamental right to make decisions concerning the care, custody and control of their children.

27. Defendant denies the allegations in paragraph 27 and further denies that the State of Idaho should have no say in determining whether abortions should be legal or not. Defendant admits that pregnancy, childbirth, and parenting may significantly impact an individual's physical and mental health, finances, and personal relationships. Defendant admits that the decision of whether to become a parent is extremely personal. Defendant admits that parents and legal guardians are generally in the best

position to help their children navigate these decisions, and avers that efforts by unrelated third parties to cut parents out of that decision are a violation of the parents' fundamental right to make decisions concerning the care, custody and control of their children. Defendant lacks sufficient knowledge as to the truth or falsity of the remaining allegations in this paragraph and therefore denies the same.

28. Defendant denies the allegations in paragraph 28. Defendant denies that Idaho Code § 18-623 violates the U.S. Constitution. Defendant avers that parents and legal guardians are generally in the best position to help their children make the difficult decisions that are required in deciding whether to have an abortion, and efforts by unrelated third parties to cut parents out of that decision are a violation of the parents' fundamental right to make decisions concerning the care, custody and control of their children

29. Defendant denies the allegations in paragraph 29.

30. Defendant denies the allegations in paragraph 30.

31. Defendant denies the allegations in paragraph 31.

32. Defendant denies that Idaho Code § 18-609A is no longer in effect. When an abortion is allowed under Idaho Code § 18-622, Defendant admits that Idaho Code § 18-609A provides a procedure for a minor to obtain judicial authority to obtain an abortion in the absence of parental consent. Defendant denies the remaining allegations in this paragraph.

33. Defendant denies the allegations in paragraph 33.

34. Defendant lacks sufficient knowledge as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

35. Defendant lacks sufficient knowledge as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

36. Defendant lacks sufficient knowledge as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

37. This paragraph contains Plaintiffs' characterization of information from the American College of Obstetricians and Gynecologists ("ACOG"); to the extent Plaintiffs mischaracterize such information, such characterization is denied. Defendant denies the remaining allegations in this paragraph.

38. This paragraph contains Plaintiffs' characterization of information from ACOG; to the extent Plaintiffs mischaracterize such information, such characterization is denied. Regarding the allegations, Defendant lacks sufficient knowledge as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

39. Defendant lacks sufficient knowledge as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

**C. Plaintiffs seek to assist minors in obtaining lawful abortion services.**

40. Defendant denies that abortion trafficking communicates solidarity or support for pregnant minors, and avers that abortion trafficking itself isolates a minor from parents or legal guardians. Defendant otherwise lacks sufficient knowledge as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

41. Defendant denies that abortion trafficking is protected First Amendment activity. Defendant otherwise lacks sufficient knowledge as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

42. Defendant lacks sufficient knowledge as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

43. Defendant lacks sufficient knowledge as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

44. Defendant lacks sufficient knowledge as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

45. Defendant lacks sufficient knowledge as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

46. Defendant lacks sufficient knowledge as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

47. Defendant lacks sufficient knowledge as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

48. Defendant lacks sufficient knowledge as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

49. Defendant lacks sufficient knowledge as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

50. Defendant lacks sufficient knowledge as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

51. Defendant lacks sufficient knowledge as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

52. Defendant lacks sufficient knowledge as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

53. Defendant lacks sufficient knowledge as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

54. Defendant lacks sufficient knowledge as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

55. Defendant lacks sufficient knowledge as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

56. Defendant lacks sufficient knowledge as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

57. Defendant denies that abortion trafficking, to the extent that Plaintiffs have or do engage in it, supports or aids minors, and avers that abortion trafficking by unrelated third parties is both harmful to minors and violates parental rights to care and custody of that minor. Defendant otherwise lacks sufficient knowledge as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

**D. The U.S. Constitution requires that criminal statutes provide adequate notice of what conduct is prohibited.**

58. Defendant denies that Idaho Code § 18-623 violates the U.S. Constitution. This paragraph contains Plaintiffs' characterization of the U.S. Constitution; to the extent Plaintiffs mischaracterize the U.S. Constitution such characterization is denied. This paragraph is otherwise denied.

59. This paragraph contains Plaintiffs' characterization of the U.S. Constitution and the cited paragraphs; to the extent Plaintiffs mischaracterize the U.S. Constitution and the cited sources such characterization is denied. This paragraph is otherwise denied.

60. Defendant denies the allegations in paragraph 60.

61. Defendant denies the allegations in paragraph 61.

62. Defendant denies the allegations in paragraph 62.

63. Defendant denies the allegations in paragraph 63.

64. Defendant denies that Idaho Code § 18-623 is vague. This paragraph contains Plaintiffs' characterization of Idaho Code § 18-623; to the extent Plaintiffs mischaracterize Idaho Code § 18-623 such characterization is denied. This paragraph is otherwise denied.

65. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, it is denied.

