UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LOURDES MATSUMOTO, NORTHWEST ABORTION ACCESS FUND, and INDIGENOUS IDAHO ALLIANCE,<br><br>    Plaintiffs,<br><br>v.<br><br>RAÚL LABRADOR, in his capacity as the Attorney General for the State of Idaho<br><br>    Defendant. | Case No. 1:23-CV-00323-DKG<br><br>**ORDER** |

      Before the Court is a Motion to Quash Subpoena filed by Right to Life of Idaho, Inc., an entity not named as a party in this action. (Dkt. 72). The motion is fully briefed. (Dkt. 87. 88, 93). The facts and legal arguments are adequately presented in the record. Accordingly, in the interest of avoiding delay, and because the decisional process would not be significantly aided by oral argument, the motion will be decided on the record.[1] For the reasons that follow, the motion will be granted in part and denied in part.

---

[1] For this reason, the motion for hearing is denied. (Dkt. 102).

**ORDER - 1**

## BACKGROUND

This case challenges the constitutionality of Idaho Code Section 18-623, which "criminalizes 'abortion trafficking' defined as '[a]n adult who, with the intent to conceal an abortion from the parents or guardian of a pregnant, unemancipated minor, either procures an abortion,…or obtains an abortion-inducing drug…by recruiting, harboring, or transporting the pregnant minor within' the state of Idaho." *Matsumoto v. Labrador*, 122 F.4th 787, 796 (9th Cir. 2024) (quoting I.C. § 18-623(1)); (Dkt. 1). Plaintiffs are an individual and two advocacy organizations who seek to counsel pregnant minors in Idaho and provide material support to access legal abortion in other states. *Id*. at 795. Defendant is the Idaho Attorney General. Plaintiffs assert claims alleging Idaho Code Section 18-623 is void for vagueness under the Fourteenth Amendment, violates their First Amendment rights, and infringes on their right to interstate travel. (Dkt. 1, 41).   On September 12, 2025, Plaintiffs served a subpoena duces tecum to Right to Life of Idaho, Inc. (RLI), an entity not named as a party in this action, requesting production of five categories of documents and materials. (Dkt. 72-3). RLI objected to the subpoena, to which Plaintiffs responded by proposing "narrow[ed]" requests for production. (Dkt. 72-4). On October 23, 2025, RLI filed the motion presently before the Court seeking to quash the subpoena under Federal Rule of Civil Procedure 45(d)(3).[2]

---

[2] Plaintiffs issued a similar subpoena to the National Right to Life Committee, Inc. (NRLC), which is the subject of a separate motion to quash pending in the District Court for the District of Columbia. (Dkt. 72-1 at 4 n.2; Dkt. 87 at 3 n.1).

**ORDER - 2**

**STANDARD OF LAW**

Under Federal Rule of Civil Procedure 34(c), a nonparty may be compelled to produce documents and tangible things or to permit an inspection pursuant to a subpoena issued as provided in Rule 45. The scope of discovery allowable through a subpoena under Rule 45 is the same as that permitted under Rule 26(b). Fed. R. Civ. P. 45 advisory committee note (1970) ("[T]he scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules."); Fed. R. Civ. P. 34(a) ("A party may serve on any party a request within the scope of Rule 26(b).").

Upon a timely motion, the Court must quash or modify a subpoena under Rule 45(d) where, as relevant here, the subpoena requires disclosure of privilege or other protected matter, or subjects the recipient to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv). The burden of persuasion is on the party moving to quash the subpoena. *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal 2005). The party issuing the subpoena must demonstrate the requested discovery is relevant. *Nachison v. American Airlines, Inc.*, 2025 WL 346081, at *2 (N.D. Cal. Jan. 30, 2025).

**DISCUSSION**

On this motion, RLI seeks to quash the subpoena issued by Plaintiffs on the basis of First Amendment privilege, relevancy, overbreadth, and undue burden. (Dkt. 72, 93). Defendant argues the subpoena should be quashed because the requested discovery is irrelevant. (Dkt. 88). Plaintiffs oppose the motion in all respects, arguing the requested information is not privileged, the information is relevant to the right to interstate travel

ORDER - 3

claim, and the narrowed subpoena requests are not overbroad or unduly burdensome. (Dkt. 87).