66. Defendant denies that Idaho Code § 18-623 is vague, and otherwise denies this paragraph.

67. Defendant denies that Idaho Code § 18-623 is vague. Defendant lacks sufficient knowledge as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

68. Defendant denies that Idaho Code § 18-623 is vague. Defendant lacks sufficient knowledge as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

### E. The U.S. Constitution guarantees and protects plaintiffs' right to travel freely among and across state borders.

69. This paragraph contains Plaintiffs' characterization of a Supreme Court case; to the extent Plaintiffs mischaracterize the Supreme Court case such characterization is denied. This paragraph is otherwise denied.

70. This paragraph contains Plaintiffs' characterization of a Supreme Court case; to the extent Plaintiffs mischaracterize the Supreme Court case such characterization is denied. Defendant denies that Idaho Code § 18-623 violates the U.S. Constitution. This paragraph is otherwise denied.

71. Defendant denies the allegations in paragraph 71.

72. Defendant denies the allegations in paragraph 72.

73. Defendant denies the allegations in paragraph 73.

74. This paragraph contains Plaintiffs' characterization of Idaho Code § 18-623; to the extent Plaintiffs mischaracterize Idaho Code § 18-623 such characterization is denied. Defendant denies that Idaho Code § 18-623 violates the U.S. Constitution. This paragraph is otherwise denied.

75. Defendant denies the allegations in paragraph 75.

76. This paragraph contains Plaintiffs' characterization of case law; to the extent Plaintiffs mischaracterize the case law such characterization is denied. This paragraph is otherwise denied.

77. Defendant denies the first sentence. Defendant admits that the quoted selections of legislative commentary are accurate quotations. Defendant denies all other allegations.

78. Defendant admits that the quoted selections of legislative commentary are accurate quotations. Defendant denies all other allegations.

79. Defendant denies the first sentence. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the last sentence. This paragraph is otherwise denied.

80. Defendant denies the allegations in paragraph 80.

81. Defendant denies the allegations in paragraph 81.

**F. The U.S. Constitution protects plaintiffs' rights to freely associate, speak, and fund others' travel across state borders.**

82. This paragraph contains Plaintiffs' characterization of case law; to the extent Plaintiffs mischaracterize the case law such characterization is denied. This paragraph is otherwise denied.

83. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, it is denied.

84. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, it is denied.

85. This paragraph contains Plaintiffs' characterization of case law; to the extent Plaintiffs mischaracterize the case law such characterization is denied. This paragraph is otherwise denied.

86. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, it is denied.

87. This paragraph contains Plaintiffs' characterization of a Supreme Court case; to the extent Plaintiffs mischaracterize the Supreme Court case such characterization is

denied. Defendant denies that Idaho Code § 18-623 violates the First Amendment. This paragraph is otherwise denied.

88. Defendant denies the allegations in paragraph 88.

89. Defendant denies the allegations in paragraph 89.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF
## (IDAHO CODE § 18-623 IS UNCONSTITUTIONALLY VOID FOR VAGUENESS)

90. There are no new allegations in this paragraph. To the extent a response is required, Defendant re-responds to the incorporated paragraphs.

91. This paragraph contains Plaintiffs' characterization of the Fourteenth Amendment; to the extent Plaintiffs mischaracterize the Fourteenth Amendment such characterization is denied. This paragraph is otherwise denied.

92. This paragraph contains Plaintiffs' characterization of the Fourteenth Amendment; to the extent Plaintiffs mischaracterize the Fourteenth Amendment such characterization is denied. Defendant denies that Idaho Code § 18-623 is vague. This paragraph is otherwise denied.

93. Defendant denies the allegations in paragraph 93.

94. Defendant denies the allegations in paragraph 94.

95. Defendant denies the allegations in paragraph 95.

96. Defendant denies the allegations in paragraph 96.

97. The first sentence paragraph contains Plaintiffs' characterization of Idaho Code § 18-623; to the extent Plaintiffs mischaracterize Idaho Code § 18-623 such characterization is denied. The remaining allegations are denied. This paragraph is otherwise denied.

98. Idaho Code § 18-623 does provide an affirmative defense. The remaining allegations in this paragraph are denied.

99. Defendant denies the allegations in paragraph 99.

100. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, it is denied.

101. Defendant denies that Plaintiffs are entitled to any relief whatsoever.

## SECOND CLAIM FOR RELIEF
### (INFRINGEMENT ON THE FUNDAMENTAL RIGHT TO INTERSTATE TRAVEL)

102. There are no new allegations in this paragraph. To the extent a response is required, Defendant re-responds to the incorporated paragraphs.

103. This paragraph contains Plaintiffs' characterization of a Supreme Court case; to the extent Plaintiffs mischaracterize the Supreme Court case such characterization is denied. This paragraph is otherwise denied.

104. This paragraph contains Plaintiffs' characterization of Supreme Court cases; to the extent Plaintiffs mischaracterize the Supreme Court cases such characterization is denied. This paragraph is otherwise denied.

105. Defendant denies the allegations in paragraph 105.

106. Defendant denies the allegations in paragraph 106.

107. Defendant denies the allegations in paragraph 107.

108. Defendant lacks sufficient knowledge as to the truth or falsity of the allegations in this paragraph related to Plaintiffs' plans and therefore denies the same. Defendant denies the remains allegations.