The parties and RLI present differing perspectives of the information sought in the subpoena. The subpoena requests, as "narrowed," state as follows:

1. Communications with Idaho legislators or legislative staff concerning H.B. 242 or H.B. 98, including any attachments, talking points, or materials prepared *for dissemination to* legislators; and

2. Documents created for the purpose of communicating with legislators about those "abortion trafficking" bills like H.B. 242 and H.B. 98 – such as drafts of model language, position summaries, or legislative fact sheets – *to the extent such materials were shared externally or intended for legislative audiences*.

(Dkt. 72-4) (italics in original).[3] The subpoena expressly does "not seek internal deliberations, membership information, strategic planning materials, or communications solely among NRLC, RLI, or their affiliates unrelated to direct legislative engagement." (Dkt. 72-4).

The parties and RLI dispute whether and to what extent the subpoena seeks internal materials. The Court finds the language of the narrowed subpoena requests could be construed to encompass both internal and external materials. For the reasons stated herein, the Court will limit the subpoena to exclude purely internal materials but will allow discovery of communications, documents, and materials actually provided to Idaho

---

[3] H.B. 98 and H.B. 242 were the pieces of legislation introduced during the 2023 Idaho legislative session that became Idaho's Abortion Trafficking law, codified as Idaho Code Section 18-623.

**ORDER - 4**

legislators and legislative staff that concern the legislation relevant to this case. The term "purely internal" refers to communications, documents, and materials that were not provided to Idaho legislators or legislative staff, as distinguished from "external" communications, documents, and materials that were so provided. With this context in mind, the Court finds as follows.

1. **First Amendment Privilege**

"A party who objects to a discovery request as an infringement of the party's First Amendment rights is in essence asserting a First Amendment *privilege*." *Perry v. Schwarzenegger*, 591 F.3d 1147, 1160 (9th Cir. 2010) (italics in original) (citations omitted). A claim of First Amendment privilege is subject to a two-part analysis. *Id.* First, the party asserting the privilege must make "a 'prima facie showing of arguable first amendment infringement,'" which requires demonstrating "'that enforcement of the [discovery requests] will result in (1) harassment, membership withdrawal, or discouragement of new members, or (2) other consequences which objectively suggest an impact on, or 'chilling' of, the members' associational rights.'" *Id.* (quoting *Brock v. Local 375, Plumbers Int'l Union of Am.*, 860 F.2d 346, 350 (9th Cir. 1988) (citation omitted brackets in original)). Second, if the party asserting the privilege makes such a showing, the burden shifts to the party seeking discovery to "demonstrate that the information sought through the [discovery] is rationally related to a compelling governmental interest ... [and] the 'least restrictive means' of obtaining the desired information." *Id.* at 1161. The second part of the analysis is meant to determine whether

**ORDER - 5**

the party seeking the discovery has demonstrated an interest in obtaining the requested disclosures that is sufficient to justify the infringement on the First Amendment right asserted, not necessarily to preclude discovery. *Id*.

### A.  First Amendment Infringement

RLI bears the initial burden to establish a prima facie case of a First Amendment infringement. *Perry*, 591 F.3d at 1160. RLI asserts its internal and external communications and documents; political advocacy activities, messaging, and communications; and strategic operations are protected from disclosure by the First Amendment privilege. (Dkt. 72, 93). Compelled disclosure of certain internal communications, documents, and materials of the type alleged here could be shown to have a deterrent or chilling impact on First Amendment rights. *Perry*, 591 F.3d at 1159. "Effective advocacy of both public and private points of view, particularly controversial ones, is undeniably enhanced by group association…." *Id.* (quoting *NAACP v. Alabama*, 357 U.S. 449, 460 (1958)). "The First Amendment protects political association as well as political expression," *Buckley v. Valeo*, 424 U.S. 1, 15 (1976), and the "freedom to associate with others for the common advancement of political beliefs and ideas is ... protected by the First and Fourteenth Amendments." *Kusper v. Pontikes*, 414 U.S. 51, 56–57 (1973).