109. Defendant denies the allegations in paragraph 109.

110. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, it is denied.

111. Defendant denies that Plaintiffs are entitled to any relief whatsoever.

### THIRD CLAIM FOR RELIEF
### (INFRINGEMENT ON THE FUNDAMENTAL RIGHT TO INTERSTATE TRAVEL)

112. There are no new allegations in this paragraph. To the extent a response is required, Defendant re-responds to the incorporated paragraphs.

113. This paragraph contains Plaintiffs' characterization of a Supreme Court case; to the extent Plaintiffs mischaracterize the Supreme Court case such characterization is denied. This paragraph is otherwise denied.

114. This paragraph contains Plaintiffs' characterization of a Supreme Court case; to the extent Plaintiffs mischaracterize the Supreme Court case such characterization is denied. This paragraph is otherwise denied.

115. Defendant denies the allegations in paragraph 115.

116. Defendant denies the allegations in paragraph 116.

117. Defendant denies the allegations in paragraph 117.

118. Defendant denies the allegations in paragraph 118.

119. Defendant denies the allegations in paragraph 119.

120. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, it is denied.

121. Defendant denies that Plaintiffs are entitled to any relief whatsoever.

## FOURTH CLAIM FOR RELIEF
### (INFRINGEMENT ON FIRST AMENDMENT RIGHTS)

122. There are no new allegations in this paragraph. To the extent a response is required, Defendant re-responds to the incorporated paragraphs.

123. Defendant admits that the First Amendment speaks for itself. To the extent that any other allegation is implied it is denied.

124. Defendant denies the allegations in paragraph 124.

125. Defendant denies the allegations in paragraph 125.

126. Defendant denies the allegations in paragraph 126.

127. Defendant denies the allegations in paragraph 127.

128. Defendant denies the allegations in paragraph 128.

129. Defendant denies the allegations in paragraph 129.

130. Defendant denies the allegations in paragraph 130.

131. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, it is denied.

132. Defendant denies that Plaintiffs are entitled to any relief whatsoever.

## PRAYER FOR RELIEF

1. This paragraph and its subparts are a request for relief and no response is required. To the extent a response is required, Defendant denies that Plaintiffs are entitled to any relief whatsoever.

2. This paragraph and its subparts are a request for relief and no response is required. To the extent a response is required, Defendant denies that Plaintiffs are entitled to any relief whatsoever.

3. This paragraph and its subparts are a request for relief and no response is required. To the extent a response is required, Defendant denies that Plaintiffs are entitled to any relief whatsoever.

4. This paragraph and its subparts are a request for relief and no response is required. To the extent a response is required, Defendant denies that Plaintiffs are entitled to any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

1. Defendant is immune from suit.

2. Plaintiffs' claims are barred to the extent that Plaintiffs' lack standing to assert their claims.

3. The Complaint fails to state a claim for relief.

4. This Court lacks jurisdiction over Plaintiffs' claims.

5. Plaintiffs' claims are inconsistent with an issue of state law.

6. Plaintiffs' request for injunctive relief does not show or sufficiently allege the likelihood of future injury or irreparable harm.

7. That the allegations contained in Plaintiffs' Complaint do not rise to the level of a deprivation of rights that are protected by the Constitution or any of the legal provisions referred to in the Complaint.

8. Plaintiffs are barred from seeking equitable relief because they lack clean hands.

## RESERVATION OF DEFENSES

Defendants reserve the right to supplement these defenses with any additional defenses that subsequently become available during discovery or trial.

WHEREFORE, having fully answered the Complaint, the Attorney General requests that the Court enter an order and judgment:

1. Dismissing the Complaint with prejudice;

2. That Plaintiffs take nothing by this action;

3. That judgment be entered in favor of the Attorney General and against Plaintiffs;

4. Awarding the Attorney General his costs and attorney's fees; and

5. Providing such other relief as it deems appropriate and just.

DATED: April 9, 2025

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL


/s/ *Aaron M. Green*
AARON M. GREEN
Deputy Attorney General

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 9, 2025, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Cristina Sepe
cristina.sepe@atg.wa.gov

Emily A MacMaster
emacmaster07@gmail.com
emily@macmasterlaw.com

Emma Grunberg
emma.grunberg@atg.wa.gov

Wendy Olson
wendy.olson@stoel.com
docketclerk@stoel.com
emina.hasonovic@stoel.com
hillary.bibb@stoel.com
karissa.armbrust@stoel.com
kelly.tonikin@stoel.com
tracy.horan@stoel.com

Jamila Asha Johnson
jjohnson@lawyeringproject.org

Kelly O'Neill
koneill@lagalvoice.org

Paige Butler Suelzle
psuelzle@lawyeringproject.org

Wendy S. Heipt
wheipt@legalvoice.org

*Counsel for Plaintiffs*

/s/ *Aaron M. Green*
AARON M. GREEN