Here, however, RLI has not carried its burden at part one of the *Perry* analysis to show an arguable First Amendment infringement in this case. *Perry*, 591 F.3d at 1160, 1163; (Dkt. 72, 93). RLI's conclusory contention that a First Amendment privilege of its

**ORDER - 6**

internal and external communications is "self-evident" and "common sense" given the nature of the First Amendment chill that arises through compelled disclosure of core political speech is insufficient. (Dkt. 72, at 11-12; Dkt. 93 at 2-3). While political speech, advocacy, and association are important First Amendment rights, asserting the First Amendment privilege requires more than stating one engages in political activity and therefore disclosure of communications and materials will result in an unconstitutional chilling or other infringement on First Amendment rights. Indeed, in the cases RLI relies on to support its contention, the parties asserting the First Amendment privilege made a prima facie case by submitting declarations and privilege logs. *LeGrand v. Abbott Labs.*, 2024 WL 4469099, at *1 (N.D. Cal. Oct. 9, 2024); *Apple Inc. v. Match Group, Inc.*, 2021 WL 3727067 (N.D. Cal. Aug. 19, 2021). Here, no privilege log was submitted describing the nature of the documents and communications that RLI contends fall within the First Amendment privilege. Fed. R. Civ. P. 26(b)(5)(A), 45(e)(2)(A)(ii); *Perry*, 591 F.3d at 1153 n. 1 (stating "some form of privilege log is required" to assert the First Amendment privilege). Instead, RLI submitted the Declaration of Emily Naugle with its reply brief to demonstrate that enforcement of the discovery requests will deter and chill communication and participation in and with RLI by its members, donors, volunteers, participants, and those with whom RLI seeks to communicate and affiliate; impact its

associations; and harm its effectiveness. (Dkt. 93-1, Dec. Naugle).[4] As such, the Naugle Declaration does no more than make the same broad allegations and conclusions of the deterrent and chilling impacts that compelled disclosure would have on RLI's association rights, participation, and effectiveness, as set forth in RLI's briefing. While these are the types of harms that may invoke the First Amendment privilege, the Court finds the general references to "private," "internal," and "strategic" communications and documents, and the conclusory assertions of privilege contained in RLI's briefing and the Naugle Declaration do not demonstrate an arguable First Amendment infringement as to all of the requested discovery in this case consistent with the directives in *Perry*, let alone a privilege in the limited discovery allowed herein. *Perry*, 591 F.3d at 1153 n. 1, 1160; *Mi Familia Vota v. Hobbs*, 343 F.R.D. 71, 84-85 (D. Ariz. 2022).

At best, the Naugle Declaration could possibly demonstrate that some of the information requested – purely internal communications and documents – implicates First Amendment interests. *Perry*, 591 F.3d at 1159-1164. The concerns relevant to RLI's purely internal communications and materials are addressed by the Court's limitations on

---

[4] Generally, courts will not consider new evidence in a reply without first giving the non-movant an opportunity to respond. *Provenz v. Mille*r, 102 F.3d 1478, 1483 (9th Cir. 1996). However, courts may consider evidence rebutting arguments raised for the first time in the non-movant's opposition. *BME Fire Trucks LLC, et al. v. Cincinnati Casualty Co.*, 2025 WL 3443532, at *7 (D. Idaho Dec. 1, 2025). Here, RLI bears the initial burden to establish the prima facie First Amendment privilege, and should have provided all materials relevant to that burden with its opening brief. *Perry*, 591 F.3d at 1160; Fed. R. Civ. P. 6(c)(2); Local Civ. R. 7.1(b)(2). Nevertheless, the Court has considered the Declaration as "rebuttal" evidence to Plaintiffs' response brief, and because the Declaration encompasses arguments made in RLI's opening brief. (Dkt. 87 at 6, n. 3; Dkt. 93 at 3, n. 4). Going forward, the parties and all participants in this litigation are directed to submit any and all supporting materials with their initial briefing.

**ORDER - 8**

the discovery that will be allowed, discussed below. Still, no prima facie showing of a First Amendment privilege has been made as to external communications, documents, and materials provided to or with Idaho legislators and legislative staff about H.B. 98 or H.B. 242. *See e.g., Sol v. Whiting*, 2013 WL 12098752, at *2 (D. Ariz. Dec. 11, 2013); *La Union Del Pueblo Entero v. Abbott*, 2022 WL 17574079, at * 7 n. 10 (W.D. Texas Dec. 9, 2022) ("The Court will not presume that a protected associational relationship exists between a party and every other person or entity with whom they share common beliefs or goals…such an expansive view of the associational privilege would swallow the discovery process altogether."). Based on the foregoing, the Court finds RLI has not met its prima facie burden at the first part of the *Perry* analysis.[5] The Court will next evaluate the relevancy and the need for the discovery.[6]

## B. Relevance and Need for the Discovery

At the second part of the *Perry* analysis, the burden shifts to the party seeking discovery to demonstrate "an interest in obtaining the disclosures it seeks…which is sufficient to justify the deterrent effect…on the free exercise…of [the] constitutionally

---

[5] In so finding, the Court is not minimizing the important First Amendment interests implicated here nor deciding whether any particular materials are discoverable. Rather, the Court is simply unable to conclude on this record that RLI has shown an arguable First Amendment infringement in all of its internal and external communications. *See e.g., Mi Familia Vota*, 343 F.R.D. at 83-85.

[6] While RLI has not met its initial burden, the Court will proceed to discuss relevance as discovery can only be requested or compelled that is relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1); (b)(2)(C)(iii). In doing so, the Court will apply the heightened relevancy standard of the First Amendment privilege test given the possibility that the requested discovery involves political speech and association, the unique circumstances in this case, and because the outcome is the same under either standard.

**ORDER - 9**

protected right of association." 591 F.3d at 1161 (quoting *NAACP*, 357 U.S. at 463). To make this determination, the Court balances the burdens on RLI against the significance of the interest in disclosure, and considers the importance of the litigation, the "centrality of the information sought to the issues in the case," whether less intrusive means of obtaining information exist, and the "substantiality of the First Amendment interests at stake." *Id*. The party seeking the discovery must show that the information requested is "highly relevant to the claims or defenses in the litigation – a more demanding standard of relevance than that under Federal Rule of Civil Procedure 26(b)(1)," and the request must "be carefully tailored to avoid unnecessary interference with protected activities, and the information must be otherwise unavailable." *Id*.[7] Further, the Court is mindful that nonparties subject to Rule 45 subpoena requests are afforded special consideration. *See e.g. Mi Familia Vota*, 343 F.R.D. at 81-82.

    Here, Plaintiffs point to the right to interstate travel claim as the basis for needing the requested discovery and its relevance. (Dkt. 87). The right to interstate travel claim alleges that Idaho Code Section 18-623 violates Plaintiffs' right to enter one state and leave another. (Dkt. 1 at ¶¶ 73-75, 79, 102-111). "A state law implicates the right to travel when it actually deters such travel,...when impeding travel is its primary objective,...or

---

[7] Under Rule 26(b)(1), the scope of discovery is any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake, the amount in controversy, the parties' relative access to the information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs the likely benefit. Fed. R. Civ. P. 26(b)(1). "Information within the scope of discovery need not be admissible in evidence to be discoverable." *Id.*

**ORDER - 10**

when it uses any classification which serves to penalize the exercise of that right." *Attorney Gen. of N.Y. v. Soto-Lopez*, 476 U.S. 898, 902 (1986) (citations and marks omitted); *Yellowhammer Fund v. Marshall*, 776 F.Supp.3d 1071, 1096-1104 (M.D. Ala. 2025).

Plaintiffs contend the information sought is necessary and relevant to establishing that Idaho Code Section 18-623's primary objection is impeding travel. (Dkt. 87). Defendant maintains legislative motive is irrelevant and the only questions presented in this litigation are of statutory construction. (Dkt. 88). RLI agrees with Defendant and further argues the motivation of individual legislators is irrelevant, the requests are not the least restrictive means of obtaining the information and are unduly burdensome, and the weighing of the burdens weigh in favor of RLI. (Dkt. 72, 93). Plaintiffs maintain the balancing of interests favors disclosure, which is the least intrusive means of obtaining the necessary information, is not unduly burdensome, and is not overbroad. (Dkt. 87).

Preliminarily, the Court finds certain aspects of the Plaintiffs' proposed narrowed subpoena requests are overbroad and include materials that are not relevant. (Dkt. 72-4). Specifically, the requests for communications or materials that were not actually provided to Idaho legislators or legislative staff concerning H.B. 242 and H.B. 98. Materials or information "prepared for dissemination" or "created for the purpose of communicating with legislators," but not actually shared with legislators or legislative staff, are not relevant to the issue of whether the primary objective of the challenged statute is impeding travel. Any communications or materials RLI prepared, created, or discussed

**ORDER - 11**

internally but never provided to or communicated with Idaho legislators have no bearing on the primary objective of the legislation at issue in this case. Accordingly, the Court will limit Plaintiffs subpoena request to the following:

> Communications with Idaho legislators or legislative staff concerning H.B. 242 or H.B. 98, including any attachments, talking points, or materials actually disseminated to Idaho legislators or legislative staff concerning H.B. 242 or H.B. 98.

As limited, this subpoena request is carefully tailored to avoid unnecessary interference with any protected activities and to produce discovery that is directly relevant to the claims in this case.

Utilizing the above limited subpoena request, the Court next considers whether the information sought through discovery is highly relevant to the claims or defenses in the litigation such that the interests in obtaining the discovery is sufficient to justify the impact on RLI's interests. *Perry*, 591 F.3d at 1161. The Court finds the limited discovery allowed herein is highly relevant to the right to travel claim. Communications and materials provided to Idaho legislators and legislative staff concerning H.B. 242 or H.B. 98 bear directly on the issue of whether the passage of the legislation at issue was motivated or intended to impede interstate travel. The information is therefore important to the litigation and central to the issues presented in this case.

The Court is unpersuaded by the arguments of RLI and Defendant that legislative motive, and that of individual legislators, is irrelevant to the right to travel claim and that the issues here are only ones of statutory construction. (Dkt. 72, 88, 93). While evidence

of legislative motives has bounds, particularly in First Amendment challenges, that does not mean it is irrelevant or undiscoverable in all cases or contexts. *See e.g. DoorDash, Inc. v. City of New York*, 754 F.Supp.3d 556, 567-568 (S.D. N.Y. 2024) (finding nonparties' communications with city council members relevant to challenge to the constitutionality of a city ordinance under the Equal Protection and Dormant Commerce Clause); *City of Las Vegas v. Foley*, 747 F.2d 1294 (9th Cir. 1987) (limiting the relevance of legislative motives in the context of a First Amendment challenge). For instance, a lobbyist role in the process of proposing challenged legislation and the materials they sent to legislators about that legislation were found to be relevant to determining whether the legislation was enacted with intent to discriminate. *Mi Familia Vota v. Fontes*, 129 F.4th 691, 727-28 (9th Cir. 2025) (involving challenges to state voter registration laws under federal voting statutes, a consent decree, and Equal Protection Clause). Here, the right to travel claim alleges that Idaho Code Section 18-623 unreasonably deters and burdens the right to enter and leave a state and that the intent behind the passage of the statute was to impermissibly restrict such travel. (Dkt. 1 at ¶¶ 75, 105-107). The claim therefore puts the primary objective of the statute squarely at issue. *Soto-Lopez*, 476 U.S. at 902. RLI's communications and materials provided to Idaho legislators and legislative staff about that legislation are highly relevant to that issue, as it is evidence of the primary objective for enacting the statute.

Plaintiffs have attempted to obtain the discovery through other sources and have shown that other possible means of obtaining the information are not more efficient or

ORDER - 13

less intrusive. (Dkt. 87 at 11-12, 15; Dkt. 98-104). Indeed, given the discovery request being allowed herein is limited to specific information directly relevant to this litigation that was shared with public officials about a matter of public concern, intrusion on RLI's interests, if any, is limited. *See e.g., Sol*, 2013 WL 12098752, at *2; *La Union Del Pueblo Entero*, 2022 WL 17574079, at *7 n. 10. Further, RLI contends it is a stranger to this case but, unlike other nonparties, RLI is not a stranger to the legislation at issue in this case. (Dkt. 72, 93); *Matsumoto*, 122 F.4th at 795 (noting comments made by RLI during House State Affairs Committee hearing). RLI's engagement with Idaho legislators and legislative staff concerning the challenged legislation, lessens the weight of RLI's status as a nonparty given the direct relevance of such communications and materials to the right to travel claim.

While political speech and association rights are important First Amendment interests, the Court finds RLI's interests relevant to the communications and materials made with and provided to Idaho legislators about H.B. 242 and H.B. 98 are outweighed by the importance and need for this limited discovery that is highly relevant to this case.

2. **Conclusion**

In sum, the Court will grant in part and deny in part the motion to quash the subpoena. The motion is denied as to the request to quash the subpoena entirely and the request for the limited discovery allowed herein. The motion is granted as to the subpoena's request for information that is not highly relevant. To the extent any privilege exists, the Court finds the limited discovery allowed herein is highly relevant and

**ORDER - 14**

necessary to the right to travel claim such that it outweighs any privilege, and that the Court's carefully tailored discovery request is the least restrictive means for obtaining the relevant information. *See Perry*, 591 F.3d at 1160-61; *La Union Del Pueblo Entero*, 2022 WL 17574079, at *7 n. 10; *Sol*, 2013 WL 12098752, at *2-3. Accordingly, Plaintiffs may seek the following discovery from RLI:

> Communications with Idaho legislators or legislative staff concerning H.B. 242 or H.B. 98, including any attachments, talking points, or materials actually disseminated to Idaho legislators or legislative staff concerning H.B. 242 or H.B. 98.

Only communications and materials that were actually made with and provided to Idaho legislators and legislative staff concerning H.B. 242 and H.B. 98 are discoverable. Communications or materials of RLI that are purely internal, were among or exchanged with anyone other than Idaho legislators and legislative staff, or do not concern H.B. 242 and H.B. 98, are not discoverable. If it was not communicated or provided to Idaho legislators or legislative staff about H.B. 242 or H.B. 98, it is not discoverable.

## ORDER

**THEREFORE IT IS HEREBY ORDERED** that the Motion to Quash (Dkt. 72) is **GRANTED IN PART AND DENIED IN PART** as stated herein, and the Motion for Hearing (Dkt. 102) is **DENIED**. On or before **January 23, 2026**, Right to Life Idaho, Inc. must produce discovery responsive to the following:

> Communications with Idaho legislators or legislative staff concerning H.B. 242 or H.B. 98, including any attachments, talking points, or materials actually disseminated to Idaho legislators or legislative staff concerning H.B. 242 or H.B. 98.

Alternatively, if Right to Life Idaho, Inc. has objections to the discovery request allowed herein, it must provide any objections to Plaintiffs no later than **January 9, 2026**. The parties and Right to Life Idaho, Inc. must thereafter meaningfully confer regarding the objections and attempt to resolve the same in good faith by **January 16, 2026**. If, after conferring, any objections are unresolved, Right to Life Idaho, Inc. may file an appropriate motion that must include all supporting materials on or before **January 23, 2026**.[8] Any response briefs must be filed no later than **January 30, 2026**. Any reply is due by **February 4, 2026**. The parties may jointly request to extend the dates stated herein, if necessary.

DATED: December 19, 2025

_____
Honorable Debora K. Grasham
United States Magistrate Judge

---

[8] Failure to include supporting materials with the opening motion and briefing may result in any late filed materials not being considered or other sanctions.

**ORDER - 16**